*Licensed in Maryland*
*And Louisiana*

*Licensed in Hawaii*
*(Inactive)*

## Richard B. Cook

**Attorney and Counselor at Law**
PO Box 411
Hunt Valley, MD 21030
410 683 9469

≈ *ti cu*

February 27, 2001

Mary E. D'Andrea, Clerk of Court
Office of the Clerk
United States District Court
U.S. Courthouse
228 Walnut Street, Rm 1060
PO Box 983
Harrisburg, PA 17108-0983

Re: <u>Yan Shao v. Cuccia</u>, et al, 1:00 - CV - 1901   *J /llcmbo*

Dear Ms. D'Andrea,

You will find enclosed an original and two copies of two sets of motions, seeking leave of court to file responses to the defendant's Feb. 19, 2001 Reply brief. Each motion also has appended a proposed order, a certificate of compliance / noncomplaince and a certificate of service.

You will also find enclosed the two responses.

Please NOTE:

One of the motions and the response appended to it are submitted with the request that the response be received UNDER SEAL. I ask that this motion not be filed in the normal course until the Court has considered the request that it be received under seal.

Thank you for your attention to this matter.

Sincerely,

Richard B. Cook

Cc: the *pro se* defendants



**THE UNITED STATES DISTRICT COURT**
**Middle District of Pennsylvania**
**Harrisburg, PA**

Yan SHAO                            )        No.  1:00 CV 1901
                                   )        (JUDGE Rambo)
                                   )
Plaintiff,                          )
                                   )
            v.                      )
                                   )
Edward Cuccia                       )
Charles Day                         )
John / Jane Doe                     )        CIVIL ACTION  - LAW
Law Offices of Ferro & Cuccia       )
                                   )
                                   )
Defendants.                         )

### PLAINTIFF'S MOTION THAT THE SHE BE PERMITTED TO FILE THE APPENDED RESPONSES TO THE DEFENDANTS' REPLY BRIEF

PROCEDURAL HISTORY

On Jan. 25, 2001, this Court ordered the plaintiff to show cause by Feb.

9, 2001 why the defendant's motion to set aside default judgement should not be

granted. The Court also ordered the defendants to submit a reply brief by Feb.

16, 2001.

On Feb. 7, 2001, the plaintiffs filed a brief in response to the Show

Cause Order, which was accepted by Order of the Court on Feb. 12, 2001.

On Feb. 19, 2001, the plaintiff received an untimely reply brief from the

defendants, which contained assertions to which the plaintiff desires to respond.

STATEMENT OF FACTS

In earlier motions, the plaintiff has previously submitted a statement of facts, which she incorporates at this time.

## STATEMENT OF QUESTION INVOLVED

Whether the plaintiff is permitted to file a further response to the defendants' motion to set aside default judgement

## ARGUMENT

MAY IT PLEASE THE COURT, the plaintiff herewith moves this Court to permit her to respond further to the defendants' efforts to set aside the default judgement. This motion is brought after the plaintiff received the defendants' reply brief on Feb. 19, 2001. The defendant's Reply contains little which requires a response, with the exception of an assertion that the plaintiff's counsel knows the identity of "local counsel" whom the defendants assert they themselves arranged for prior to a Nov. 4, 1999 hearing in Immigration Court in York, PA. Because the plaintiff contends this allegation is not correct, she desires to respond further to the defendants' Reply.

Respectfully submitted,

Craig T. Trebilcock
Pa.I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

Yan SHAO                                    )        No.  1:00 CV 1901
                                            )        (JUDGE Rambo)
                                            )
Plaintiff,                                  )
                                            )
            v.                              )
                                            )
Edward Cuccia                               )
Charles Day                                 )
John / Jane Doe                             )        CIVIL ACTION  - LAW
Law Offices of Ferro & Cuccia              )
                                            )
                                            )
Defendants.                                )

## ORDER

HAVING REVIEWED THE FOREGOING, IT IS HEREWITH ORDERED that the

plaintiff may file the appended Response.

Signed this _____ day of_____ 2001.

_____
Sylvia H. Rambo
United States District Court Judge

3

## LR 7.1 CERTIFICATE OF NONCONCURRENCE

Counsel for the plaintiff certifies that on Feb. 23, 2001, Mr. Cook discussed with Mr. Day whether the defendants concur or do not concur in the motion requesting a response be permitted. Mr. Day indicated that he would relay this request to Mr. Cuccia and that a response would be made by Tuesday, Feb. 27, 2001. The defendants have not given their concurrence to the filing of this motion.

Respectfully submitted,

Craig T. Trebilcock
Pa.I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

CERTIFICATE OF SERVICE

Undersigned counsel certifies that on _____ 2/27 _____, 2001, a

copy of the appended motion and response has been served on each named

defendant by First Class Mail, postage pre-paid, to the following addresses:

Edward Cuccia
C/o Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

Charles Day, Esq.
C/o Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

Law Offices of Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

C. Trabileock, Esq.

THE UNITED STATES DISTRICT COURT
**Middle District of Pennsylvania**
**Harrisburg, PA**

Yan SHAO                                        )        **No.  1:00 CV 1901**
                                                )        **(JUDGE Rambo)**
                                                )
**Plaintiff,**                                  )
                                                )
           **v.**                               )
                                                )
**Edward Cuccia**                               )
**Charles Day**                                 )
**John / Jane Doe**                             )        **CIVIL ACTION  - LAW**
**Law Offices of Ferro & Cuccia**               )
                                                )
                                                )
**Defendants.**_____            )


### PLAINTIFF'S RESPONSE TO THE DEFENDANTS' REPLY BRIEF

INTRODUCTION

        MAY IT PLEASE THE COURT, the plaintiff herewith responds to the

defendants' Reply, which lacks a certificate of service but which was received on

Feb. 19, 2001.

The Defendants persist in their improper behavior.

        The defendants persist in refusing to file an answer to the plaintiff's

complaint. They fail to cite any authority for their ongoing refusal to appear and

defend. They concede (Reply at page 4) to the payment of the plaintiffs' costs

associated with service of the Summons without acknowledging their "duty" to

save such costs. F.R.C.P. 4(d) They apparently concede (*Id.* at 6) payment of all

of the plaintiff's "fees and costs" to date as an "adequate remedy" for their failure

to answer and defend - while still refusing to submit an answer to the plaintiff's Complaint.

The defendants ask the Court to proceed under F.R.C.P. 55(c ). However, this Rule relates to the entry of a default and not to a default judgement.

The defendants fail to answer any of the specific and detailed statements of fact, which the plaintiff placed before the Court in her Feb. 7, 2001 brief. They ignore all of the plaintiff's exhibits but refer to her assertions as "half statements" (Reply at page 5). Ignoring LR 7.3 (see *infra*) they offer no affidavits, no declarations, no documents, in answer to the plaintiff's documented contention that the judgement of default be entered at this time.

<u>The defendants falsely assert counsel for the plaintiff has withheld information from this Court.</u>

In their Reply, the defendants assert  (Reply at pages 3, 6) that counsel for the plaintiff knows who is the "local counsel" allegedly secured by the defendants to represent Ms. Shao in Immigration Court in York, PA on Nov. 4, 1999. Local Rule 7.3 requires a movant, who alleges facts in support of a motion to file "pertinent affidavits, transcripts of depositions, and other documents" either when the allegations are made or "within 10 days." Although this allegation was made not in a motion but rather in a Reply, the plaintiff suggests the defendants are required to comply with L.R. 7.3.

The defendants' assertions that Ms. Shao's present counsel know who is and have corresponded with the Nov. 4, 1999 York, PA, "local counsel" are untrue. As specified in a separate response, plaintiff's counsel answers with

specificity this allegation. The plaintiff asks this Court to note that the separately submitted response is accompanied by a motion requesting the separate response be received and sealed by the Court.

CONCLUSION

The plaintiff renews her prayer to this Court that judgement by default be entered at this time. The defendants continue to ignore the summons of this court. As argued in her Feb. 7, 2001 brief, the Poulis factors weigh heavily in the plaintiff's favor. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 853, 868 (3d Cir. 1984). Nothing proposed by the defendants in their Reply disturbs any part of the plaintiff's Poulis analysis. Therefore, the plaintiff renews her request that this Court make specific findings, deny the defendants' motion and reschedule a hearing on damages.

Respectfully submitted,

Craig T. Trebilcock
Pa. I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

3

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that on _____2/27_____, 2001, a copy of the appended motion and response has been served on each named

defendant by First Class Mail, postage pre-paid, to the following addresses:

Edward Cuccia
C/o Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

Charles Day, Esq.
C/o Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

Law Offices of Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

Craig T. Trebilcock, Esq.

THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

Yan SHAO                                    )        No. 1:00 CV 1901
                                            )        (JUDGE Rambo)
                                            )
Plaintiff,                                  )
                                            )
            v.                              )
                                            )
Edward Cuccia                               )
Charles Day                                 )
John / Jane Doe                             )        CIVIL ACTION  - LAW
Law Offices of Ferro & Cuccia              )
                                            )
                                            )
Defendants.                                 )

PLAINTIFF'S MOTION THAT THE APPENDED RESPONSE BE RECEIVED
UNDER THE SEAL OF THIS COURT

MAY IT PLEASE THE COURT, counsel for the plaintiffs request the

appended response be received under seal by this Court. They incorporate

herein the Procedural History and Statement of Facts which have been set forth

in a related motion seeking leave to file a response, also filed this date.

STATEMENT OF QUESTION INVOLVED

Whether counsel for the plaintiff is permitted to make answer under seal to an
allegation that information has been withheld from this Court, when the answer
requires the plaintiff to reveal some details of an unresolved, confidential
complaint of attorney misconduct.

ARGUMENT

The answers made in the appended response are based upon information obtained by counsel for Ms. Shao after a complaint of attorney misconduct was filed on her behalf with the Supreme Court Appellate Division, First Judicial Department, Departmental Judicial Committee, 61 Broadway, New York, NY 10006.

Paragraph 10 of the Judiciary Laws of the State of New York reads in its entirety, as follows (emphasis added):

New York Consolidated Laws
§ 90 Jud. Admission to and removal from practice by appellate division; character committees.

> 10. Any statute or rule to the contrary notwithstanding, **all papers, records and documents** upon the application or examination of any person for admission as an attorney and counsellor at law and **upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential.** However, upon good cause being shown, the justices of the appellate division having jurisdiction are empowered, in their discretion, by written order, to permit to be divulged all or any part of such papers, records and documents. In the discretion of the presiding or acting presiding justice of said appellate division, such order may be made either without notice to the persons or attorneys to be affected thereby or upon such notice to them as he may direct. In furtherance of the purpose of this subdivision, said justices are also empowered, in their discretion, from time to time to make such rules as they may deem necessary. Without regard to the foregoing, in the event that charges are sustained by the justices of the appellate division having jurisdiction in any complaint, investigation or proceeding relating to the conduct or discipline of any attorney, the records and documents in relation thereto shall be deemed public records.

WHEREFORE, the plaintiff, through her counsel respectfully moves this Court to accept under seal the appended response.

Respectfully submitted,

Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

3

## THE UNITED STATES DISTRICT COURT
### Middle District of Pennsylvania
### Harrisburg, PA

| | | |
|---|---|---|
| Yan SHAO | ) | No.  1:00 CV 1901 |
| | ) | (JUDGE Rambo) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Edward Cuccia | ) | |
| Charles Day | ) | |
| John / Jane Doe | ) | CIVIL ACTION  - LAW |
| Law Offices of Ferro & Cuccia | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

HAVING REVIEWED THE FOREGOING, IT IS HEREWITH ORDERED that the

plaintiff may file the appended response and that the response be sealed by this Court.

Signed this  _____ day of_____  _____ 2001.


_____

Sylvia H. Rambo
United States District Court Judge

## LR 7.1 CERTIFICATE OF NONCONCURRENCE

Counsel for the plaintiff certifies that on Feb. 23, 2001, Mr. Cook discussed with Mr. Day whether the defendants concur or do not concur in the motion requesting a response be received under seal. Mr. Day indicated that he would relay this request to Mr. Cuccia and that a response would be made by Tuesday, Feb. 27, 2001. The defendants have not given their concurrence in the filing of this motion.

Respectfully submitted,

Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that on _____2 / 27 / _____, 2001, a

copy of the appended motion has been served on each named defendant by

First Class Mail, postage pre-paid, to the following addresses:

Edward Cuccia
C/o Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

Charles Day, Esq.
C/o Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

Law Offices of Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

Craig T. Trebilcock, Esq

THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

Yan SHAO                              )        No.  1:00 CV 1901
                                      )        (JUDGE Rambo)
                                      )
Plaintiff,                            )
                                      )
            v.                        )
                                      )
Edward Cuccia                         )
Charles Day                           )
John / Jane Doe                       )        CIVIL ACTION  - LAW
Law Offices of Ferro & Cuccia        )
                                      )
                                      )
Defendants.                           )

**PLAINTIFF'S RESPONSE TO THE DEFENDANTS' REPLY BRIEF, WHICH
THE PLAINTIFF, IN AN APPENDED MOTION, ASKS BE ACCEPTED UNDER
THE SEAL OF THIS COURT**

INTRODUCTION

     MAY IT PLEASE THE COURT, the plaintiff herewith responds to the

assertion that one of her counsel has concealed facts from this Court.

The defendants' assertions are untrue.

     Twice in their Feb. 19, 2001 Reply (pages 3, 6), the defendants assert

that counsel for the plaintiff knows who is the lawyer allegedly secured by the

defendants to represent Ms. Shao on Nov. 4, 1999, as her "local counsel." The

defendants' assertions are untrue.

     On March 25, 2000, undersigned counsel for Ms. Shao filed a complaint of

misconduct with the Supreme Court Appellate Division, First Judicial Department,

Departmental Judicial Committee, 61 Broadway, New York, NY 10006. The

respondents in this matter were, and are, Edward Cuccia, Charles Day and the

law firm of Ferro and Cuccia. The respondents made answer to the complaint of

misconduct, a copy of which was sent to Ms. Shao's counsel by the Judicial

Committee. In a footnote in their answer, there appears this statement:

> "Counsel Ferro & Cuccia requested to appear at the November 4th
> Merits Hearing is Mr. Richard London, Esq. Mr. London does per
> diem work for Ferro & Cuccia and is authorized to appear before
> the Immigration Court in York, PA."

The respondents failed to provide an address or telephone number or

any additional information about Mr. Richard London to the disciplinary

committee. Nor did they state whether Mr. London actually agreed to take on the

representation.

Counsel for Ms. Shao attempted to locate an attorney named Richard

London. No person by that name is enrolled as a lawyer in the Commonwealth of

Pennsylvania. However, one 'Richard London' who is licensed to practice law in

New York State responded to an inquiry from Ms. Shao's counsel, as follows:

(appended exhibit 2),

> "Due to a conflicting matter, I was unable to cover an appearance
> on behalf of Fero [sic] and Cuccia on November 4, 1999."

It is not clear from this statement when Mr. London was asked to

represent Ms. Shao. It could have been as late as Nov. 3, 1999, the day before

her merits hearing in Immigration Court, inasmuch as the defendants state in

their motion that, after "local counsel" allegedly abandoned the case, they tried

unsuccessfully to make alternative arrangements. (Please see their motion,

appended as exhibit 8.) Because he is not licensed in Pennsylvania and lives in

2

Great Neck, New York, Richard London cannot be considered "local counsel" in a matter adjudicated in York, PA.

Despite the constraints of confidentiality imposed upon a complainant under the laws of New York (see *infra*) counsel for Ms. Shao attempted to find out what role, if any, Mr. London had with regard to Ms. Shao's petition for asylum in 1999. Letters[1] were sent to Mr. London but he has declined to provide any further information.

Mr. London had come to the notice of the plaintiff by way of information provided to her after a complaint of professional misconduct had been filed against other parties. Therefore, in communications with Mr. London, counsel for Ms. Shao has been constrained by the confidentiality of the complaint process from providing information to him or obtaining information from him. Paragraph 10 of New York Consolidated Laws, § 90 Jud. Admission to and removal from practice by appellate division; character committees, reads in pertinent part:

> 10. Any statute or rule to the contrary notwithstanding, all papers, records and documents upon the application or examination of any person for admission as an attorney and counsellor at law and upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential.

CONCLUSION

Mr. Richard London, Esq. resides in New York State, where he is licensed to practice law. He cannot be considered "local counsel" in a matter in

---

[1]  All of the correspondence between counsel for Ms. Shao and Mr. London is appended below.

Immigration Court in York, PA. Furthermore, he has stated that he was not able to appear on Nov. 4, 1999 in York, PA.

If in fact Mr. London is a New York attorney, who "canceled without warning or explanation on Nov. 3, 1999 through his paralegal" (appended exhibit 8), the defendants have had good reason and ample opportunity to identify him to this Court in a straightforward manner. They have not done so.

The defendants have implied to this Court that counsel for Ms. Shao has concealed information about the identity of an alleged "local counsel" they themselves could readily identify. The truth is her counsel has attempted without success to identify this chimeral "local counsel."

In an absence of candor about their knowledge of this matter, the defendants have declined to identify this "local counsel" to this Court, just as they refused to do so before the immigration judge and to their former client, Ms. Shao. They prefer, rather, to imply some sort of improper motive to Ms. Shao's own counsel's fruitless efforts to learn the identity of this person, if he exists at all. This conduct is one further reason, among many, why a judgement of default is appropriate at this time.

                                          Respectfully submitted,


Craig T. Trebilcock                       Richard B. Cook
Pa I.D. No. 48344                         Louisiana #21248
Associate Counsel for the Plaintiff       Counsel for the Plaintiff
100 East Market                           17 Jonathan's Court
PO Box 15012                              PO Box 411
York, PA 17405-7012                       Hunt Valley, MD
717 846-8888                              410 683 9469

                         4



*Licensed in Maryland*
*And Louisiana*

*Licensed in Hawaii*
*(inactive)*

## Richard B. Cook
**Attorney and Counselor at Law**
PO Box 411
Hunt Valley, MD 21030
410 683 9469

via Certified Mail
Z 172 693 357

Richard D. London, Esq.
16 Dorset Rd
Great Neck, NY 11020
513 773 1347

June 27, 2000

Dear Mr. London,

I represent a client who has a matter before the Board of Immigration Appeals and in Federal Court (Third Circuit).

I write to inquire whether you were asked to represent her in Immigration Court in York, PA on November 4, 1999, by her counsel of record, Charles Day and or Edward J. Cuccia, or by any other party or person.

I look forward to your written reply.

I remain,

Very truly yours,

ORIGINAL SIGNED
Richard B. Cook





**Richard D. London**
**Attorney at Law**

July 19, 2000

Mr. Richard B. Cook, Esq.
P.O. Box 411
Hunt Valley, MD 21030

re:    Certified Mail Z 172 693 357

Dear Mr. Cook:

I am writing in response to your letter dated June 27, 2000; Mr. Charles Day has often asked me to cover appearances and perform other work for Ferro & Cuccia on a per diem basis and he and his firm remain the attorney(s) of record for all matters that I have covered.  Due to a conflicting matter, I was unable to cover an appearance on behalf of Fero & Cuccia on November 4, 1999.

Respectfully,

16 Dorset Road
Great Neck, NY 11020-1736
(516) 773-1347



**Licensed in Maryland**
**And Louisiana**

**Licensed in Hawaii**
**(inactive)**

## Richard B. Cook

**Attorney and Counselor at Law**
**PO Box 411**
**Hunt Valley, MD 21030**
**410 683 9469**

via Certified Mail
Z 399 334 174

Richard D. London, Esq.
16 Dorset Rd
Great Neck, NY 11020-1736
516 773 1347

July 26, 2000

Dear Mr. London,

I write in response to your letter of July 19, 2000, which I received on July 26, 2000.

I put to you a question in my letter of June 27, 2000. Unfortunately, your answer is somewhat ambiguous to me. On June 27, 2000, I wrote as follows:

" I represent a client who has a matter before the Board of Immigration Appeals and in Federal Court (Third Circuit).

"I write to inquire whether you were asked to represent her in Immigration Court in York, PA on November 4, 1999, by her counsel of record, Charles Day and or Edward J. Cuccia, or by any other party or person."

You responded on July 19, 2000 that "due to a conflicting matter" you "were unable to cover an appearance on behalf of Ferro & Cuccia on November 4, 1999."

Ferro and Cuccia, by means of a motion submitted to the Immigration Judge on the day of the hearing, moved to continue the hearing. In their motion to the Court, Ferro and Cuccia stated that Ferro and Cuccia had associated themselves with counsel "who was to conduct the Merits Hearing." The motion goes on to state that this other lawyer "canceled without warning or explanation on Nov. 3, 1999 through his paralegal."

In your July 19, 2000 response to my letter you did not indicate any details that might assist my client in knowing if you were asked by Ferro and Cuccia to be her lawyer on Nov. 4th. I believe my client is entitled to know who her lawyer was on Nov. 4, 1999 - especially since her lawyer did not meet with her and did not appear in court with her on Nov. 4, 2000.

Therefore, permit me to inquire specifically:

1.  were you asked by Charles Day or Edward Cuccia or by any other person associated with the law firm of Ferro & Cuccia to represent a petitioner / applicant at a merits hearing before the EOIR Immigration Court in York, PA on Nov. 4, 1999?

If the answer to question 1 is affirmative,

2.  who asked you to do this?

3.  when were you asked to do this?

4.  did you make plans to go to York, PA, on Nov. 4?

5.  did you submit a Notice of Representation to the Court?

6.  did you make plans to meet with the client prior to the Nov. 4, 1999 hearing?

7.  when did you discover a "conflicting matter" that kept you from attending a court appearance in York, PA on Nov. 4, 1999?

8.  what was the "conflicting matter" that kept you from court in York, PA on Nov. 4, 1999?

9.  did you advise Ferro & Cuccia on Nov. 3, 1999 through your paralegal that you could not be in Immigration Court in York, PA on Nov. 4, 1999?

Please provide me with the name, address and phone number of any paralegal who, on your behalf, may have communicated with Ferro & Cuccia on Nov. 3, 1999.

If my inquiry seems presumptive to you, please accept my apologies. I ask you to recognize that I have a client whose interests I am trying to protect.

I look forward to your written reply.

I remain,

Very truly yours,

ORIGINAL SIGNED

Richard B. Cook

(4)

*Licensed in Maryland*
*And Louisiana*

*Licensed in Hawaii*
*(inactive)*

## Richard B. Cook

**Attorney and Counselor at Law**
PO Box 411
Hunt Valley, MD 21030
410 683 9469

via Certified Mail
Z  399 334 176

Richard D. London, Esq.
16 Dorset Rd
Great Neck, NY 11020-1736
516 773 1347

August 7, 2000

Dear Mr. London,

I wrote to you on July 26, 2000 via Certified Mail. I regret that I have not yet received a response and ask that you answer this letter <u>within 7 days</u>. This is my third request to you, seeking information concerning a former client of yours. I believe she is entitled to all the information I am seeking and I believe three letters to you on this subject is an excessive, needless and costly expenditure of time and effort. A former client is entitled to her complete file, on request.

A lawyer, Charles Day, has stated in a motion in an administrative proceeding that another lawyer had been secured to represent a client of his on Nov. 4, 1999 in Immigration Court in York, PA. Mr. Day stated that this other lawyer "**canceled without warning or explanation on Nov. 3, 1999 through his paralegal**" (emphasis added). Mr. Day did not identify this lawyer in his motion and has declined to identify this lawyer to me despite a formal request made to him on behalf of his former client.

I have reason to believe that the lawyer about whom Mr. Day referred in his motion to the court is yourself. Therefore, I request on behalf of your former client (my present client) that you promptly forward to me responses to the questions I put to you in my letter of July 27, 1999. I also ask that you state:

(1) the exact terms of your representation of your former client, including
(2) any compensation paid to you,
(3) time sheets (if any), a written agreement  (if any), any writings of any kind whatsoever (phone records, notes, letters) which relate to this representation, and
(4) when you first began this representation, and
(5) what you did on behalf of your former client, and
(6) when this representation concluded.

Very truly yours,

ORIGINAL SIGNED

Richard B. Cook





### Richard B. London
#### Attorney at Law

August 10, 2000

Mr. Richard B. Cook, Esq.
P.O. Box 411
Hunt Valley, MD 21030


re:     Certified Mail Z 399 334 176

Dear Mr. Cook:

Firstly, I never received a letter via Certified Mail dated July 26, 2000; if you have a receipt, let me know who signed for it. The tone of your letter asking me to reply "within 7 days" is unappreciated; I have responded to your ONE letter in a timely fashion.

Secondly, your letter states, "information concerning a former client of [mine]". Who is this client? Did she name me as her attorney in any capacity? I agree letters to me on this subject is excessive, needless and costly, especially to me because she is your client, not mine; I am not being compensated, are you? And I agree with you, she is entitled to her complete file on request; I do not posses any files in connection with any per diem work I have done for Ferro & Cuccia or Charles Day- request files from them not me.

Thirdly, in your letter you state that you have reason to believe that the lawyer about whom Mr. Day referred to in his motion is me. I would like to know on what you base your belief and if there is no substantial basis, stop wasting my time; I DO NOT APPRECIATE BEING ACCUSED OF NOT MEETING MY OBLIGATIONS.


Respectfully,


16 Dorset Road
Great Neck, NY 11020-1736
(516) 773-1347



*Licensed in Maryland*
*And Louisiana*

*Licensed in Hawaii*
*(inactive)*

## Richard B. Cook

**Attorney and Counselor at Law**
**PO Box 411**
**Hunt Valley, MD 21030**
**410 683 9469**

via Certified Mail
7000 0600 0027 9113 3106

Richard D. London, Esq.
16 Dorset Rd
Great Neck, NY 11020-1736
516 773 1347

August 16, 2000

Dear Mr. London,

I have received your letter dated August 10, 2000. Apparently, you did not receive my letter of July 26, 2000. Enclosed is a copy of that letter. Although I have a receipt that it was mailed on that date, I do not have a signed Return Receipt. I will check with the Post Office to find out what happened to the letter. It has not been returned to me. In the meantime, I am forwarding you the enclosed copy.

The issue I am trying to resolve is whether you were asked to represent an alien in immigration court in York, PA on Nov. 4, 1999 by Ferro and Cuccia or by either Mr. Cuccia or by Mr. Day of that law firm. If you never were asked to undertake this representation, <u>then please let me know this in writing and this matter as to you is ended</u>. On the other hand, if you were asked to undertake such representation, then other questions arise: When was the request made? How did you respond to the request? (Please see the enclosed copy of the July 27 letter for details of this inquiry.)

The issue I am pursing is one of ineffectiveness of counsel before an Immigration Judge. As I wrote to you on August 7, "Richard London, Esq." has been identified, in a writing, which states that "Richard London, Esq." was asked to represent an alien in the above referenced hearing on Nov. 4, 1999. In a motion to the Court, Mr. Day stated that this lawyer **"canceled without warning or explanation on Nov. 3, 1999 through his paralegal"** (emphasis added).

There may be other lawyers named "Richard London." I have not located any. There may be another "Richard London" who works with Ferro & Cuccia. I do not know of one. It may be that you never were asked by Ferro and Cuccia to represent a client of theirs in York, PA at a Nov. 4, 1999 hearing. I request that you let me know if this request was made to you and how you responded to it.

Very truly yours,

**ORIGINAL SIGNED**

Richard B. Cook



**UNITED STATES POSTAL SERVICE**



HOUSEHOLD BUSINESS

# TRACK/CONFIR

## delivery status

**You entered** Z399334174

There is no record of that mail item. If it was mailed recently, it may not yet be tracked. Please try again later.

Enter the number from your shipping receipt into the field below.

Item Number: [_____] Go

You can track delivery of **Express Mail** and Priority **Mail Global Guaranteed** and confirm delivery for domestic **Priority Mail** and **Parcel Post**.



Fly Like an Eagle.™

Copyright © 1999 United States Postal Service

Z 399 334 174

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

| | |
|---|---|
| Sent to R LONDON | |
| Street & Number 16 DORSET RD | |
| Post Office, State, & ZIP Code WELLING | |
| Postage | $ .33 |
| Certified Fee | |
| Special Delivery Fee | 1.15 |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| **TOTAL** Postage & Fees | $ 2.98 |
| Postmark or Date | |

PS Form **3800**, April 1995

**Request for Delivery Information/Return Receipt After Mailing**

**INSTRUCTIONS FOR USE:**

**Accepting Office**

1. *Internal Use Only.*   Help the customer complete Section 2 of this form and carefully compare it to the customer's receipt. Complete the shaded portions in Section 1.

2. Collect fees if required.

3. Select <u>ONE</u> of the following three options:

   A. ___ If the item was mailed to an office <u>not</u> participating in the new signature capture process (refer to POM Section 619), regardless of the date of mailing, send this entire form, with Sections 1 and 2 completed, to the delivery office.

   B. ✓ If the item was mailed <u>before</u> the start of the new signature capture process, send this entire form, with Sections 1 and 2 completed, to the delivery office.

   C. __ If the item was mailed <u>after</u> the start of the new signature capture process, choose one of the following two options:

   ❏ If the office has Intranet access, use Intranet to generate the request, then discard the form.

   ❏ If the office does not have Intranet access, send this entire form, with Sections 1 and 2 completed, to a designated inquiry location.

**Delivery Office - Use Only for Manually Filed Delivery Record Inquiries (3A or 3B checked above)**

1. If the fee is not attached or the form is not postmarked to show that the fee was paid at the time of the mailing, return this form to the accepting office.

2. Complete the shaded items in Section 3 below. Enter the delivery information or indicate the reason for no information.

3. After completion, detach and insert the bottom portion of this document in an envelope addressed to the requestor and deposit it in the mailstream. Discard the remaining portion.

**Section 1**

Accepting Office Postmark if Return Receipt fee is paid at time of mailing.

JAN 2 4 2001

❏ Return Receipt fee WAS paid at time of mailing. (Customer has provided receipt. Postmark where indicated at left.)

❏ Return Receipt fee WAS NOT paid at time of mailing. (Attach fee below.)

*Attach fee here if applicable*

Accepting Office City/State/ZIP Code: *Cockeysville, MD 21030*

**Delivery Office/Manual Inquiries:** Detach at dotted line and return bottom portion to customer when inquiry is resolved - discard remainder of form.

**Electronic Inquiries:** Generate request from Intranet and discard the entire form.

**Section 2**

**A. TYPE OF SERVICE**

- ☑ Certified
- ❏ COD
- ❏ Express Mail
- ❏ Numbered Insured
- ❏ Registered
- ❏ Return Receipt for Merchandise

**B. ARTICLE ADDRESSED TO**

Addressee Name
*Richard London*

Addressee Address
*16 Dorset Rd*
(No., Street, Apt./Ste. No.)

*Great Neck, NY 11020-1736*
(City, State, ZIP Code)

**C. ARTICLE INFORMATION**

Article Number
*Z 399 334 174*

Mailing Date (mm/dd/yy)
*07-27-00*

**D. REQUESTOR**

Requestor Name
*Richard B Cook*

Requestor Address
*PO Box 411*
(No., Street, Apt./Ste. No.)

*Hunt Valley MD 21030*
(City, State, ZIP Code)

FAX Number (Complete ONLY if an electronic inquiry - include area code)

**Section 3**

**For Delivery Office Use Only**
Postal records show no delivery information located.

Delivered to the following individual (Signature or Name/Authorization)

Delivery Date

Delivery Address (if different from address in Section 2B)

Delivery Office Postmark





### Richard D. London
#### Attorney at Law

August 25, 2000

Mr. Richard B. Cook, Esq.
P.O. Box 411
Hunt Valley, MD 21030

re:    Certified Mail 7000 0600 0027 9113 3106

Dear Mr. Cook:

As you stated and I agreed, letters to me on this subject is "an excessive, needless and costly expenditure", especially when you accused me of not responding to a letter which you now know I never received. In my last response to you I wanted to know the name of "my former client" and on what you base your belief that the lawyer about whom Mr. Day referred to in his motion is me. You expect me to answer your questions "within 7 days", what about responding to mine? My patience is used up and I am insulted and have been since your prior correspondence.

The answers to the page full of questions (in my opinion, another example of "excessive and costly") can be obtained from Charles Day and/or Ferro & Cuccia.

Have a nice day,

16 Dorset Road
Great Neck, NY 11020-1736
(516) 773-1347



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

RECEIVED
DEPT. OF JUSTICE

1999 NOV -4  A 9: 41

In the Matter of

SHAO, Yan                                              A-77-121-712

## MOTION FOR CONTINUANCE

Movent, SHAO, Yan, A-77-121-712 and through counsel, Charles Day, Esq.,
respectfully requests a continuance in this case and for reasons therefore states as follows;

**First:**        Movent's Merits Hearing is scheduled for November 4, 1999, at 9:00
before the Honorable Judge Van Wyke.

**Second:**     Movent retained Ferro &  Cuccia  to represent him in this case.

**Third:**       Movant's attorneys previously had conducted the Master Hearings
telephonically.

**Fourth:**      Movant's attorney had found and associated themselves with local counsel
who was to conduct the Merits Hearing.   Unfortunately, local counsel canceled without
warning or explanation on November 3, 1999 through his paralegal.

**Fifth:**        Movant's attorney has not had adequate time to find alternative local
counsel and is unable to reschedule appearances locally in order to travel to Pennsylvania
to conduct the Merits Hearing personally.

WHEREFORE, the Movent respectfully requests a continuance in this case from
November 4, 1999, at 9:00 a.m.,  to another date.

Charles Day, Esq.
FERRO & CUCCIA
325 Broadway  Suite 505
New York, New York 10007
(212) 964-4767

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that on _____ 2/27 _____, 2001, a

copy of the appended motion has been served on each named defendant by

First Class Mail, postage pre-paid, to the following addresses:

Edward Cuccia
C/o Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

Charles Day, Esq.
C/o Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

Law Offices of Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

Craig Ti Trebilcock, Esq.