

3-7-01
mA

THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

| | | |
|---|---|---|
| Yan SHAO | ) | No. 1:00 CV 1901 |
| | ) | (JUDGE Rambo) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Edward Cuccia | ) | |
| Charles Day | ) | |
| John / Jane Doe | ) | CIVIL ACTION - LAW |
| Law Offices of Ferro & Cuccia | ) | |
| | ) | |
| Defendants. | ) | |

FILED
HARRISBURG, PA
MAR 07 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**PLAINTIFF'S RESPONSE TO THE DEFENDANTS' REPLY BRIEF**

INTRODUCTION

MAY IT PLEASE THE COURT, the plaintiff herewith responds to the defendants' Reply, which lacks a certificate of service but which was received on Feb. 19, 2001.

<u>The Defendants persist in their improper behavior.</u>

The defendants persist in refusing to file an answer to the plaintiff's complaint. They fail to cite any authority for their ongoing refusal to appear and defend. They concede (Reply at page 4) to the payment of the plaintiffs' costs associated with service of the Summons without acknowledging their "duty" to save such costs. F.R.C.P. 4(d) They apparently concede (*Id.* at 6) payment of all of the plaintiff's "fees and costs" to date as an "adequate remedy" for their failure

1

to answer and defend - while still refusing to submit an answer to the plaintiff's Complaint.

The defendants ask the Court to proceed under F.R.C.P. 55(c). However, this Rule relates to the entry of a default and not to a default judgement.

The defendants fail to answer any of the specific and detailed statements of fact, which the plaintiff placed before the Court in her Feb. 7, 2001 brief. They ignore all of the plaintiff's exhibits but refer to her assertions as "half statements" (Reply at page 5). Ignoring LR 7.3 (see *infra*) they offer no affidavits, no declarations, no documents, in answer to the plaintiff's documented contention that the judgement of default be entered at this time.

<u>The defendants falsely assert counsel for the plaintiff has withheld information from this Court.</u>

In their Reply, the defendants assert (Reply at pages 3, 6) that counsel for the plaintiff knows who is the "local counsel" allegedly secured by the defendants to represent Ms. Shao in Immigration Court in York, PA on Nov. 4, 1999. Local Rule 7.3 requires a movant, who alleges facts in support of a motion to file "pertinent affidavits, transcripts of depositions, and other documents" either when the allegations are made or "within 10 days." Although this allegation was made not in a motion but rather in a Reply, the plaintiff suggests the defendants are required to comply with L.R. 7.3.

The defendants' assertions that Ms. Shao's present counsel know who is and have corresponded with the Nov. 4, 1999 York, PA, "local counsel" are untrue. As specified in a separate response, plaintiff's counsel answers with

2

specificity this allegation. The plaintiff asks this Court to note that the separately submitted response is accompanied by a motion requesting the separate response be received and sealed by the Court.

CONCLUSION

The plaintiff renews her prayer to this Court that judgement by default be entered at this time. The defendants continue to ignore the summons of this court. As argued in her Feb. 7, 2001 brief, the <u>Poulis</u> factors weigh heavily in the plaintiff's favor. See <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 853, 868 (3d Cir. 1984). Nothing proposed by the defendants in their Reply disturbs any part of the plaintiff's <u>Poulis</u> analysis. Therefore, the plaintiff renews her request that this Court make specific findings, deny the defendants' motion and reschedule a hearing on damages.

Respectfully submitted,

_____
Craig T. Trebilcock
Pa. I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

_____
Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

3

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that on _____2/27_____, 2001, a copy of the appended motion *(response)* and response has been served on each named defendant by First Class Mail, postage pre-paid, to the following addresses:

Edward Cuccia
C/o Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

Charles Day, Esq.
C/o Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

Law Offices of Ferro & Cuccia
325 Broadway, Suite 505
New York, NY 10007

_____
Craig T. Trebilcock, Esq.

THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

| | |
|---|---|
| Yan SHAO | No. 1:00 CV 1901 |
| | (JUDGE Rambo) |
| Plaintiff, | |
| v. | |
| Edward Cuccia | |
| Charles Day | |
| John / Jane Doe | CIVIL ACTION - LAW |
| Law Offices of Ferro & Cuccia | |
| **Defendants.** | |

PLAINTIFF'S MOTION THAT THE APPENDED RESPONSE BE RECEIVED
UNDER THE SEAL OF THIS COURT

MAY IT PLEASE THE COURT, counsel for the plaintiffs request the appended response be received under seal by this Court. They incorporate herein the Procedural History and Statement of Facts which have been set forth in a related motion seeking leave to file a response, also filed this date.

STATEMENT OF QUESTION INVOLVED

Whether counsel for the plaintiff is permitted to make answer under seal to an allegation that information has been withheld from this Court, when the answer requires the plaintiff to reveal some details of an unresolved, confidential complaint of attorney misconduct.

ARGUMENT

The answers made in the appended response are based upon information obtained by counsel for Ms. Shao after a complaint of attorney misconduct was filed on her behalf with the Supreme Court Appellate Division, First Judicial Department, Departmental Judicial Committee, 61 Broadway, New York, NY 10006.

Paragraph 10 of the Judiciary Laws of the State of New York reads in its entirety, as follows (emphasis added):

New York Consolidated Laws
§ 90 Jud. Admission to and removal from practice by appellate division; character committees.

> 10. Any statute or rule to the contrary notwithstanding, **all papers, records and documents** upon the application or examination of any person for admission as an attorney and counsellor at law and **upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential.** However, upon good cause being shown, the justices of the appellate division having jurisdiction are empowered, in their discretion, by written order, to permit to be divulged all or any part of such papers, records and documents. In the discretion of the presiding or acting presiding justice of said appellate division, such order may be made either without notice to the persons or attorneys to be affected thereby or upon such notice to them as he may direct. In furtherance of the purpose of this subdivision, said justices are also empowered, in their discretion, from time to time to make such rules as they may deem necessary. Without regard to the foregoing, in the event that charges are sustained by the justices of the appellate division having jurisdiction in any complaint, investigation or proceeding relating to the conduct or discipline of any attorney, the records and documents in relation thereto shall be deemed public records.

WHEREFORE, the plaintiff, through her counsel respectfully moves this Court to accept under seal the appended response.

2

Respectfully submitted,

_____
Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

_____
Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

3