36
4-9-01
sc

2 to 9

# ORIGINAL

THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

| | |
|---|---|
| Yan SHAO<br><br>Plaintiff,<br><br>v.<br><br>Edward Cuccia<br>Charles Day<br>John / Jane Doe<br>Law Offices of Ferro & Cuccia<br><br>**Defendants.** | No. 1:00 CV-1901<br>(JUDGE Rambo)<br><br><br>FILED<br>APR 0 6 2001<br>PER _____<br>HARRISBURG, PA   DEPUTY CLERK<br><br>CIVIL ACTION - LAW |

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION THAT PARAGRAPH 8
OF THE DEFENDANTS' ANSWER BE DEEMED AN ADMISSION

INTRODUCTION

On March 27, 2001, the undersigned plaintiff's counsel Mr. Cook received[1]

a copy of a pleading from the defendants Mr. Cuccia and Mr. Day entitled

"Answer."[2] The Answer contains the following statement (Answer, paragraph 8):

'Paragraphs 12 through 23 are statements of fact to which no response is

required."

---

[1] The pleading was not accompanied by a Certificate of Service. It appears co-counsel Mr. Trebilcock was not served a copy of the pleading.
[2] The pleading in question also moves the Court to dismiss the Complaint. The motion "does not state with particularity the grounds" for a dismissal, as required by Fed. R. Civ. P. 7(b)(1). For purposes of the present motion, the plaintiff is treating the defendants' March 27, 2001 pleading as an Answer rather than a motion.

1

The plaintiff respectfully suggests this answer to paragraphs 12 through 23 of the complaint does not satisfy the requirement of Rule 8 of the Federal Rules of Civil Procedure and should be deemed an admission to the allegations contained in paragraphs 12 through 23 of the complaint.

PROCEDURAL HISTORY OF THE CASE

On October 27, 2000, each defendant named in the Complaint was sent a copy of the Complaint and a Notice of Lawsuit and Request for Waiver of Service of Summons.

Not receiving a Waiver of Service of Summons, the plaintiff, through counsel, promptly proceeded to effect personal service upon the named defendants, pursuant to Rule 4(e)(2)(a) of the Federal Rules of Civil Procedure.

On December 1, 2000, personal service was made upon each of the named defendants, Mr. Charles Day, Mr. Edward Cuccia and the law firm, Ferro and Cuccia.

No answer having been made within 20 days of personal service of the complaint and summons, the plaintiff moved the clerk entry of a default, which was granted on Jan. 8, 2001. The Court entered a judgement of default on Jan. 11, 2001.

On March 12, 2001, this Court granted the defendants' motion to set aside both the entry of default and the default judgement and Ordered the defendants to answer the complaint by March 23, 2001.

On March 22, 2001, responding to a handwritten document from the defendant Mr. Day, which was not served upon opposing counsel, this Court

2

extended until March 27, 2001 the time for the defendants to file an answer. On March 27, 2001, the defendants answered the complaint. The defendants' answer is the subject of the present motion.

STATEMENT OF FACTS

The Answer contains the following statement (Answer, paragraph 8):

"Paragraphs 12 through 23 are statements of fact to which no response is required."

STATEMENT OF QUESTIONS INVOLVED

1. whether the defendants' answer conforms to the mandates of Fed. R. Civ. P. Rule 8;

2. whether the defendants' answer may be deemed an admission to the factual allegations contained in paragraphs 12 through 23 of the plaintiff's complaint.

ARGUMENT

Because the Defendants Have Not Met Rule 8 Requirements, their Answer is an Admission.

The defendants' ambiguous answer does not provide the "short and plain statement of the claim showing that the pleader is entitled to relief," which is required by Fed. R. Civ. P. Rule 8 (a)(2). The overall purpose of Rule 8 is to provide notice of the claims and defenses of the parties. Chamberlain v. Giampara, M.D., 210 F3d 154, 160 (3rd Cir. 2000). "As long as the answer gives reasonable notice of those allegations sought to be put in issue, the pleading will be effective as a denial." 5 Wright and Miller, Federal Practice and Procedure: Civil 2nd, Sec 1261 (1990). The defendants' answer gives no such notice. Indeed, the defendants' non-responsive answer fails to give the plaintiff any notice

3

whatsoever of any defenses the defendants may have to the averments contained in paragraphs 12 through 23 of her complaint.

Furthermore, Fed. R. Civ. P. 8(b) mandates three possible and alternative answers, one of which must be made to averments in a complaint. The answer "shall admit or deny the averments upon which the adverse party relies." Alternatively, a party may answer that neither an admission nor a denial can be made because the answering party "is without either knowledge or information sufficient to from a belief as to the truth of an averment [...]." The defendants' answer to the plaintiffs averments contained in paragraphs 12 through 23 does not include any one of these prescribed answers. Indeed, the defendants expressly state but cite no authority for the proposition that "no response is required" to the factual allegations the plaintiff has made.

Rule 8(d) states that averments to which a responsive pleading is required "are admitted if not denied." See also U.S. for B. & R. Inc. v. Donald Lane Construction, 19 F. Supp 2nd 217 220 (D. Del. 1998) (allegations to a complaint that are not denied are considered admitted). In their answer, the defendants have not denied the plaintiff's allegations contained in paragraphs 12 through 23 of her complaint. These allegations are therefore admitted.

The defendants have failed to submit an answer denying the plaintiff's factual allegations. Therefore, no further burden is placed upon the plaintiff to prove the factual assertions made in paragraphs 12 through 23 of her complaint. Burlington Northern R. Co. v. Huddleston, 94 F.3rd 1314, (rehearing denied) (C.A. 10, 1996) (by failing to submit pleadings denying factual allegations, defendant

4

admitted these allegations, thus placing no further burden on the plaintiff to prove the case factually).

CONCLUSION

An answering party has the duty to exert reasonable effort to obtain knowledge of facts alleged. Greenbaum v. United States, 360 F.Supp 784 (E.D. Pa, 1973). An attempt to evade pleading requirements by means of an equivocal admission or denial is an admission. Lipton Industries, Inc. v. Ralston Purina Co. (1982 Cust. And Pat App.) 670 F.2d. 1024, 213 USPQ 185.

WHEREFORE, for all of the reasons cited, the plaintiff respectfully requests this Court deem paragraph 8 of the defendant's March 27, 2001 Answer an admission to the averments contained in paragraphs 12 through 23 of the plaintiff's complaint.

Respectfully submitted,

Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469