ORIGINAL
2 tv Ct

THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

FILED
HARRISBURG, PA

SEP 1 0 2002

MARY E. D'ANDREA, CL
Per _____
    (Deputy Clerk)

| | |
|---|---|
| Yan SHAO | No. 1:00 CV 1901 |
| | (JUDGE Rambo) |
| Plaintiff, | |
| v. | |
| Edward Cuccia<br>Charles Day<br>John / Jane Doe<br>Law Offices of Ferro & Cuccia | CIVIL ACTION - LAW |
| Defendants. | |

BRIEF IN SUPPORT

INTRODUCTION

Prior to bringing this motion to compel discovery, the undersigned has endeavored to secure a timely and complete response to the appended interrogatories. Two copies of the interrogatories (appended Exhibit 1) were mailed via Certified Mail on July 17, 2002. (Please see appended Exhibit 2.) No response being forthcoming, two additional copies of the interrogatories were served personally upon P.J. Day on August 1st 2002. On September 4, 2002, the undersigned counsel for the plaintiff received a note (appended Exhibit 3), which reads in its entirety, "It was improper to serve the enclosed interrogatories on me. Therefore, no response is forthcoming, Sincerely, [signed] P.J. Day." Because

1

the party in question has declined to provide any responses, the plaintiff seeks judicial supervision of her requests.

PROCEDURAL HISTORY OF THE CASE

On November 7, 2001, this Court issued a Memorandum and Order in this matter.

On or about December 5, 2001, the defendant Mr. Day apparently filed a notice of appeal with this Court. The defendant Mr. Day apparently has filed no additional papers with this Court or with the Third Federal Circuit.

The plaintiff has filed motions with the Court of Appeals seeking dismissal of Mr. Day's appeal for failure to comply with procedural requirements and for lack of prosecution. The plaintiff has also filed with the Court of Appeals motions seeking costs and sanctions. None of the plaintiff's motions have received any response whatsoever from Mr. Day. The plaintiff's motions are pending.

STATEMENT OF FACTS

In addition to service upon P.J. Day, interrogatories have also been mailed via Certified Mail to the defendant Charles Day at an address provided by the Court Administrator of the courts of New York State. Mr. Day has failed to claim this mail. (Appended Exhibit 4.)

STATEMENT OF QUESTION INVOLVED

Whether the party in question may be compelled by this Court to answer the appended interrogatories.

ARGUMENT

THE PURPOSE OF DISCOVERY IS TO SECURE THE JUST AND SPEEDY DETERMINATION OF AN ACTION

The Federal Rules of Civil Procedure allow for discovery in any civil action pending before a United States District Court. Hickman v. Taylor, 329 U.S. 495 (1947). The purpose of discovery is "to secure the just, speedy, and inexpensive determination of every action." See Fed. R.Civ.P. 1; Barwick v. Celotex, 735 F.2d 946, 955 (4th Cir. 1984); 8 Wright and Miller, Federal Practice and Procedure Sec. 2203 (1970). The overriding objective in pretrial discovery is to provide adequate information to litigants in civil cases. Herbert v. Lindo, 441 U.S. 174, 177 (1979). Rules 26 through 37 of the Federal Rules have been interpreted liberally to allow maximum discovery. Hickman, supra.

By her failure to provide the requested information in the first instance, in response to a request via Certified Mail the party to who the interrogatories have been directed has ignored these teachings and has frustrated the plaintiff's attempts to effect execution of the judgement of this court.

## THE FEDERAL RULES SPECIFICALLY AUTHORIZE DISCOVERY IN AID OF EXECUTION OF A JUDGEMENT

By his own failure to accept Certified Mail at his home address, the defendant Mr. Day has required the plaintiff to interrogate other parties. This is in fact her right so to do, pursuant to the Federal Rules of Civil Procedure. Rule 69 states that the plaintiff "may obtain discovery from any person" when such discovery is "in aid of the judgement or execution."

The plaintiff has obtained an Abstract of Judgement from the Clerk of this Court. However, this Abstract may not be filed and executed in another district court, pending the disposition of the defendant's appeal. Therefore, the filing of notice has caused this Court to retain jurisdiction of matters related to discovery

in aid of execution of this Court's November 9 2001 Order. Thus, the appropriate venue for addressing issues raised in discovery in aid of execution is this Court.

Wherefore, the plaintiff moves this Court to ORDER P. J. Day to cooperate in discovery in aid of execution by providing the requested responses.

Respectfully submitted,

Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

4

THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

| | |
|---|---|
| **Yan SHAO** ) | No. 1:00 CV 1901 |
| ) | (JUDGE Rambo) |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **Edward Cuccia** ) | |
| **Charles Day** ) | |
| **John / Jane Doe** ) | CIVIL ACTION - LAW |
| **Law Offices of Ferro & Cuccia** ) | |
| ) | |
| **Defendants.** ) | |

PLAINTIFFS' FIRST SET OF INTERROGATORIES IN AID OF
EXECUTION OF JUDGEMENT TO P. J. DAY

To:

P.J. Day
80-100 Tryon Place
Jamaica, NY 11432
718 969 4858

   Pursuant to Rule 69 and Rule 34 of the Federal Rules of Civil Procedure, the plaintiff requests you to answer the following interrogatories within 30 days of service of this pleading, by mailing a copy of the same to the undersigned at the address indicated below. Enclosed are two (2) copies of the Interrogatories and a stamped, self-addressed envelope for the return of responses to the Interrogatories.

   If you do not answer the attached questions within the time required, the opposing party may ask the Court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear at the hearing and explain your reasons for your failure to answer.

   You must answer each question giving complete answers, attaching additional pages if necessary. False or misleading answers may subject you to punishment by the

1

Court. Even if you dispute the judgment you must answer all of the attached questions.

Be sure to sign and date your answers.

Date: July 29, 2002

Respectfully Submitted,

_____
Richard B. Cook, Esq.
(Maryland & Louisiana #21248)
Attorney for the Plaintiff
PO Box 411
Hunt Valley, MD 21030-0411
410/683-9469

## INTERROGATORIES IN AID OF EXECUTION OF JUDGEMENT

1. Full name: _____

2. Address: _____

3. Birth Date: _____

4. Social Security Number: _____

5. Drivers' License Number and Expiration Date: _____

6. Telephone Number: _____

7. Please state your relationship to the defendant Charles C. Day.

_____

8. Do you contribute to the support of the defendant, Charles C. Day, or to his household?

_____

9. Full Name and Address of Your Employer:

_____

2

    a. Your weekly salary: Gross _____ Net _____

    b. If not presently employed, name and address of last employer

    _____

10. If there is currently a wage execution on your salary (circle one):

    Yes _____ No _____

11. List the names, addresses and account numbers of all bank accounts on which your name appears:

    a. _____

    b. _____

    c. _____

12. If you receive money from any of the following sources, list the amount, how often and the name and address of the source, using additional paper, if necessary;

| Type | Amount & Frequency | Name & Address of Source |
|---|---|---|
| Alimony | _____ | _____ |
| Loan Payments | _____ | _____ |
| Rental Income | _____ | _____ |
| Pensions | _____ | _____ |
| Bank Accounts | _____ | _____ |
| Stock Dividends | _____ | _____ |

13. Do you receive social security benefits? (circle one)
    Yes
    No

14. Do you own property where you reside? (circle one)
    Yes
    No

If yes, state the following:

a. Name of the owner or owners: _____

b. Date property was purchased: _____

c. Purchase price: _____

d. Name and address of mortgage holder: _____

e. Balance due on mortgage: _____

15. Do you own any other real estate? (circle one)

Yes
No

If yes, state the following for each property:

a. Address of property: _____
b. Date property was purchased: _____
c. Purchase price: _____
d. Name and address of all owners:

_____

_____

_____

e. Name and address of mortgage holder: _____

f. Balance due on mortgage: _____

g. Name and address of all tenants and monthly rental paid by each tenant:

1. _____

2. _____

3. _____

16. Does the present value of your personal property which include automobiles, furniture, appliances, stocks, bonds, and cash on hand exceed $1,000.00? (circle one)

4

Yes
No

and itemize all personal property owned by you (use additional paper, if necessary).

Cash on Hand: $_____

Other Personal Property (excluding Motor vehicles)

Set forth make _____, model _____ & serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____

Set forth make _____, model _____ & serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____

Set forth make _____, model _____ & serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____

Set forth make _____, model _____ & serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____

Set forth make _____, model _____ & serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____

17. Do you own one or more motor vehicles? (circle one)

   Yes
   No

   If yes, state the following for each vehicle owned:

   a. Make, model and year of motor vehicle: _____
   b. If there is a lien on the motor vehicle, state the name and address of the lien holder, and the amount due to the lien holder: _____
   c. State where Licensed and License plate: _____
   d. Vehicle identification number: _____

   Set forth make _____, model _____ & serial number _____.

   If financing, the name and address of party to whom payments are made).
   Item: _____
   Date Purchased: _____

6

Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____

Set forth make _____, model _____ & serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____

18. Do you own a business? (circle one)

    Yes
    No

    If yes, state the following:

    a. Name and address of the business:

    _____

    b. Is the business a Corporation, sole proprietorship, or partnership? _____

    c. The name and address of all stockholders, officers, and/or partners (use separate paper, if necessary):

    _____
    _____
    _____
    _____
    _____

    d. The amount of income received by you from the business during the last twelve months: $_____

19. Set forth all other judgments that you are aware of that have been entered against you and include partners (use separate paper, if necessary):

| Creditor's Name | Creditor's Attorney | Amount Due | Name of Court | Docket |
|---|---|---|---|---|

7

_____   _____   _____   _____   _____
_____   _____   _____   _____   _____
_____   _____   _____   _____   _____

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing interrogatories have been forwarded by first class mail to a process server on July 29, 2002, for personal service upon the above named person.

_____
Richard B. Cook

8



U.S. POSTAGE PAID
COCKEYSVILLE, MD
21030
JUL 17 02
AMOUNT
$5.11
00019441-11

7000 0600 0027 9173 3182

Richard B. Cook, Esq
PO Box 411
Hunt Valley, MD 21030

PO Box 411
Hunt Valley, MD 21030

NO MAIL RECEPTACLE ☐ DECEASED
FROM JAMAICA NY 11431-9998

P.J. Day
8?/100 Tryon Place
Jamaica, NY 11432

Name 64
1st Notice
2nd Notice
Return

FINAL NOTICE

Richard B Cook
PO Box 4
Hunt Valley, MD 2 030-0411

8/30/2002

Dear Mr Cook

It was improper to serve the enclosed interrogatories on me. Therefore, no response is forthcoming

Sincerely —

B Day



## LR 7.1 CERTIFICATE OF NONCONCURRENCE

Undersigned counsel for the plaintiff certifies that the preceding motion has been served upon the defendant but that no concurrence to its filing has been sought. The undersigned certifies that Mr. Day, during the course of this litigation, has declined to accept Certified Mail and has not responded to First Class Mail sent to him at the address provided by the Court Administrator of courts of the State of New York. The undersigned does not believe Mr. Day has a telephone number dedicated to his law practice and the undersigned is uncertain of his home telephone number, and, in any event, is uncertain about the propriety of calling a *pro se* defendant at his home concerning the execution of a judgement obtained against him.

Respectfully submitted,

Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

CERTIFICATE OF SERVICE

Undersigned counsel certifies that on Sept. 5, 2002, a copy of the appended motion, order memorandum and certificate of non-concurrence has been served on the defendant and on P.J. Day by First Class Mail, postage prepaid, to the following addresses:

Charles Day, Esq.
80-100 Tryon Place
Jamaica, NY 11432

P.J. Day
80-100 Tryon Place
Jamaica, NY 11432

_____
Richard B. Cook