THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

| | | |
|---|---|---|
| Yan SHAO | ) | No. 1:00 CV 1901 |
| | ) | (JUDGE Rambo) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Edward Cuccia | ) | |
| Charles Day | ) | |
| John / Jane Doe | ) | CIVIL ACTION - LAW |
| Law Offices of Ferro & Cuccia | ) | |
| | ) | |
| Defendants. | ) | |

FILED
HARRISBURG, PA
SEP 2 5 2002
MARY E. D'ANDREA, CLE
Per _____
Deputy Clerk

BRIEF IN SUPPORT

INTRODUCTION

Prior to bringing this motion to compel discovery, the undersigned has endeavored to secure timely and complete responses to the appended interrogatories. Two copies of the interrogatories (appended Exhibit 1) were mailed via Certified Mail on July 23, 2002. (Please see appended Exhibit 2.) The defendant failed to retrieve the certified mail, which has been returned to counsel for the plaintiff. Because the defendant has declined to provide any responses, the plaintiff seeks judicial supervision of her requests for information from the defendant, in aid of her efforts to enforce the judgement of this Court.

1

In the normal course, a judgement may be executed despite an appeal, either in a state court or in a federal district court in the state where the defendant resides or where the defendant's property may be attached. However, in this instance, the defendant has filed a notice of appeal from this Court's judgement and has failed to respond to the plaintiff's efforts to effect reasonable discovery in aid of execution. These factors both complicate the execution of the judgement during the pendency of the appeal and risk adding greatly to the costs to the plaintiff in executing her judgement. The plaintiff, therefore, asks this Court to accept venue of her attempts to compel reasonable discovery in aid of execution so that, as soon as the defendant's appeal has been adjudicated, she may be armed with sufficient information to execute her judgement in New York State.

PROCEDURAL HISTORY OF THE CASE

1. On November 7, 2001, this Court issued a Memorandum and Order in this matter.

2. On or about December 4, 2001, the plaintiff sought from the Clerk a Certification of Judgement, which could be registered in a court in New York state.

3. On or about December 5, 2001, the defendant Mr. Day filed a notice of appeal with this Court. By the terms of the Certification of Judgement ("no notice of appeal from this judgement has been filed") a Certification of Judgement could not then be issued to the plaintiff by the Clerk of this Court.

4. Beginning in January, 2002, the plaintiff has filed motions with the Court of Appeals seeking dismissal of Mr. Day's appeal for failure to comply with

2

procedural requirements and for failure to prosecute his appeal. The plaintiff has also filed with the Court of Appeals motions seeking costs and sanctions.

5. None of the plaintiff's motions to the Court of Appeals have received any response whatsoever from the defendant Mr. Day. Nor has Mr. Day sought a trial transcript, filed a bond or a statement outlining the basis for his appeal..

6. The plaintiff's appellate motions are pending.

7. On July 2, 2002, the plaintiff secured from the Clerk of this Court an Abstract of Judgement, which apparently may be filed only in a state court in New York, but which may not be executed upon during the pendency of an appeal, either in a state court or in a federal district court.

STATEMENT OF FACTS

1. On July 23, 2002, two copies of the appended interrogatories were mailed via Certified Mail to the defendant Charles Day at an address provided by the Court Administrator of the courts of New York State.

2. This mail has been marked "unclaimed" and returned.

STATEMENT OF QUESTION INVOLVED

Whether the defendant may be compelled by this Court to answer the appended interrogatories.

ARGUMENT

THE PURPOSE OF DISCOVERY IS TO SECURE THE JUST AND SPEEDY DETERMINATION OF AN ACTION

The Federal Rules of Civil Procedure allow for discovery in any civil action pending before a United States District Court. Hickman v. Taylor, 329 U.S. 495 (1947). The purpose of discovery is "to secure the just, speedy, and inexpensive

determination of every action." See Fed. R.Civ.P. 1; Barwick v. Celotex, 735 F.2d 946, 955 (4th Cir. 1984); 8 Wright and Miller, Federal Practice and Procedure Sec. 2203 (1970). Rules 26 through 37 of the Federal Rules have been interpreted liberally to allow maximum discovery. Hickman, *supra*.

By his failure to provide the requested information, in response to a request via Certified Mail, the defendant has ignored these teachings and has frustrated the plaintiff's attempts to gather information from him in aid of the execution of the judgement of this Court.

## DISCOVERY OF THE ASSETS OF A JUDGEMENT DEBTOR NEED NOT AWAIT THE DISPOSITION OF AN APPEAL

The federal procedural rules specifically authorize discovery in aid of the execution of a judgement. Rule 69 of the Federal Rules of Civil Procedure states that the plaintiff "may obtain discovery from any person" when such discovery is "in aid of the judgement or execution." A judgement creditor seeking enforcement of a money judgement in New York State may look to FRCP Rules 26-37. Please see Magnaleasing, Inc. v. Staten Island Mall, Blackfriars Realty Corp. and Tottenham Realty Corp., 76 F.R.D.P. 559 (S.D.N.Y. 1977). As argued *infra* the plaintiff asserts that this Court is the appropriate venue for obtaining judicial supervision of a recalcitrant judgement debtor to compel cooperation in reasonable discovery.

Thirty days after this Court issued its November 7, 2001 orders, the plaintiff sought a Certification of Judgement, for filing in the appropriate federal district court in New York. In the meantime, the defendant filed a notice of

appeal. By its terms ("no notice of appeal from this judgement has been filed") a Certification of Judgement could not then be issued by the Clerk.

Although the plaintiff has subsequently secured from the Clerk an Abstract of Judgement, this document apparently may be filed only in a state court, where it may become the basis of an order of attachment. Civil Practice Laws and Rules ("CPLR") 6201 (McKinney's Consolidated Laws of New York, Annotated). However, a judgement so filed likely may not be executed pending disposition of the defendant's appeal. CPLR 5404(a). Furthermore, an *ex parte* application is deemed a provisional remedy, which exposes the plaintiff to the defendant for damages if any such execution is not sustained. Mitchell v. W.T. Grant Co, 416 U.S. 60 (1974). Finally, certain property is exempt in New York from judgement enforcement. CPLR 5205. See also F.R.C.P Rule 62(f) (a stay of execution may be granted if appropriate under state law if the judgement is a lien upon property). Not only, therefore, is the plaintiff unable to certify the judgement of this Court in a federal court in New York pending the defendant's appeal, she is also hesitant to proceed to execute her judgement in a state court in New York, for the same reason. In sum, Mr. Day's notice of appeal from the orders of this Court requires an abundance of caution by the plaintiff, should she proceed to execution absent a Certification of the Judgement of this Court.

Pending disposition of the appeal, the plaintiff desires to discover information concerning property, which may be executed upon. Under the federal rules, this activity need not await the disposition of Mr. Day's appeal. In light of the defendant's refusal to provide information as to his property and other assets,

5

a question arises as to the venue in which to seek to compel the defendant, or any other person, to cooperate in reasonable discovery in aid of the execution of a judgement obtained in this Court.

## THE APPROPRIATE VENUE FOR DISCOVERY IN AID OF EXECUTION IS THIS COURT

On or about December 5, 2001, Mr. Day notified this Court of his desire to appeal from the orders issued on November 7, 2001. Although he has filed nothing further in support of his appeal, the fact of the appeal suggests that the defendant desires this Court to retain jurisdiction of this matter. This factor, combined with the plaintiff's difficulties in proceeding in New York prior to the adjudication of the defendant's appeal, suggest the appropriate venue for discovery in aid of execution is the court which issued the judgement.

## CONCLUSION

"Collecting a judgement [in New York state] once it has been obtained and properly docketed, can challenge the best practitioner. If assets are not available to satisfy the judgement, the client may well view collection efforts as a waste of time and money." Borges, ed. Enforcing Judgements and Collecting Debts in New York, 6:124 (1996) This statement describes the situation the plaintiff desires to avoid. Prior to initiating costly and time-consuming collection efforts in New York State, she desires to discover what property may be executed upon. A reasonable approach is to discover the assets of the defendant judgement debtor while awaiting adjudication of the defendant's notice of appeal. The refusal of the defendant to provide information concerning his property and other assets requires the plaintiff to seek judicial supervision of her discovery requests.

6

Mr. Day has notified this Court that he desires to appeal the order of this Court. Although he has made no additional efforts to perfect his appeal, discovery in aid of the execution of a judgement need not await final adjudication of the appeal. Were the plaintiff unable to look to this Court to enforce its own orders by compelling Mr. Day to respond to judgement discovery, he would be able to benefit from his own intransigence. Therefore, this Court is the appropriate venue in which the plaintiff may seek to compel Mr. Day to cooperate in discovery in aid of the execution of the judgement of this Court. Wherefore, the plaintiff moves this Court to ORDER the defendant Mr. Day to cooperate in discovery in aid of execution by promptly providing the requested responses.

Respectfully submitted,

Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469