IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YAN SHAO, : CIVIL NO.1:CV-00-1901

    **Plaintiff**

    v.

EDWARD CUCCIA,
CHARLES DAY, JOHN/JANE DOE,
LAW OFFICES OF FERRO &
CUCCIA,
    **Defendants**



## ORDER

    The background of this order is as follows: On November 7, 2001, the court entered judgment in the captioned matter in favor of Plaintiff and against Defendant Charles Day in the amount of $78,015.00. On December 5, 2001, Defendant Charles Day filed a notice of appeal of the court's judgment with the Third Circuit Court of Appeals. On September 10, 2002, Plaintiff filed a motion to compel discovery. In that motion, Plaintiff indicated that he had served interrogatories on one "PJ Day" and that this person indicated that they would not respond. Accordingly, Plaintiff forwarded the unanswered interrogatories on to Defendant Charles Day on September 5, 2002.

    On September 26, 2002, the court issued an order requiring that Defendant Charles Day file a response to the interrogatories served on him on September 5, 2002. On October 4, 2002, Plaintiff filed a request for clarification indicating that the September 5, 2002 mailing to Defendant Charles Day contained interrogatories served upon "PJ Day," a non-party to this suit. Plaintiff also indicated that on September 23, 2002, Plaintiff sent another set of interrogatories to Defendant Charles Day requiring that he answer questions about his own assets.

Accordingly, Plaintiff sought clarification regarding whether the court's order required Defendant Charles Day to answer the interrogatories regarding his assets or those of P J Day. On October 8, 2002, Pamela J. Day ("P J Day") filed a memorandum in opposition to Plaintiff's motion to compel and a cross-motion for sanctions against Plaintiff's counsel.

Due to the confusion involving the court's order of September 26, 2002, the court will strike that order from the record. In its place, the court will order that Defendant Charles Day answer the interrogatories served on him. Additionally, the court will order Ms. Pamela J. Day to submit answers to the interrogatories served on her. However, Ms. Day will submit her answers directly to the court for *in camera* review so that the court may determine whether the information provided in those answers is relevant to satisfying the judgment against Defendant Charles Day. *Accord Blaw Knox Corp. v. AMR Indus. Inc.*, 130 F.R.D. 400, 403-04 (E.D. Wis. 1990) (In determining whether to allow discovery from third persons in aid of execution of judgment, "[t]he interest of third parties in their privacy must be balanced against the need of the judgment creditor to the documents in question. This is a factual determination which can only be made on a case by case basis.").

Finally, the court will deny Ms. Day's motion for sanctions against Plaintiff's counsel. Plaintiff has a right to discover evidence relative to her judgment. *See* Fed. R. Civ. P. 69(a) (stating that a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held"). Therefore, the court cannot say that Plaintiff sought to harass

Ms. Day by requiring that she answer the interrogatories served upon her. Ms. Day's proper course of conduct would have been to file objections to the interrogatories, rather than to simply ignore them.

In accordance with the preceding discussion **IT IS HEREBY ORDERED THAT**:

(1) The Clerk of Court shall **STRIKE** the court's order of September 26, 2002 from the case docket;

(2) Defendant Charles Day shall serve answers to the interrogatories sent to him on September 23, 2002 no later than November 1, 2002;

(3) Ms. Pamela J. Day shall submit to the court for *in camera* review her answers to the interrogatories sent to her on July 17, 2002 no later than November 1, 2002; and

(4) Pamela J. Day's cross-motion for sanctions is **DENIED**.

WILLIAM W. CALDWELL
United States District Judge
on behalf of Judge Rambo

Dated: October 9, 2002.