THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------X
Yan SHAO | No. 1:00 CV 1901
| (Judge Rambo)
    Plaintiff |
|
        v. |
|
Edward Cuccia |
Charles Day |
John / Jane Doe |
Law Office of Ferro & Cuccia |
|
    Defendants. |
-----------------------------------------------------------X

**OPPOSITION TO MOTION TO COMPEL AND CROSS-MOTION FOR SANCTIONS**

    Pamela J. Day (P.J. Day), a non-party to the above captioned action, submits this memorandum in opposition to Plaintiff's Motion to Compel her to respond to interrogatories; and further moves this court to impose sanctions upon counsel for Plaintiff pursuant to Rule 37 (a) (4) of the Federal Rules of Civil Procedure, for making frivolous discovery demands upon a non-party and for filing an unjustified motion to compel interrogatories from a non-party the sole purpose of which is to harass and annoy, and for such other and further relief as this court deems just and proper.

Respectfully submitted,

*Pamela J Day*

Pamela J. Day
80-100 Tryon Place
Jamaica, NY 11432
(718) 969-4858

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X
Yan SHAO                             | No. 1:00 CV 1901
                                     | (Judge Rambo)
         Plaintiff                   |
                                     |
         v.                          |
                                     |
Edward Cuccia                        | MEMORANDUM IN OPPOSITION
Charles Day                          | TO MOTION TO COMPEL AND IN
John / Jane Doe                      | SUPPORT OF CROSS- MOTION
Law Office of Ferro & Cuccia         | FOR SANCTIONS
                                     |
         Defendants.                 |
---------------------------------------------------------------X

I.      INTRODUCTION

*Interrogatories were personally served upon a non-party* to this action, Pamela J. Day (P.J. Day), on August 1, 2002. Copies of same are annexed hereto as Exhibit A. It was wholly improper for Plaintiff to serve interrogatories upon Pamela J. Day as she is not a party to the within action. Said interrogatories are also improper because while they purport to seek discovery of information in aid of execution of judgment in the within matter,[1] *said interrogatories demand disclosure of the personal and financial affairs of Pamela J. Day, who is not a party to this matter.*

Rather than waste this court's time by moving for a protective order in response to Plaintiff's frivolous discovery demands, Pamela J. Day advised the Plaintiff that it was improper to serve said interrogatories upon her. See Exhibit B annexed hereto. Plaintiff now makes a wholly improper motion to compel Pamela J. Day to respond to said interrogatories.

---
[1] An appeal of the decision of this court is currently pending before the United States Court of Appeals for the Third Circuit.

1

By frivolously demanding interrogatories from a non-party, seeking discovery from a non-party as to information to which Plaintiff is not entitled, and by moving this court to compel same, Plaintiff has acted in a manner so wholly improper, the intent of which can only be construed as to harass and annoy. Wherefore, Pamela J. Day respectfully requests that sanctions be imposed against Plaintiff's Counsel.

## II.   ARGUMENT

### A.   Interrogatories may not be served upon non-parties

That interrogatories are not available for non-party discovery is evident from the plain language of Rule 33 of the Federal Rules of Civil Procedure, which is entitled "Interrogatories to Parties . . ." See F.R.C.P. Rule 33. Moreover, there is no provision for interrogatories to non-parties. Id., see also Grenig et al., Handbook of Federal Civil Discovery and Disclosure 359, 366, 376 (2002). Upon information and belief, this fact is common knowledge among not only attorneys, but first year law students who have completed a basic course in the Federal Rules of Civil Procedure. Thus, it wholly improper for Plaintiff to seek to compel Pamela J. Day to respond to the interrogatories served upon her, as she is not a party to this action.

### B.   Plaintiff Seeks Disclosure of Matters to Which She is Not Entitled

Discovery under Rule 69 of the Federal Rules of Civil Procedure is generally not available pending appeal. Armstrong v. Armstrong, 130 F.R.D. 449 (D.C. Colo. 1990), see also, Cagan et al., Judgments in Federal Court 340-343 (1997). In fact, discovery pending appeal may only be had upon motion to the District Court upon a showing that such discovery would be relevant in the event of further proceedings in the district court. F.R.C.P. Rule 28. Plaintiff has

2

not moved for discovery from Pamela J. Day, nor has Plaintiff shown how disclosure of Pamela J. Day's personal or financial information impacts matters which may arise in the event of future proceedings regarding this matter which may be before this Court.

Moreover, even if the decision of this court had not been appealed, post-judgment discovery under Rule 69 is limited to information that will assist the judgment creditor in obtaining satisfation of the judgment. Magnaleasing, Inc. v. Staten Island Mall, 76 F.R.D. 559 (S.D.N.Y. 1977), see also, Cagan et al., Judgments in Federal Court 340-343 (1997). In fact, post-judgment discovery is limited to information concerning the assets of the judgment-debtor. Caissen Corp. v. County West Bldg. Corp., 62 F.R.D. 331 (E.D. Pa. 1974). A judgment creditor must also show that it is necessary to seek discovery of a judgment-debtor's assets from third parties before post-judgment discovery from non-parties may be had. Blaw Knox Corp. v. AMR Industries, Inc., 130 F.R.D. 400 (E.D. Wis. 1990).

In fact, discovery of the assets of non-parties is generally prohibited. See supra Magnaleasing, 76 F.R.D. 559 (S.D.N.Y. 1977), Caissen, 62 F.R.D. 331 (E.D. Pa. 1974). Discovery of the assets of non-parties requires the judgment creditor: 1) first attempt (unsuccessfully) to execute the judgment on the assets of the judgment-debtor; 2) a showing that the both the judgment debtor and non-party to acted improperly for the purpose of impeding the execution of the judgment; and 3) that the court has personal jurisdiction over the non-party from whom discovery is sought. Rodd v. Region Constr. Co., 783 F.2d. 89 (7th Cir. 1986), Hartmann v. United States, 79 F.R.D. 705 (E.D. Wis. 1978), Magnaleasing, 76 F.R.D. 559 (S.D.N.Y. 1977), Caissen, 62 F.R.D. 331 (E.D. Pa. 1974).

It is apparent that Plaintiff is not entitled to discovery of the personal of financial matters of Pamela J. Day, as Plaintiff has not met any of the foregoing requirements.

### C.     Frivolous Actions of Plaintiff Warrant Sanctions

As discussed above, Plaintiff acted in a frivolous manner by serving interrogatories upon a non-party, and in seeking discovery of matters to which Plaintiff is undoubtedly not entitled. It is likewise evident that Plaintiff had no justification whatsoever in serving a motion to compel upon Pamela J. Day. There can be no explanation for Plaintiff's actions other than annoy and harass a non-party. Therefore, pursuant to Rule 37 (a) (4) of the Federal Rules of Civil Procedure, Pamela J. Day is entitled to sanctions against Plaintiff and her counsel. See Sheppard v. River Valley Fitness One, LP., 203 F.R.D. (D. N.H. 2001).

WHEREFORE, Pamela J. Day moves for an order denying Plaintiff's Motion to Compel, Granting Sanctions against Plaintiff and her counsel and for such other and further relief as this court deems just and proper.

Respectfully submitted,

*Pamela J. Day* (signature)
Pamela J. Day
80-100 Tryon Place
Jamaica, NY 11432
(718) 969-4858

**EXHIBIT A**

THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

Yan SHAO )   No. 1:00 CV 1901
)   (JUDGE Rambo)
)
Plaintiff, )
)
v. )
)
Edward Cuccia )
Charles Day )
John / Jane Doe )   CIVIL ACTION - LAW
Law Offices of Ferro & Cuccia )
)
Defendants. )

PLAINTIFFS' FIRST SET OF INTERROGATORIES IN AID OF
EXECUTION OF JUDGEMENT TO P. J. DAY

To:

P.J. Day
80-100 Tryon Place
Jamaica, NY 11432
718 969 4858

Pursuant to Rule 69 and Rule 34 of the Federal Rules of Civil Procedure, the plaintiff requests you to answer the following interrogatories within 30 days of service of this pleading, by mailing a copy of the same to the undersigned at the address indicated below. Enclosed are two (2) copies of the Interrogatories and a stamped, self-addressed envelope for the return of responses to the Interrogatories.

If you do not answer the attached questions within the time required, the opposing party may ask the Court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear at the hearing and explain your reasons for your failure to answer.

You must answer each question giving complete answers, attaching additional pages if necessary. False or misleading answers may subject you to punishment by the

1

Court. Even if you dispute the judgment you must answer all of the attached questions.

Be sure to sign and date your answers.

Date: July 29, 2002

Respectfully Submitted,

_____
Richard B. Cook, Esq.
(Maryland & Louisiana #21248)
Attorney for the Plaintiff
PO Box 411
Hunt Valley, MD 21030-0411
410/683-9469

## INTERROGATORIES IN AID OF EXECUTION OF JUDGEMENT

1. Full name: _____

2. Address: _____

3. Birth Date: _____

4. Social Security Number: _____

5. Drivers' License Number and Expiration Date: _____

6. Telephone Number: _____

7. Please state your relationship to the defendant Charles C. Day.

   _____

8. Do you contribute to the support of the defendant, Charles C. Day, or to his household?

   _____

9. Full Name and Address of Your Employer:

   _____

2

**EXHIBIT B**

8/30/2002

Richard B Cook
PO Box 4
Hunt Valley, MD 2030-0411

Dear Mr Cook

It was improper to serve the enclosed interrogatories on me. Therefore, no response is forthcoming

Sincerely —

B Day