

ORIGINAL
$\supset$ to Cv

86
11-18-02
MA

## THE UNITED STATES DISTRICT COURT
### Middle District of Pennsylvania
### Harrisburg, PA

Yan SHAO )    No.  1:00 CV 1901
)    (JUDGE Rambo)
plaintiff, )
)
v. )
)
Edward Cuccia )
Charles Day )
John / Jane Doe )    CIVIL ACTION  - LAW
Law Offices of Ferro & Cuccia )
)
Defendants. )

FILED
HARRISBURG, PA

NOV 18 2002

MARY E. D'ANDREA, CLERK
Por _____
Deputy Clerk

### BRIEF IN SUPPORT OF MOTION TO COMPEL COMPLETE RESPONSES
### FROM CHARLES DAY

INTRODUCTION

On Nov. 12, 2002, counsel for the plaintiff received responses to

interrogatories from the defendant and judgement debtor Charles Day. These

responses were made pursuant to this Court's Order of October 9, 2002

commanding Mr. Day to respond by November 1, 2002 to interrogatories

submitted to Mr. Day by the plaintiff  in aid of the execution of a judgement of this

Court. The plaintiff suggests that several of the responses are incomplete and

inadequate and asks this Court to compel more complete responses. The plaintiff

is submitting a companion motion asking this Court to forward to her counsel the

responses to similar interrogatories, which had been served upon a third party,

Ms Pamela Day, ordered to be answered  in camera by November 1, 2002.

1

## PROCEDURAL HISTORY OF THE CASE

1. On November 7, 2001, this Court found Mr. Day had committed legal malpractice and ordered him to pay $78,016.00 to Ms. Yan Shao, the plaintiff.

2. Mr. Day filed a timely notice of appeal. No other submissions were made in furtherance of the appeal.

3. On July 17, 2002, counsel for the plaintiff mailed asset interrogatories to Mr. Day via certified mail. This mail was not accepted by Mr. Day.

4. On August 14, 2002, the Court of Appeals for the Third Circuit Ordered the appeal dismissed. The Court of Appeals sanctioned Mr. Day for having unreasonably multiplied the proceedings.

5. Additional copies of asset interrogatories were sent to Mr. Day in September, 2002, both as exhibits attached to pleadings and via First Class mail on September 12 2002. (Please see appended Exhibit 1, page 9, Certificate of Service.)

6. On October 9, 2002, this Court ordered Mr. Day to respond to the asset interrogatories submitted to him by the plaintiff. The Court also ordered Pamela Day to submit her responses *in camera* to similar interrogatories, which had been served on her personally on August 1, 2002.

## STATEMENT OF FACTS

1. Mr. Day has not paid the amount judged by this Court to be due the plaintiff as a consequence of Mr. Day's malpractice.

2.  On November 12, 2002, Mr. Day forwarded to undersigned counsel his

responses to the asset interrogatories (Please see appended Exhibit

1.)

STATEMENT OF QUESTION INVOLVED

Whether Mr. Day should be compelled to provide complete responses.

ARGUMENT

Rule 69 of the Federal Rules of Civil Procedure instructs that a party "may

obtain discovery from any person" when such discovery is "in aid of the

judgement or execution." The purpose of discover is "to secure the just, speedy,

and inexpensive determination of every action." See Fed. R.Civ.P. 1; Barwick v.

Celotex, 735 F.2d 946, 955 (4th Cir. 1984); 8 Wright and Miller, Federal Practice

and Procedure Sec. 2203 (1970). Incomplete responses are likely to frustrate this

purpose. Furthermore, Mr. Day resides and practices law in the state of New

York. The statute regulating judgement enforcement in New York State specifies

that "all matters relevant to the satisfaction of the judgement" are within the

scope of discovery. (Civil Practice Law and Rules [CPLR] 5223.)

Mr. Day has failed to provide complete responses, as follows:

1. Responses to Items 3 and 4: Mr. Day has declined to provide his birth

date or his social security number. This information is needed in order to track

down bank account numbers, and possibly, to track down Mr. Day himself,

inasmuch as he has failed to pay the judgement of this Court and has been

sanctioned by the Court of Appeals for needlessly multiplying these proceedings.

2. <u>Response to Item 6</u>: Mr. Day has declined to provide his current telephone number(s) and instead has remarked, "You already have all three." This is an incomplete and obstructive response.

By dint of tedious and ongoing investigative efforts, counsel for the plaintiff has concluded that Mr. Day himself is not listed in any residential telephone directory in New York State. Counsel has discovered, however, that Mr. Day may be reached at a residential phone number listed in the name of a third party, one P.J. Day (listed at Anywho.com on August 27 02 as living at 80-100 Tryon Place, Jamaica, NY 11432, telephone number 718 969 4858). The undersigned certifies that on Aug 27 02, the Tryon Place number was called whereupon voice mail named this location as the address of Charles and Pamela Day. Another phone number, which has been linked in the recent past to Mr. Day, is that of the law offices of Ferro and Cuccia in New York City, where Mr. Day apparently no longer may be reached.  A third number was found via an internet search on September 20 and 22, 2002, which listed Charles Day at 30 E. Broadway, Manhattan, NY 10002, 212-274-8408. A call to this number elicited the response that 30 E. Broadway in Manhattan is Mr. Day's business address. This location may in fact be no more than a message service.

The plaintiff respectfully suggests that neither she nor her counsel should be put to the difficulty of keeping track of Mr. Day's current telephone number(s). Pursuant to this Court's order, he must provide this information in response to the interrogatories submitted to him. Furthermore. Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, he should keep this information current during

the pendency of this action, i.e., during the pendency of the plaintiff's efforts to enforce the judgement of this Court.

 3. Response to Item 7: Asked to state the name and address of his employer, Mr. Day has declined to provide an address but has simply stated "self-employed." This response is inadequate.

 4. Response to Item 7a: Asked to state both gross and net income, Mr. Day has struck a line through these options and has written "varies $200-400 / week." Because "all matters" are subject to discovery (CPLR 5223) and because certain income may be exempt from a levy upon personal property in New York (CPLR 5205(d) and 5231(c)) Mr. Day's answer is not responsive. (Please see Item 8 *infra*.)

 5. Response to Item 7b: Stating that he is currently self-employed, Mr. Day has declined to state the name and address of his last employer, as requested.

 6. Response to Item 9 : Mr. Day has declined to give the addresses of the two banks where he has stated he has accounts. He has declined to list the number of one these accounts. These responses are unreasonable and wholly inadequate. Absent a more complete response, the plaintiff and judgement creditor will encounter great difficulty serving an information subpoena (CPLR 5224(a)(3) or a restraining notice (CPLR 5222(a)) on these third party banks.

 7. Response to Item 16a: Mr. Day has declined to provide the name and address of his business.

8. <u>Response to Item 16d</u>. Mr. Day has declined to state the amount of income received by him from his business during the past 12 months.  Although he stated in response to Item 7a that his income "varies," a specific response is elicited in Item 16d. Specificity is required for purposes of possible income execution in New York State, where Mr. Day's business apparently is located.

9. <u>Response to Item 17</u>. Mr. Day apparently claims not to know the name of the court or the case docket number, or the lawyer adverse to him in the matter of a $10,000 judgement entered against him. In response to these interrogatories he has simply written "unk." Furthermore, the name of the party in whose favor the judgement has been made is not legible. The information withheld by Mr. Day is relevant to the claims of the plaintiff, because a levy or garnishment may take priority over assignments or other processes (CPLR 5234, 5241(h) 5242, Uniform Commercial Code 9-105 m). The plaintiff suggests these responses are inadequate and unreasonable..

10. <u>Response to Item 18</u>: Mr. Day has objected to providing the name and address of his wife. Mr. Day has previously declined to provide his own phone number (item 6) or his business address (items 7 and 16a). The plaintiff, having discovered that Mr. Day's residential phone is in the name of "PJ Day" ) (item 2 *supra*), she respectfully suggests that the information sought is relevant and is also required to be updated pursuant to Rule 26(e)(2) of the Federal Rules of Civil Procedure.

11. <u>Response to Items 20, 21, 22 and 23</u>: Mr. Day has objected to providing information concerning his wife's employer (item 20) or her income (21)

or whether she owns (22) real estate or personal property, including automobiles, appliances, stocks bonds or cash. The basis for Mr. Day's objection is that his spouse is not a party to this action. Mr. Day has not cited any authority for the proposition that a judgement debtor may withhold this information. In fact, a levy may be served in New York State by order of attachment upon property in which the debtor has a partial interest, CPLR 6214(a). Likewise, a jointly owned account may become the subject of an information subpoena. CPLR 5224(a)(3). Because the assets of a spouse may well be relevant to an execution, the plaintiff asks that Mr. Day be compelled to answer these questions.

CONCLUSION

Mr. Day filed an appeal from the orders of this Court. The appeal was dismissed and Mr. Day has been sanctioned for his improper appeal. This Court has placed Mr. Day under an obligation to provide reasonable and necessary responses to discovery sought by the plaintiff in aid of the execution of the judgement obtained against him. The above cited responses are unreasonable and serve only to delay further the plaintiff's efforts to execute the judgement. He should be compelled to answer promptly and fully the questions put to him. Furthermore, Mr. Day has an ongoing duty, pursuant to Rule 26(e)(2) of the Federal Rules of Civil Procedure to supplement a disclosure, which is found to be incomplete or subsequently incorrect. For these reasons, Mr. Day should be ordered to comply with his ongoing duty to supplement incorrect or incomplete disclosures.

Respectfully submitted,

_____                    _____

Craig T. Trebilcock                                   Richard B. Cook
Pa I.D. No. 48344                                     Louisiana #21248
Associate Counsel for the Plaintiff                   Counsel for the Plaintiff
100 East Market                                       17 Jonathan's Court
PO Box 15012                                          PO Box 411
York, PA 17405-7012                                   Hunt Valley, MD
717 846-8888                                          410 683 9469



**THE UNITED STATES DISTRICT COURT**
**Middle District of Pennsylvania**
**Harrisburg, PA**

| | | |
|---|---|---|
| Yan SHAO | ) | No. 1:00 CV 1901 |
| | ) | (JUDGE Rambo) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Edward Cuccia | ) | |
| Charles Day | ) | |
| John / Jane Doe | ) | CIVIL ACTION - LAW |
| Law Offices of Ferro & Cuccia | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES IN AID OF**
**EXECUTION OF JUDGEMENT TO THE DEFENDANT CHARLES DAY**

To:

CHARLES DAY
80-100 Tryon Place
Jamaica, NY 11432
718 969 4858

Pursuant to Rule 69 and Rule 34 of the Federal Rules of Civil Procedure, the plaintiff requests the defendant answer the following interrogatories within 30 days of service of this pleading, by mailing a copy of the same to the undersigned at the address indicated below. Enclosed are two (2) copies of the Interrogatories and a stamped, self-addressed envelope for the return of responses to the Interrogatories.

If you do not answer the attached questions within the time required, the opposing party may ask the Court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear at the hearing and explain your reasons for your failure to answer.

You must answer each question giving complete answers, attaching additional pages if necessary. False or misleading answers may subject you to punishment by the

1

Court. Even if you dispute the judgment you must answer all of the attached questions.

Be sure to sign and date your answers.

Date: _9/12/02_

Respectfully Submitted,

Richard B. Cook (LA 21248. MD  )
Attorney for the Plaintiff
PO Box 411
Hunt Valley, MD 21030-0411
410/683-9469

## INTERROGATORIES IN AID OF EXECUTION OF JUDGEMENT

1. Full name: ___Charlie Day___

2. Address: _90-100 Tryon Pl., Jamaica NY 11432_

3. Birth Date: _____

4. Social Security Number: _____ Objection ___

5. Drivers' License Number and Expiration Date: _N.Y. 786603868; 9/1/07_

6. Telephone Number: _You already have all 3._

7. Full Name and Address of Your Employer: _Self-employed_

   a. Your weekly salary: Gross _____ Net _Varies $200 - $400/wk._

   b. If not presently employed, name and address of last employer

   _____

8. If there is currently a wage execution on your salary (circle one):

   Yes    (No)

9. List the names, addresses and account numbers of all bank accounts on which your name appears:

2

a. _Ridgewood Savings Bank account # currently unknown._

b. _Citibank account # 035-078416-65_

c. _____

10. If you receive money from any of the following sources, list the amount, how often and the name and address of the source, using additional paper, if necessary; Type

| Type | Amount & Frequency | Name & Address of Source |
|---|---|---|
| Alimony | 0 | |
| Loan Payments | 0 | |
| Rental Income | 0 | |
| Pensions | 0 — | |
| Bank Accounts | 0 | |
| Stock Dividends | 0 | |

11. Do you receive social security benefits? (circle one)

Yes

(No)

12. Do you own property where you reside? (circle one)

Yes

(No)

If yes, state the following:

a. Name of the owner or owners: _____

b. Date property was purchased: _____

c. Purchase price: _____

d. Name and address of mortgage holder: _____

e. Balance due on mortgage: _____

3

13. Do you own any other real estate? (circle one)

Yes

(No)

If yes, state the following for each property:

    a. Address of property: _____

       b. Date property was purchased: _____

       c. Purchase price: _____

       d. Name and address of all owners:

_____

_____

_____

e. Name and address of mortgage holder: _____

f. Balance due on. mortgage: _____

g. Name and address of all tenants and monthly rental paid by each tenant:

      1. _____

      2. _____

      3. _____

14. Does the present value of your personal property which include automobiles, furniture, appliances, stocks, bonds, and cash on hand exceed $1,000.00? (circle one)



Yes

(No)

    and itemize all personal property owned by you (use additional paper, if necessary).

    Cash on Hand: $_____

    Other Personal Property (excluding Motor vehicles)

    Set forth make _____, model _____& serial number _____.

4

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____


Set forth make _____, model _____& serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____


Set forth make _____, model _____& serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____


Set forth make _____, model _____& serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____

5

Set forth make _____, model _____ & serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____

15. Do you own one or more motor vehicles? (circle one)

Yes

~~No~~

If yes, state the following for each vehicle owned:

a. Make, model and year of motor vehicle: _____
b. If there is a lien on the motor vehicle, state the name and address of the lien holder, and the amount due to the lien holder:
_____
c. State where Licensed and  License plate: _____
d. Vehicle identification number: _____

Set forth make _____, model _____ & serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____

Set forth make _____, model _____ & serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____

6

Purchase Price: _____

Is Finance Balance Still Due? _____

Present Value: _____

16. Do you own a business? (circle one)

Yes

No

If yes, state the following:

a. Name and address of the business:

*Solo practitioner — see #7*

b. Is the business a Corporation, sole proprietorship, or partnership? _____ *See 7*

c. The name and address of all stockholders, officers, and/or partners (use separate paper, if necessary):

_____ *See 7* _____

_____

_____

_____

_____

d. The amount of income received by you from the business during the last twelve months: $_____

17. Set forth all other judgments that you are aware of that have been entered against you and include partners (use separate paper, if necessary):

| Creditor's Name | Creditor's Attorney | Amount Due | Name of Court | Docket |
|---|---|---|---|---|
| *Joseph Chiaramonte* | *unk.* | *10,000* | *unk.* | *unk.* |
| | | | | |
| | | | | |

18. Please state the name and address of your wife.

_____ *Object* _____

19. Does your wife contribute to the support and maintenance of yourself and/or of your

7

household?

_____ *No*

20. Please state the name and address of your wife's employer.

_____ *Object, not a party to the action.*

21. Please state the amount of your wife's annual income.

_____ *Object, not a party*

22.  Please state whether your wife owns any real estate? (circle one)

    Yes

    No      *Object, not a party to the action*

If yes, state the following for each property:

    b.   Address of property: _____

        b. Date property was purchased: _____

        c. Purchase price: _____

        d. Name and address of all owners:

_____

_____

_____

e. Name and address of mortgage holder: _____

f. Balance due on mortgage: _____

g. Name and address of all tenants and monthly rental paid by each tenant:

       4. _____

       5. _____

       6. _____

23. Does the present value of your wife's personal property which include automobiles, furniture, appliances, stocks, bonds, and cash on hand exceed $1,000.00? (circle one)

Yes
No      *Objection, not a party to the action*

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing interrogatories have been served upon the pro se defendant by first class mail this 17th day of July, 2002.

Richard B. Cook

9