ORIGINAL

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG, PA**

───────────────────────────────── X

YAN SHAO,

        Plaintiff,
                                  Middle District Case
                                  No. 1:00-CV-1901
                                  (Judge Rambo)

      v.

CUCCIA, et al.

        Defendant.

───────────────────────────────── X

**Opposition to**
**Motion for Release of In**
**Camera Submissions**

FILED
HARRISBURG, PA

DEC 02 2002

MARY E. D'ANDREA, CLERK
Per _____
      Deputy Clerk

Pamela J. Day, being duly sworn, deposes and says:

1. I am the wife of the defendant Charles Day.

2. I have never been named a party to this action and have not submitted to the Jurisdiction of this Court.

3. I submit this affidavit in opposition to Richard Cook, Esq.'s motion regarding interrogatories served upon me. However, respectfully I do not consent to the jurisdiction of this Honorable Court.

4. Plaintiff served a motion to compel response to interrogatories served upon me. I submitted opposition to plaintiff's motion to this Court and have never received an order or decision on plaintiff's motion.

5. In the instant motion, plaintiff refers to an Order of this Court dated October 9, 2002 which ordered me to respond in

camera to asset interrogatories served upon me.

6. I have never been served with such an Order and plaintiff has failed to annex a copy of that Order to his moving papers. As such his motion requesting that my responses to the asset interrogatories submitted *in camera* be forwarded to him is improper as I have never been served with an Order requiring that I submit any such responses *in camera*.

7. In addition, I object to Mr. Cook's interrogatories on the grounds that I am not a party to this action and I am not responsible for the debts or obligations of Charles Day.

8. Mr. Day and I were married in February 2000. The events upon which the judgment against Charles Day occurred in 1999 prior to our marriage.

9. On November 2, 2001, prior to the entry of judgment in the within matter, I commenced an action for Divorce in the Supreme Court of the State of New York, New York County, under index number 317091/2001. That action is still pending.

10. Mr. Cook is on a fishing expedition that should not be condoned by this Court.

11. A judgment creditor must "make a threshold showing of necessity and relevance when attempting to obtain discovery of a non-judgment debtor pursuant to Rule 69(a). The interest of parties in their privacy must be balanced against the need of the judgment creditor... " <u>Blaw Knox v. AMR Industries</u>, 130 F.R.D. 400 (E.D. Wi 1990).

12. Plaintiff has failed to meet the required threshold showing of necessity and has in fact failed to set forth any basis to support her requests for my personal financial information.

13. For the sake of judicial economy, the Court is respectfully referred to my opposition to plaintiff's motion to compel my response to her interrogatories for a complete argument and applicable case law with respect to this matter.

14. In addition, Mr. Cook's spurious assertion that my *in camera* responses may be incomplete because my letter does not indicate that I am an attorney is offered for no reason other than to incite this Court. I did not indicate that I am an attorney in New York State because I am pro se and am not admitted to practice in Pennsylvania or in the Middle District Court of Pennsylvania.

15. Moreover, what Mr. Cook finds hard to believe with respect to Charles Day's income is irrelevant and is not a basis for disclosure of my personal financial records.

16. Accordingly, I respectfully request that this Court issue an Order denying all further requests for discovery of my personal financial information.

Respectfully submitted,

*Pamela J. Day*
Pamela J. Day

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG, PA

——————————————————————X

YAN SHAO,

    Plaintiff/Appellee,            Middle District Case
                                                    No. 1:00-CV-1901

v.

CUCCIA, et al.

    Defendant/Appellant.

——————————————————————X

I certify that on November 27, 2002, I served the within by First Class US Mail

**Opposition to
Motion for Release of In
Camera Submissions**

in a properly addressed envelope with proper postage on the plaintiff at

    Richard B. Cook, Esq.
    17 Jonathan's Court
    Hunt Valley, Maryland 21030


Dated: November 27, 2002
       New York, New York

                                                Pamela J. Day