

ref

ORIGINAL

92
PB 12/9

### THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

| | | |
|---|---|---|
| Yan SHAO | ) | No. 1:00 CV 1901 |
| | ) | (JUDGE Rambo) |
| plaintiff, | ) | |
| | ) | **FILED** |
| v. | ) | HARRISBURG, PA |
| | ) | DEC 0 6 2002 |
| Edward Cuccia | ) | MARY E. D'ANDREA, CLERK |
| Charles Day | ) | Per _____ |
| John / Jane Doe | ) | |
| Law Offices of Ferro & Cuccia | ) | CIVIL ACTION - LAW |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO PAMELA J. DAY'S OPPOSITION TO MOTION SEEKING RELEASE OF *IN CAMERA* SUBMISSIONS

### INTRODUCTION

On December 2, 2002, undersigned counsel for the plaintiff received an undated pleading entitled "Opposition to Motion for Release of In Camera Submissions." This document did not have a Certificate of Service attached. Nor did it contain a Procedural History or a Statement of Facts or a Statement of Questions Involved. The plaintiff and judgement creditor therefore respectfully suggests this submission be given little or no weight and that the Court GRANT the plaintiff's motion that she receive a copy of Ms. Day's *in camera* submissions, if and when they are made.

### PROCEDURAL HISTORY OF THE CASE

1

1. The plaintiff incorporates her earlier statement of the relevant procedural history of this matter.

STATEMENT OF FACTS

1. As stated in her motion to compel, on November 5, 2002, the undersigned wrote to Ms. P J Day asking her to confirm whether she had made the *in camera* submission to the Court, by November 1, 2002 as ordered. No response to this letter has been received.

2. On Nov. 12, 2002, counsel for the plaintiff received responses to interrogatories from the defendant and judgement debtor Charles Day. These responses were made pursuant to this Court's Order of October 9, 2002.

STATEMENT OF QUESTIONS INVOLVED

1. Whether Ms. Day had constructive notice of the Court's October 9 2002 Order

2. Whether the *in camera* submissions of Pamela (P J) Day may be made available to the plaintiff.

ARGUMENT

Ms. Pamela Day has received constructive notice of this Court's October 9 2002 Order but has not yet complied with it.

The plaintiff incorporates all of her earlier arguments and would add the following. In her Objection, Ms. Pamela Day does not suggest that the defendant, Mr. Day, failed to receive a copy of the Court's October 9, 2002 order. Indeed, she cannot assert this inasmuch as Mr. Day forwarded responses to the plaintiff,

which were received on November 12, 2002 and which have been attached as an exhibit to the plaintiff's earlier motion to compel more complete responses.

Inasmuch as the address Ms. Pamela Day has been using in her communications with this Court is the same as that of her husband, the defendant and judgement debtor Mr. Charles Day, the plaintiff suggests it is disingenuous of Ms Pamela Day to aver that she had no notice of this Court's October 9, 2002 Order. Furthermore, Ms. Day was sent a letter from the undersigned (appended Exhibit 1) asking her to advise whether she had complied with the Court's October 9 2002 Order. Although this letter has not been answered, Ms. Day has not denied receiving it. Furthermore, Ms. Day certainly has notice of the Court Order by now, as evidenced by her present Objection. Nevertheless, there is no indication that she has complied with the October 9 2002 Order.

A "pending" divorce is not a factor which might relieve Ms. Pamela Day of her obligations to provide information to a judgement creditor or to comply with the Orders of this Court.

Ms. Day states that, on November 2, 2001, she commenced an action for divorce in New York State. Ms. Day also states (Item 9 of her Opposition) that the divorce action is "pending." Ms. Day, an attorney licensed in New York State, has offered no authority suggesting that a pending divorce operates to preclude an inquiry into the asserts of the spouse of a judgement debtor. The plaintiff respectfully suggests, the filing of this action should have no effect upon the present proceedings before this Court.

In the jurisdiction where Mr. and Ms. Day reside, an inquiry is permitted into such matters as (1) debts owed to the judgement debtor, (2) the location of assets (even if in another state) and (3) the identity of assets which may have been transferred out of the possession of the judgement debtor within the previous six years; indeed "all matter relevant to the satisfaction of the judgement" are properly the subject of either deposition or interrogatory of the debtor and of third parties.  Civil Practice Laws and Rules, McKinney's Consolidated Laws of New York Annotated (hereinafter CPLR) 5223, generally.

The plaintiff is entitled to information concerning Ms. Pamela Day's assets because Mr. Day's assertions about his own assets are not credible.

In her Objection (items 11, 12, 15) Ms. Pamela Day argues that the plaintiff has not made an adequate showing of her entitlement to information about Ms. Day's assets. On the contrary and as argued previously, the failure of the defendant and judgement debtor Mr. Day to provide the requested details of his own financial condition (as outlined in the plaintiff's previous motion seeking more complete responses) is good and sufficient reason to inquire into the assets of his wife. Such an inquiry is permitted in the jurisdiction where Mr. and Ms. Day reside. (A non-party witness may be served interrogatories and compelled both to answer and to provide documents. CPLR 5224(a)(1) and (3).)

Furthermore, Mr. Day's own belated responses raise questions of credibility and veracity. In responses to interrogatories (received by plaintiff's counsel Nov. 12, 2002) Mr. Day has affirmed (by circling "no" at item 14 of Exhibit 1, to the plaintiff's brief in support of her motion to compel more complete responses) that he owns no automobiles or other personal property valued at

4

more than $1,000. This assertion is called into question by a credit report obtained by counsel for the plaintiff on December 1, 2002, which indicates (appended Exhibit 2, page 2) that Mr. Day has secured three loans with current balances of $42,821, $36,692 and (a mortgage obtained from Bank of America in May, 2002) $128,019.  The credit report also indicates that the monthly payments on these loans are $321, $275 and $931, respectively, which give a total monthly obligation of $1,727.

Nevertheless, Mr. Day has stated to the plaintiff (item 13 of Exhibit 1, to the plaintiff's brief in support of her motion to compel more complete responses) that he owns no real estate. He has also stated (item 7 of Exhibit 1, to the plaintiff's brief in support of her motion to compel more complete responses) that his weekly income "varies $200 -- $400." It is possible that some of the information in the credit report is out of date. However, given these contradictory statements and numbers, it is reasonable for the plaintiff and judgement creditor to inquire into the assets of Mr. Day's wife and to attempt to determine whether she has been making any of the monthly payments or whether she owns any of this property jointly with him. Contrary to Ms. Day's assertions (Item 10 of her Objection), this information is being sought for a proper reason, the execution and enforcement of the judgement of this Court.

CONCLUSION

"Obtaining a judgement is winning a battle, collecting it can be a real adventure." Borges, Enforcing Judgements and Collecting Debts in New York, West's New York Practice Series, 1996, 2001, 8-8.

This tedious and tendentious matter is still before this Court because of the failure of the defendant to comply with the Court's Order that he pay a judgement to the prevailing plaintiff. Instead, the defendant undertook a meritless appeal, which has delayed for many months the plaintiff's ability to exercise her rights to enforce this Court's judgement in another jurisdiction. (An appeal in another jurisdiction may stay enforcement in New York State. CPLR 5404(a).)

Now, in her efforts to enforce the orders of this Court, the plaintiff must direct her attention to a procedurally infirm pleading submitted by Ms. Pamela Day. The plaintiff respectfully suggests that Ms. Day's objections should cause no further delay.

The plaintiff notes that apparently no *in camera* filing has been made, despite the Court's October 9 2002 Order. Ms. Pamela Day offers the excuse that she did not receive a copy of this Order. The plaintiff suggests that she has had constructive notice of the Court's Order, three times over. Ms. Day's husband, Charles Day resides at and receives mail at an address shared with Ms. Pamela Day; he certainly did receive the Order. Also, the undersigned wrote to Ms. Day on November 5 2002 inquiring if she had complied with the order. Finally, Ms. Day's Objection gives evidence that she knows about the Order. Her Objection agues that the plaintiff should not receive her *in camera* submission; she has failed to explain why she has not, at this late date, complied at last with the October 9, 2002 Order that the submission be made to the Court.

WHEREFORE, the plaintiff and judgement creditor respectfully urges this Court to ORDER Ms. Pamela Day to comply immediately with the Court's

October 9, 2002 Order. For the reasons cited *supra* and in her earlier brief in

support of her motion, the plaintiff asks that Ms. Day be ORDERED to forward

her responses to the asset inventory to counsel for the plaintiff.

Respectfully submitted,

_____

Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

*Licensed in Maryland
And Louisiana*

*Licensed in Hawaii
(inactive)*

## Richard B. Cook

**Attorney and Counselor at Law**
**PO Box 411**
**Hunt Valley, MD 21030**
**410 683 9469**

Ms Pamela Day, Esq.
80-100 Tryon PL.
Jamaica, NY 11432
718 968 4858

November 5, 2002

Re: <u>Yan Shao v. Cuccia</u>, et al, 1:00 - CV - 1901, in the Third Circuit, 01–4327

Dear Ms. Day,

I write concerning the October 9 2002 Order of the Middle District of Pennsylvania, which ordered you, by November 1, 2002, to submit answers *in camera* to the interrogatories served upon you. I ask you to let me know if you have complied.

I hope to hear from you by Tuesday November 12, 2002.

Please let me hear from you.

Very truly yours,

ORIGINAL SIGNED

Richard B. Cook



**GREATER CALIFORNIA FINANCIAL SERVICES**

POST OFFICE BOX 3470
PASO ROBLES, CALIFORNIA 93447-3470

Qc.L 12/1/02

Richard B. Cook, Esq.

P.O. Box 411

Hunt Valley, MD 21030

PAGE 1   DATE 11-25-2002  TIME 14:18:20  V101  TNJ1

CHARLES C DAY                        SS: 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      E: CHARLES C DAY ATTORNEY
*80100 TRYON PL                      DOB: 09/01/69        RPTD: 4-02 I
 JAMAICA NY 11432-1421               SP: PAMELA
 RPTD: 9-96 TO 4-02 U 13X                                 E: LAW OFFICES OF FERRO
 LAST SUB: 1415525                                        RPTD: 5-99 I

*450 78TH ST APT B3
 BROOKLYN NY 11209-3426
 RPTD: 12-96 TO 8-97 U 2X
 LAST SUB: 2342870

*3241 214TH ST
 BAYSIDE NY 11361-1621
 RPTD: 11-91 TO 11-95 U
 LAST SUB: 1121750

*3046 DUPONT ST S
 SAINT PETERSBURG FL 33707-5705
 RPTD: 6-02 TO 7-02 I
 LAST SUB: 6906250

*1841 N KEENE RD
 CLEARWATER FL 33755-2314
 RPTD: 4-02 I
 LAST SUB: 1195350

*80 TRIYON PL
 NEW YORK NY 11432
 RPTD: 8-98 I
 LAST SUB: 1941787

*80 100TH
 JAMAICA NY 11432
 RPTD: 10-96 I
 LAST SUB: 7420000

*BAY RIDGE 21 11209
 11209
 RPTD: 12-96 U
 LAST SUB: 3902439

*JAMAICA ESTATES 21 11432
 11432
 RPTD: 8-96 U
 LAST SUB: 3902439

-------------------------------- PUBLIC RECORDS --------------------------------
*QUEENS CNTY REG COURT     4-14-99  10-07-99  1011048      $706    CIV CL SATIS
 D#: 000469545             1   PLAINTIFF:  041499 NYS TAX COMMISSION

----------------------------------- TRADES -------------------------------------

| SUBSCRIBER | | | | OPEN | AMT-TYP1 | AMT-TYP2 | ACCTCOND | PYMT STATUS |
| SUB# | KOB | TYP | TRM | ECOA | BALDATE | BALANCE | PYMT LEVEL | MOS REV | PYMT HISTORY |
| ACCOUNT # | | | | | LAST PD | MONTH PAY | PAST DUE | MAXIMUM | BY MONTH |
| *CITIBANK | | | | | 9-95 | $8,500-O | | REFINANC | CUR WAS 180 |
| 1121750 | BB | EDU | 120 | 1 | 8-01-00 | | 8-00 | (59) | BCCCCCCCC6666 |
| 6756792620 | | | | | | | | | 54321CCCCCC- |

** ACCOUNT CLOSED DUE TO REFINANCE **

```
*CITIBANK                    9-91    $2,625-O               REFINANC   CUR WAS 180
 1121750 BB EDU 120   1  8-01-00              8-00          (99) BCCCCCCCC6666
 6756792601                                                      54321CCCCCC-
 ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                    9-95    $9,500-O               REFINANC   CUR WAS 180
 1121750 BB EDU 120   1  8-01-00              8-00          (59) BCCCCCCCC6666
 6756792621                                                      54321CCCCCC-
 ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                    4-92    $4,000-O               REFINANC   CUR WAS 180
 1121750 BB EDU 120   1  8-01-00              8-00          (99) BCCCCCCCC6666
 6756792602                                                      54321CCCCCC-
 ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                    7-93    $7,500-O               REFINANC   CUR WAS 180
 1121750 BB EDU 120   1  8-01-00              8-00          (85) BCCCCCCCC6666
 6756792603                                                      54321CCCCCC-
 ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                    7-93   $10,000-O               REFINANC   CUR WAS 180
 1121750 BB EDU 120   1  8-01-00              8-00          (85) BCCCCCCCC6666
 6756792604                                                      54321CCCCCC-
 ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                    7-94    $8,500-O               REFINANC   CUR WAS 180
 1121750 BB EDU 120   1  8-01-00              8-00          (73) BCCCCCCCC6666
 6756792605                                                      54321CCCCCC-
 ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                    8-94    $1,500-O               REFINANC   CUR WAS 180
 1121750 BB EDU 120   1  8-01-00              8-00          (72) BCCCCCCCC6666
 6756792606                                                      54321CCCCCC-
 ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                    8-94    $8,500-O               REFINANC   CUR WAS 180
 1121750 BB EDU 120   1  8-01-00              8-00          (72) BCCCCCCCC6666
 6756792607                                                      54321CCCCCC-
 ** ACCOUNT CLOSED DUE TO REFINANCE **

*AMEX                        7-93    $1,093-H               CLOSED     CURR ACCT
 1229200 BC CRC    1   1 11-15-02       $0    11-02         (99) B000000000000
 019546055012342842116l                                         000000000000
 ** ACCOUNT CLOSED AT CONSUMER'S REQUEST **

*WFNNB/EXPRESS               7-97    $1,000-L    $80-H      CLOSED     CURR ACCT
 2342870 DC CHG REV   1  5-21-01       $0    5-01           (24) B000000000000
 14182102479040362           9-97     $79-A                      00000000000
 ** ACCOUNT CLOSED AT CONSUMER'S REQUEST **

 AAFES                       7-93      UNK                  PAID       CURR ACCT
 3902439 VF CHG REV   1  8-31-98              8-98          (62) B000000000000
 67567926D                                                       CCCCCCCCCCCC0

*CITIBANK                    7-00   $42,821-O               OPEN       30 WAS 60
 1121750 BB NTE 360   1 10-31-02    $44,417   10-02         (28) 1CC1CC-1CCCCC
 6756792623                 8-02       $321    $642              CCC1C2111CCC

*CITIBANK                    7-00   $36,692-O               OPEN       30 WAS 60
 1121750 BB NTE 360   1 10-31-02    $38,091   10-02         (28) 1CC1CC-1CCCCC
 6756792622                 8-02       $275    $551              CCC1C2111CCC

 BANK OF AMERICA MORTGA      5-02  $130,000-O               OPEN       CURR ACCT
 1880275 FS R/C 25Y   2 11-05-02   $128,019   11-02         ( 6) CC-CCC
 1737022008184              10-02      $931
```

```
CITI                         10-94    $4,400-L              OPEN    CURR ACCT
1240000 BC CRC REV    1   9-30-02    $4,207       9-02     (97) CCCCCCCCCCCCC
542418019482                  9-02       $83                     CCCCCCCCCCCC

MBGA/EXXON                    9-94     $150-L            INACTIVE   CURR ACCT
1602090 FF CHG REV    1   4-24-97       $0       4-96     (13) 0CCCCCCCCCCCC
CG7A4469025


------------------------------ INQUIRIES -----------------------------------
BANK OF AMERICA              4-12-02  1195350 BB
HSBC BANK USA                3-18-02  1167510 BB
FIRST AMER CR SVCS INC       1-03-02  3988260 FR     UNK R/E
FNCS/NYC MORTGAGE CORP       4-14-01  1997854 FM     UNK R/E


END -- EXPERIAN
```

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that on December 3, 2002, a copy of the appended response has been served on Pamela J. Day and on the defendant Charles C. Day by First Class Mail, postage pre-paid, to the following addresses:

Pamela Day
80-100 Tryon Place
Jamaica, NY 11432

Address provided by the New York State Court Administrator:

Charles Day, Esq.
80-100 Tryon Place
Jamaica, NY 11432

Address for Charles Day discovered by counsel for the plaintiff, via internet search:

Charles Day, Esq.
30 E. Broadway
New York, NY 10002

Richard B. Cook