● ORIGINAL ●

FILED
HARRISBURG, PA
DEC 0 9 2002
MARY E. D'ANDREA
Per _____ Deputy Clerk

THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

| | |
|---|---|
| Yan SHAO | ) No. 1:00 CV 1901 |
| | ) (JUDGE Rambo) |
| plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Edward Cuccia | ) |
| Charles Day | ) |
| John / Jane Doe | ) CIVIL ACTION - LAW |
| Law Offices of Ferro & Cuccia | ) |
| | ) |
| **Defendants.** | ) |

PLAINTIFF'S RESPONSE TO CHARLES DAY'S OPPOSITION TO THE
PLAINTIFF'S MOTION TO COMPEL COMPLETE RESPONSES

INTRODUCTION

On Dec 3, 2002, counsel for the plaintiff received Mr. Charles Day's Opposition to the plaintiff's motion seeking complete responses to asset interrogatories. This document arrived with unmarked exhibits and without a certificate of service and, apparently without having also been mailed to the plaintiff's co-counsel. The plaintiff has communicated to Mr. Day that certain of his additional responses are acceptable, but only in part and only if he dates and signs the document. Therefore, she respectfully suggests that her motion for more complete responses should not be denied as moot.

PROCEDURAL HISTORY OF THE CASE

1

1. The plaintiff incorporates by reference her previously stated procedural history.

STATEMENT OF FACTS

1. The plaintiff incorporates by reference her previous statement of the relevant facts and adds the following, more recent facts.

2. On or about November 25, 2002, the undersigned received an undated and unsigned document from Mr. Day.

3. On December 2, 2002, the undersigned responded to the Nov. 25 document in a letter to Mr. Day (Appended Exhibit 1), requesting that Mr. Day provide a date and affix his signature to the document. The undersigned also indicated to Mr. Day that his supplemental responses may preclude any further requests for judicial intervention as to certain of his responses.

STATEMENT OF QUESTION INVOLVED

Whether Mr. Day should be compelled to provide complete responses.

ARGUMENT

In supplement to previous argument (which is herewith incorporated) the plaintiff adds the following. Mr. Day's additional responses do not address the plaintiff's concerns as to items 6, 7a, 9, 16d, 18, 20-23. Mr. Day has failed to provide adequate supplemental responses, as follows:

Response to Item 6: Mr. Day has provided telephone numbers but has declined to designate which number is which. It ids not reasonable of Mr Day to leave the plaintiff to figure out what numbers to call in order to reach Mr. Day. He has avoided the expedient of simply identifying each phone number.

Specification may significant at a later point inasmuch as Mr. Day's wife has stated to this Court in another pleading that her divorce from Mr. Day is pending. Undersigned counsel believes Mr. and Ms. Day continue to share the same residence; a phone call in August 2002 to a residential telephone number for "PJ Day" elicited a voice mail recording that the number is the residence for Charles and Pamela Day. It is reasonable to ask Mr. Day to stipulate to his residential phone number.

Response to Item 7a: Asked to state his gross and his net income, Mr. Day's additional answer is no more responsive than he previous one. He should provide the amounts as requested. On or about December 1, 2002, the undersigned received information from a commercial debt collection service (appended Exhibit 2) indicating that since July 2000, Mr. Day has received loans with current balances of $42,821, $36,692 and (a mortgage obtained in May 2002 from Bank of America in May, 2002) $128,019. It is unreasonable for Mr. Day to suggest that he cannot state his income for this period when apparently he did so in order to incur significant commercial debts, while at the same time declining to pay a judgement pursuant to the Order of this Court.

Response to Item 9: Asked to identify the banks where he does business, Mr. Day's additional answer is no more responsive than he previous one. Mr. Day continues to decline to give the addresses of the two banks where he has stated he has accounts. He continues to decline to list the number of one these accounts. Furthermore, in view of the credit report (item 8 above) the plaintiff must inquire further into the existence of additional accounts through which Mr.

Day apparently conducts his affairs and incurs and discharges certain debts. Therefore, Mr. Day's undated and unsigned supplemental responses are wholly incomplete and inadequate.

Response to Item 16d. Mr. Day continues to decline to state the amount of income received by him from his business during the past 12 months. The plaintiff and judgement creditor is entitled to this information. Information received from a commercial debt collection service (details provided, *supra*) concerning certain loans taken out by Mr. Day since 2000 suggests that this information is apparently readily available to Mr. Day when he desires to use it.

Response to Item 17. Asked to specify judgements, if any, which have been made against him, Mr. Day's additional response is no more reasonable or adequate than his previous one. The information withheld is relevant to the claims of the plaintiff and she asks this Court to Order Mr. Day to provide the missing data.

Response to Item 18, 20-23: Without citing any authority, Mr. Day continues his objections to providing the name and address of his wife (item 18), her employer (item 20) her income (21) or whether she owns (22) real estate or personal property, including automobiles, appliances, stocks bonds or cash. All of this information is relevant to the plaintiff's efforts to enforce her judgement. Owing to recent information received from a commercial debt collection service (details provided, *supra*) the plaintiff desires to determine what if any property Mr. Day owns jointly with his wife. This information is sought for the sole purpose of executing the judgement of this Court.

4

## CONCLUSION

Although Mr. Day has supplemented his responses, he has not dated or signed his supplement. The plaintiff acknowledges that several of his answers are adequate, but suggests that his supplement must be signed before she may stipulate to the adequacy of any of the responses.

Mr. Day cites no authority for his continuing refusal to provide the requested information in the disputed items of inquiry.

Respectfully submitted,

_____
Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

_____
Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

*Licensed in Maryland*
*And Louisiana*

*Licensed in Hawaii*
*(inactive)*

# Richard B. Cook
**Attorney and Counselor at Law**
PO Box 411
Hunt Valley, MD 21030
410 683 9469

Mr. Charles Day, Esq.
80-100 Tryon PL.
Jamaica, NY 11432
718 968 4858

December 2, 2002

Re: <u>Yan Shao v. Cuccia</u>, et al, 1:00 - CV - 1901, in the Third Circuit, 01-4327

Dear Mr. Day

    I write concerning the receipt of a document from you. You have sent me an undated and unsigned document which appears to be a further response to the asset interrogatories I forwarded to you some weeks ago and which now are subject to a motion I have submitted to the Court.

    I think some of your responses take off the table some of my concerns about earlier, incomplete responses. However, as I said, the document you have sent me is undated and unsigned. I would like to place the document before the court or at least inform the Court that you have responded more fully in supplementation of earlier responses.

    Could you please send me the same statement you have already sent with the following addition:

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on _____, 2002.**

_____
**Signature**

Please let me hear from you.

Very truly yours,

Richard B. Cook

**GREATER CALIFORNIA FINANCIAL SERVICES**
POST OFFICE BOX 3470
PASO ROBLES, CALIFORNIA 93447-3470

rec'd 12/1/02

Richard B. Cook, Esq.
P.O. Box 411
Hunt Valley, MD 21030

```
PAGE 1    DATE 11-25-2002  TIME 14:18:20   V101   TNJ1

 CHARLES C DAY                      SS: 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      E: CHARLES C DAY ATTORNEY
*80100 TRYON PL                     DOB: 09/01/69        RPTD: 4-02 I
 JAMAICA NY 11432-1421              SP: PAMELA
 RPTD: 9-96 TO 4-02 U 13X                                E: LAW OFFICES OF FERRO
 LAST SUB: 1415525                                       RPTD: 5-99 I

*450 78TH ST APT B3
 BROOKLYN NY 11209-3426
 RPTD: 12-96 TO 8-97 U 2X
 LAST SUB: 2342870

*3241 214TH ST
 BAYSIDE NY 11361-1621
 RPTD: 11-91 TO 11-95 U
 LAST SUB: 1121750

*3046 DUPONT ST S
 SAINT PETERSBURG FL 33707-5705
 RPTD: 6-02 TO 7-02 I
 LAST SUB: 6906250

*1841 N KEENE RD
 CLEARWATER FL 33755-2314
 RPTD: 4-02 I
 LAST SUB: 1195350

*80 TRIYON PL
 NEW YORK NY 11432
 RPTD: 8-98 I
 LAST SUB: 1941787

*80 100TH
 JAMAICA NY 11432
 RPTD: 10-96 I
 LAST SUB: 7420000

*BAY RIDGE 21 11209
 11209
 RPTD: 12-96 U
 LAST SUB: 3902439

*JAMAICA ESTATES 21 11432
 11432
 RPTD: 8-96 U
 LAST SUB: 3902439

------------------------------- PUBLIC RECORDS -------------------------------
*QUEENS CNTY REG COURT       4-14-99  10-07-99  1011048       $706    CIV CL SATIS
 D#: 000469545                    1   PLAINTIFF: 041499 NYS TAX COMMISSION

----------------------------------- TRADES -----------------------------------
 SUBSCRIBER                  OPEN      AMT-TYP1    AMT-TYP2 ACCTCOND    PYMT STATUS
 SUB#   KOB TYP TRM ECOA BALDATE      BALANCE    PYMT LEVEL MOS REV    PYMT HISTORY
 ACCOUNT #                LAST PD    MONTH PAY     PAST DUE  MAXIMUM     BY MONTH

*CITIBANK                    9-95     $8,500-O                REFINANC   CUR WAS 180
 1121750 BB EDU 120       1  8-01-00                 8-00         (59)   BCCCCCCCC6666
 6756792620                                                              54321CCCCCC-
```

```
                   ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                      9-91      $2,625-O            REFINANC    CUR WAS 180
1121750 BB EDU 120    1  8-01-00                    8-00       (99) BCCCCCCCC6666
6756792601                                                           54321CCCCCC-
                   ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                      9-95      $9,500-O            REFINANC    CUR WAS 180
1121750 BB EDU 120    1  8-01-00                    8-00       (59) BCCCCCCCC6666
6756792621                                                           54321CCCCCC-
                   ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                      4-92      $4,000-O            REFINANC    CUR WAS 180
1121750 BB EDU 120    1  8-01-00                    8-00       (99) BCCCCCCCC6666
6756792602                                                           54321CCCCCC-
                   ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                      7-93      $7,500-O            REFINANC    CUR WAS 180
1121750 BB EDU 120    1  8-01-00                    8-00       (85) BCCCCCCCC6666
6756792603                                                           54321CCCCCC-
                   ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                      7-93     $10,000-O            REFINANC    CUR WAS 180
1121750 BB EDU 120    1  8-01-00                    8-00       (85) BCCCCCCCC6666
6756792604                                                           54321CCCCCC-
                   ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                      7-94      $8,500-O            REFINANC    CUR WAS 180
1121750 BB EDU 120    1  8-01-00                    8-00       (73) BCCCCCCCC6666
6756792605                                                           54321CCCCCC-
                   ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                      8-94      $1,500-O            REFINANC    CUR WAS 180
1121750 BB EDU 120    1  8-01-00                    8-00       (72) BCCCCCCCC6666
6756792606                                                           54321CCCCCC-
                   ** ACCOUNT CLOSED DUE TO REFINANCE **

*CITIBANK                      8-94      $8,500-O            REFINANC    CUR WAS 180
1121750 BB EDU 120    1  8-01-00                    8-00       (72) BCCCCCCCC6666
6756792607                                                           54321CCCCCC-
                   ** ACCOUNT CLOSED DUE TO REFINANCE **

*AMEX                          7-93      $1,093-H            CLOSED      CURR ACCT
1229200 BC CRC    1   1 11-15-02              $0    11-02      (99) B000000000000
01954605501234284211161                                              000000000000
                   ** ACCOUNT CLOSED AT CONSUMER'S REQUEST **

*WFNNB/EXPRESS                 7-97      $1,000-L    $80-H   CLOSED      CURR ACCT
2342870 DC CHG REV    1  5-21-01              $0     5-01      (24) B000000000000
14182102479040362              9-97         $79-A                     00000000000
                   ** ACCOUNT CLOSED AT CONSUMER'S REQUEST **

AAFES                          7-93        UNK               PAID        CURR ACCT
3902439 VF CHG REV    1  8-31-98                    8-98       (62) B00000000CCCC
67567926D                                                            CCCCCCCCCCC0

*CITIBANK                      7-00     $42,821-O            OPEN        30 WAS 60
1121750 BB NTE 360    1 10-31-02        $44,417    10-02       (28) 1CC1CC-1CCCCC
6756792623                     8-02        $321     $642             CCC1C2111CCC

*CITIBANK                      7-00     $36,692-O            OPEN        30 WAS 60
1121750 BB NTE 360    1 10-31-02        $38,091    10-02       (28) 1CC1CC-1CCCCC
6756792622                     8-02        $275     $551             CCC1C2111CCC

BANK OF AMERICA MORTGA         5-02    $130,000-O            OPEN        CURR ACCT
1880275 FS R/C 25Y    2 11-05-02       $128,019    11-02       ( 6) CC-CCC
1737022008184                 10-02        $931
```

```
  CITI                              10-94      $4,400-L              OPEN     CURR ACCT
  1240000  BC CRC REV     1   9-30-02      $4,207      9-02        (97) CCCCCCCCCCCC
  542418019482                 9-02          $83                                CCCCCCCCCCC

  MBGA/EXXON                         9-94       $150-L            INACTIVE    CURR ACCT
  1602090  FF CHG REV     1   4-24-97          $0       4-96        (13) 0CCCCCCCCCCCC
  CG7A4469025

  ---------------------------------- INQUIRIES ----------------------------------
  BANK OF AMERICA            4-12-02   1195350 BB
  HSBC BANK USA              3-18-02   1167510 BB
  FIRST AMER CR SVCS INC     1-03-02   3988260 FR      UNK R/E
  FNCS/NYC MORTGAGE CORP     4-14-01   1997854 FM      UNK R/E

  END -- EXPERIAN
```

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that on 12/6, 2002, a copy of the appended response has been served on the defendant by First Class Mail, postage pre-paid, to the following address:

Charles Day, Esq.
80-100 Tryon Place
Jamaica, NY 11432

_____
Richard B. Cook