IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YAN SHAO,          : CIVIL NO. 1:CV-00-1901

   **Plaintiff**   :

   v.                :

CHARLES DAY,       :

   **Defendant**   :



## ORDER

The background of this order is as follows: On November 7, 2001, the court entered judgment in the amount of $78,015.00 against Defendant in the captioned matter. On December 5, 2001, Defendant filed a notice of appeal of the court's November 7, 2001 order. By an order dated October 11, 2002, the United States Court of Appeals for the Third Circuit dismissed the appeal for failure to prosecute.

On September 10, 2002, Plaintiff filed a motion to compel discovery in aid of judgment. Specifically, Plaintiff sought responses from Defendant's wife, Pamela J. Day, regarding her personal assets. On September 25, 2002, Plaintiff filed a second motion to compel discovery in aid of judgment. That motion sought to have Defendant provide certain information regarding his personal assets.

By an order dated October 9, 2002, the court granted Plaintiff's second motion and required that Defendant submit responses to Plaintiff's judgment interrogatories. In that same order, the court, recognizing the sensitive nature of Ms. Day's personal financial information, ordered that Ms. Day submit her answers to the court for *in camera* review no later than November 1, 2002.

In response to the court's order of October 9, 2002, Defendant provided answers to Plaintiff's interrogatories which were completely bereft of any detail which might have aided execution of judgment. Additionally, Ms. Day never made any submission to chambers as required by the order.

On November 18, 2002, Plaintiff filed a motion to compel Defendant to provide further details regarding his personal assets and contact information. Although Defendant, in his response to this motion, contends that he provided this information, the court notes that Defendant failed to sign and date the supplemental responses and, in any event, the responses are still incomplete. Principally, Defendant stubbornly continues to refuse to provide information regarding his personal bank accounts and his wife's employment information, her income, and her personal assets.

On November 19, 2002, Plaintiff filed a motion for release of Ms. Day's *in camera* submissions. In response to this motion, Ms. Day indicated that she did not submit her responses for *in camera* review because the court's order of October 9, 2002 was never served on her and that she objects to the court's jurisdiction over her, a non-party to the instant suit. Moreover, she contends that the extent of her assets is irrelevant because she has filed for a divorce from Defendant.[1]

Rule 69 of the Federal Rules of Civil Procedure states, in relevant part: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided

---

[1]The court finds irrelevant Ms. Day's assertion that she never received service of the court's order of October 9, 2002. Ms. Day filed a response to Plaintiff's motion for release of her submissions. Therefore, at the very least, she was made aware, through this motion, that the court had ordered her to submit for *in camera* review, her answers to Plaintiff's interrogatories. Ms. Day, however, indicated in her response, that she has no intention of filing such responses.

in these rules or in the manner provided by the practice of the state in which the district court sits." Therefore, by its very terms, Rule 69 is not limited to parties to a particular suit. Thus, discovery from third parties in aid of judgment is contemplated by Rule 69. This is what is sometimes referred to as ancillary jurisdiction. "Ancillary jurisdiction may be exercised over third parties only to the extent necessary to enforce a federal judgment." *SEC v. Antar*, 120 F. Supp. 2d 431, 439 (D.N.J. 2000) (citing *Peacock v. Thomas*, 516 U.S. 349, 357 (1996)).

In this case, Plaintiff has obtained Defendant's credit report. That document sheds serious doubts on the veracity of Defendant's claims regarding the size of his income, the extent of his assets, and the extent to which his wife contributes to paying his expenses. Because there is reason to believe that Plaintiff may have fraudulently conveyed his assets to his wife, the court finds that Ms. Day's information regarding her personal assets is necessary to aid the court in execution of its judgment.

Neither Defendant, nor Ms. Day, have been cooperative with Plaintiff's attempts to obtain discovery in aid of execution of judgment, despite court order requiring them to do so. Accordingly, **IT IS HEREBY ORDERED THAT:**

(1) A Rule is issued against Charles Day to show cause why he should not be held in contempt of court for failure to comply with the court's order of October 9, 2002;

(2) A Rule is issued against Pamela J. Day to show cause why she should not be held in contempt of court for failure to comply with the court's order of October 9, 2002;

(3) Charles Day and Pamela Day shall appear before this court on Tuesday, January 21, 2003, at 10:00 a.m. in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania to show cause why they should not be held in contempt of court. Failure to appear at that time, date and place will result in the issuance of a warrant for arrest;

(4) The Clerk of Court is directed to serve this order on all parties to this action and upon Ms. Pamela J. Day at both 80-100 Tryon Place, Jamaica, NY 11432 and the Law Office of Justine Cuccia, 325 Broadway, New York, NY 10007.

*SYLVIA H. RAMBO*
United States District Judge

Dated: December **30**, 2002.