THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

| | |
|---|---|
| Yan SHAO | No. 1:00 CV 1901 |
| | (JUDGE Rambo) |
| Plaintiff, | |
| v. | |
| Edward Cuccia | |
| Charles Day | |
| John / Jane Doe | CIVIL ACTION - LAW |
| Law Offices of Ferro & Cuccia | |
| Defendants. | |

FILED
JAN 2 8 2003
PER _____
HARRISBURG, PA   DEPUTY CLERK

PLAINTIFF'S MOTION THAT THIS COURT EXERCISE CONTINUING SUPERVISION OF THE PARTIES UNTIL SUCH TIME AS THE PARTIES HAVE FULLY COMPLIED WITH ALL OF THE ORDERS OF THIS COURT WITH ARGUMENTS INCORPORATED

INTRODUCTION

MAY IT PLEASE THE COURT, the plaintiff respectfully suggests the past conduct of both Charles Day and Pamela Day (specified in a companion motion for sanctions) demonstrates that both Charles Day and Pamela Day have engaged in impermissible and contemptuous conduct such as to justify the continued exercise of this Court's supervision of the parties. The grounds for continued supervision are founded upon the Court's authority to impose Rule 11, Rule 37, Sec.1927 and LR 83.23.1 sanctions.

1

The exercise of the court's power to supervise parties in the interest of enforcing sanctions, if the question of jurisdiction is subsequently raised, is pertinent in the present instance inasmuch as this Court has issued a final judgement, from which an unperfected appeal was taken. The plaintiff suggests that this Court enjoys amply ongoing authority to impose sanctions under the above cited authorities.

ARGUMENT

<u>This Court may impose sanctions even in the absence of jurisdiction. The Court is therefore empowered to supervise the conduct of parties until sanctions orders and all other orders are complied with.</u>

The plaintiff ask the Court to note that she has moved the Court, simultaneously with this motion, to consider and to find Charles and Pamela Day have violated Rule 11 and Rule 37 of the Federal Rules of Civil Procedure as well as LR 83.23.1, and 28 U.S.C.A. § 1927. Additional grounds for continuing supervision are to be found in the inherent powers of a district court to manage its docket as well as to supervise both the in-court and the out-of-court conduct of parties and lawyers, who appear before the Court. It is, therefore, suggested that continuing supervision is warranted even if this Court subsequently is found no longer to retain subject matter jurisdiction over this case.

Citing <u>Willy v. Coastal Corp.</u>, 503 U.S. 131 (1992), the Third Circuit has instructed "there is abundant authority permitting the imposition of sanctions in the absence of jurisdiction over a case." <u>Orthopedic Bone Screw Prods. Liab. Litg.</u> 193 F.3d 781, 789 (3d. Cir.1999). The <u>Willy</u> Court held, at 138, that Rule 11

2

sanctions survive a later finding that the Court lacked subject matter jurisdiction over the underlying case.

Therefore, a district court may at all times enforce rules related to sanctions imposed upon parties and their counsel as well as rules governing attorney discipline. To view the matter otherwise would deprive a district court of the power to deter improper conduct should a lack of jurisdiction subsequently be found.

## CONCLUSION

The remedy proposed by the plaintiff in a companion motion for sanctions is predicated upon the retention by this Court of supervision of the parties and their counsel via various statutory mechanisms and the Court's inherent powers to correct improper conduct of parties and counsel appearing before the Court. Court supervision may extend to oversight of the payment of the Court's own judgement and any additional sanctions the Court in its sound discretion may impose. WHEREFORE, the plaintiff respectfully requests this Court exercise supervisory powers over the parties until all of the Court's orders have been complied with.

Respectfully submitted,

Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

3

## LR 7.1 CERTIFICATE OF NONCONCURRENCE

Undersigned counsel for the plaintiff certifies that the preceding motions have been served upon Charles Day and upon Pamela Day but that no concurrence prior to their filing has been obtained. On January 15, 2003, the undersigned called Mr. Day at 212 274 8408 and confirmed this was his answering service. The undersigned left his number but no return call has been received. On January 23, 2003 an attorney, Harold Herman, called the undersigned and indicated that he represented Mr. Day in the interest of seeking a settlement of the plaintiff's claims, but not for purposes of representing either Charles Day or Pamela Day before this court.

Respectfully submitted,

Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that on January 28, 20-02, a copy of each of the appended motions has been served upon Charles Day and upon Pamela Day:

__✓__ by personal delivery

_____ by First Class Mail, postage pre-paid, to the following addresses:

Charles Day, Esq.
80-100 Tryon Place
Jamaica, NY 11432

Charles Day, Esq.
30 E. Broadway
New York, NY 10002

Pamela Day, Esq.
80-100 Tryon Place
Jamaica, NY 11432

_____
Richard B. Cook