2 to at

104
1/29/03
vfg

## THE UNITED STATES DISTRICT COURT
### Middle District of Pennsylvania
### Harrisburg, PA

Yan SHAO                   )     No.  1:00 CV 1901
                           )     (JUDGE Rambo)

Plaintiff,              )

         v.             )

Edward Cuccia           )
Charles Day              )
John / Jane Doe          )     CIVIL ACTION  - LAW
Law Offices of Ferro & Cuccia   )
                           )

Defendants.           )

FILED

JAN 2 8 2003

PER _____
HARRISBURG, PA  DEPUTY CLERK

BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION THAT CHARLES DAY AND PAMELA DAY BE HELD IN
CONTEMPT PURSUANT TO RULE 11 AND RULE 37 OF THE FEDERAL
RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1927, LOCAL RULE 83.23.1 AND
THE POWERS INHERENT IN A DISTRICT COURT TO MANAGE THE
COURT'S BUSINESS

Table of Authorities

Rules and Statutes:

Rule 11 of the Federal Rules of Civil Procedure                Page 1, 5, 6, 9

Rule 37 of the Federal Rules of Civil Procedure               Page 1, 6, 9

28 U.S.C.A. § 1927                                             Page 1, 6, 9

Local Rule 83.23.1                                            Page 1, 7, 9

Cases:

Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991)              Page 3

Eash v. Riggins Trucking, Inc., 757 F.2d, 557
    562-63 (3d Cir. 1985)                                    Page 4, 5, 6, 7

Gaiardo v. Ethyl Corp., 835 F.2d 479
    (3d Cir. 1987)                                            Page 6

Gillette Foods, Inc. v. Bayernwald-Fruchteverwertung,
    GmbH, 977 F.2d 809 (3d Cir. 1992)                         Page 4

Landon v. Hunt, 938 F.2d 450 (3d Cir. 1991)                  Page 4, 6

In re: Tutu Wells Contamination Litigation,
    120 F.3d 368 (3d Cir. 1997)                               Page 5

Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90
    (3d Cir. 1988)                                            Page 6

Newton v. A.C.&S., Inc., 918 F.2d 1121
    (3d Cir. 1990)                                            Page 6

Republic of Philippines v. Westinghouse Electric
    Corp., 43 F.3d 65 (3d Cir. 1994)                          Page 4

Simmerman v. Corino, 27 F.3d 58
    (3d Cir. 1994)                                            Page 5

**THE UNITED STATES DISTRICT COURT**
**Middle District of Pennsylvania**
**Harrisburg, PA**

| | | |
|---|---|---|
| Yan SHAO | ) | No. 1:00 CV 1901 |
| | ) | (JUDGE Rambo) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Edward Cuccia | ) | |
| Charles Day | ) | |
| John / Jane Doe | ) | CIVIL ACTION  - LAW |
| Law Offices of Ferro & Cuccia | ) | |
| | ) | |
| | ) | |
| <u>Defendants.</u> | ) | |

BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION THAT CHARLES DAY AND PAMELA DAY BE HELD IN
CONTEMPT PURSUANT TO RULE 11 AND RULE 37 OF THE FEDERAL
RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1927, LOCAL RULE 83.23.1 AND
THE POWERS INHERENT IN A DISTRICT COURT TO MANAGE THE
COURT'S BUSINESS

THE MOTION

MAY IT PLEASE THE COURT, in an appended motion, the plaintiff moves

the Court to find Charles Day and Pamela Day have acted contemptuously

towards the Court and have injured the plaintiff by their misconduct. The plaintiff

moves the court to impose sanctions upon them pursuant to violations of (1) Rule

11 and (2) Rule 37 of the Federal Rules of Civil Procedure, (3) 28 U.S.C.A.

§ 1927, (4) Local Rule 83.23.1 and (5) the powers inherent in a district court to

manage the court's business.

1

## INTRODUCTION

As argued, *infra*, this motion itself constitutes fair notice to Charles Day and Pamela Day that the plaintiff is asking this Court to sanction them and that there is no need for a hearing before this motion may be decided. Furthermore, the appended Order specifies with particularity the sanction to be levied by the Court.

## ARGUMENT

Charles Day and Pamela Day have refused either to obey this Court's Orders or to cooperate with the plaintiff in her reasonable expectation that this Court's November 7 2001 Order will be obeyed.

The Court, in its December 30 2002 Ruling, has specified the conduct that prompted the Court to order Charles Day and Pamela Day to show cause in a hearing why they should not be held in contempt. The Court stated that Charles and Pamela Day had failed to follow previous orders of this Court. In its order, the Court did not specify which, if any rule or statute Charles Day or Pamela Day may have breached. It is, therefore, the presumption of the plaintiff through her counsel that the court intends to invoke its inherent powers in an inquiry whether these parties have engaged in bad faith.

The plaintiff suggests that the refusal of Charles and Pamela Day to follow court orders parallels out-of court conduct, which is also subject to sanction under specific rules and statutes. This conduct may be described as a refusal by Charles Day and by Pamela Day to extend reasonable cooperation to the plaintiff, as herein specified.

2

Mr. Day has failed to return phone calls or answer mail. (Please see appended Exhibit 1, a letter to Mr. Day asking that he return phone calls and sign a document submitted to this court).

Both Charles Day and Pamela Day have failed to respond to written requests. (Please see appended Exhibit 1 [described *supra*] and Exhibit 2, which is a letter to Pamela Day asking that she confirm whether she had complied with a court order regarding *in camera* submissions.)

Both Mr. Charles Day and Ms Pamela Day have declined to accept certified mail at an address which each of them, in submissions to this Court, has represented as their business address. (Please see Appended Exhibits 3 and 4, which are items of unclaimed certified mail sent to Charles Day and to Pamela Day, respectively, to 80-100 Tryon Place, Jamaica NY 11432, an address which each of them has used in submissions to this Court as a return address.)

The failure to return phone calls, answer mail and claim certified mail has frustrated plaintiff's counsel's reasonable attempts to engage in routine communications with Charles Day and Pamela Day. These derelictions are in addition to the failings about which this Court has taken note in the Court's December 30 2002 Order, i.e., Mr. Day's inadequate and possibly misleading responses as to his assets and Ms. Pamela Day's failure to submit *in camera* responses, as ordered so to do.

For purposes of regulating the conduct of parties and counsel this Court may impose discipline pursuant to the Court's inherent powers.

The Supreme Court has affirmed a district court's inherent powers to discipline attorneys appearing before it. Chambers v. NASCO, Inc., 501 U.S. 32,

50 (1991). Furthermore, in this Circuit, the Court has instructed, "the most prominent" of a district court's powers to adjudicate cases in an orderly and efficacious manner is the contempt power. Eash v. Riggins Trucking, Inc., 757 F.2d, 557, 562-63 (3d Cir. 1985).

Sanctions based upon a court's inherent powers may not always require a showing of bad faith but should be invoked only when no other basis for sanctions exists.

The inherent power of a district court to sanction attorneys usually requires a finding of bad faith and should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists.. Gillette Foods, Inc. v. Bayernwald-Fruchteverwertung, GmbH, 977 F.2d 809 (3d Cir. 1992) at 813  ("[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") See also Landon v. Hunt, 938 F.2d 450 (3d Cir. 1991) (per curiam) at 454 ("[A] prerequisite for the exercise of the district court's inherent power to sanction is a finding of bad faith conduct."). However, sanctions imposed under the court's inherent authority do not always require a showing of bad faith. See Republic of Philippines v. Westinghouse Electric Corp., 43 F.3d 65, 74 n.11 (3d Cir. 1994). Therefore, the plaintiff respectfully suggests that this Court assess the conduct of Charles Day and Pamela Day in light not only of its inherent power in light also of the rules cited herein.

Absent a finding of subjective bad faith a district court should specify the grounds upon which discipline is to be imposed.

The Court's December 30 2002 Order has given notice to Charles Day and Pamela Day that they are to show cause why they should not be subjected

4

to sanction for having improperly attempted to hide assets and otherwise failed to follow the orders of this Court. Therefore, the Court December 30th Order is sufficient to alert the parties in question of the Court's suspicions that they may have engaged in bad faith

Beyond an inquiry involving subjective bad faith (based in this instance upon the court's inherent powers), a more particularized notice appears to be required when sanctions are to be based upon a specific rule of conduct. "The party against whom sanctions are being considered is entitled to notice of the legal rule on which the sanctions would be based, the reasons for the sanctions, and the form of the potential sanctions." In re: Tutu Wells Contamination Litigation, 120 F.3d 368, 379 (3d Cir. 1997).(citing Simmerman v. Corino, 27 F.3d 58, 64 (3d Cir. 1994)) "[O]nly with this information can a party respond to the court's concerns in an intelligent manner." Id. Therefore, the plaintiff respectfully suggests that all of the above cited conduct of Charles Day and Pamela Day (including the hiding of assets--if proven) is subject to sanction under the rules herein invoked, including but not limited to the Court's inherent powers. Notice and an opportunity to respond are sufficient steps to comply with due process requirements concerns. Eash, 570-71; see also Simmerman v. Corino, Id. An additional hearing, therefore,  is not required.

Rule 11 sanctions do not require a finding of bad faith

Rule 11 authorizes imposition of sanctions upon the signer of any pleading, motion or other paper that was presented for an improper purpose,

e.g., "to harass or to cause unnecessary delay or needless increase in the cost of litigation." Landon, *supra* at  452.

Rule 11 sanctions are based on " 'an objective standard of reasonableness under the circumstances.' " *Id.* at 453, note 3 (quoting Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir. 1988)).  Bad faith is not required. *Id.*  Therefore, because bad faith is not required, the plaintiff asks this Court to impose sanctions for the improper conduct of Charles Day and Pamela Day as proposed in the appended order, whether the Court finds Charles Day and Pamela Day (or either of them) has engaged in bad faith.

Rule 37 sanctions are available when noncompliance with a court's discovery order is found; a finding of contempt authorizes a range of sanctions in addition to "reasonable expenses".

When paired with a finding of contempt, both monetary (for "reasonable expenses") and non-monetary sanctions are available pursuant to a Rule 37 failure to comply with discovery. Newton v. A.C.&S., Inc., 918 F.2d 1121, 1126 (3d Cir. 1990). Therefore, the plaintiff asks this court, if it finds the parties in contempt, to impose sanctions pursuant to Rule 37, as proposed in the appended order.

Section 1927 sanctions require a finding of bad faith.

Unlike Rule 11 (see discussion *supra*), Section 27 requires the court to find the impermissible conduct included bad faith. Gaiardo v. Ethyl Corp., 835 F.2d 479, 484 (3d Cir. 1987). In addition, Section 1927 authorizes only the imposition of costs and expenses that result from the particular misconduct the court sanctions. Eash, *supra*, at 560.  Section 1927 also limits these costs and

expenses to those that could be taxed to a losing party under 28 U.S.C.A. § 1920

(West 1994). *Id.* Therefore, the plaintiff asks this Court, should bad faith be

imputed to the conduct of either Charles Day or Pamela Day, that the plaintiff be

permitted to submit a statement of costs to be taxed to any party found to have

engaged in conduct which included bad faith.

Local Rule 83.23.1 empowers this Court to tailor sanctions, as appropriate.

Local Rule 83.23.1 reads in pertinent part that this district court is

empowered by its own rules to subject an offending attorney "to such other

disciplinary action as the circumstances may warrant."

Sanctions should be appropriately tailored to address the contemptuous conduct.

District courts enjoy the authority under their inherent power to employ

instruments and persons, even those unconnected with the court, to aid in their

decision making. See Eash, *supra* at 563. Therefore, the proposed remedy may

be effected by the appointment of a master or magistrate judge, who could (1)

oversee the collection of information as to resources and assets subject to levy

and (2) convene a conference of the parties intended to elicit (a) a compromise

settlement of the amount owed and (b) a deadline by which the judgement will be

paid. This remedy may also entail a continuance or bifurcation of the show cause

hearing until a fixed date at which time the Court receives a report that the

parties subject to the show cause rule have complied with all of the Court's

Orders (Please see the proposed appended order.)

CONCLUSION

In a companion motion the plaintiff respectfully moves this Court to withhold its decision as to the sanctioning of either Charles Day and Pamela Day pursuant to its December 30 2002 Order until these parties have had a reasonable opportunity to be heard in response to the present motion. The present motion specifies the conduct complained of and invokes the rules by which this conduct may be sanctioned. Furthermore, the appended Order specifies with particularity the sanction to be levied by the Court.

Undersigned counsel believes the offensive conduct of the parties is intended by them completely to avoid ever making any payments to the plaintiff. Therefore, it is suggested, the remedy for this misconduct should effectively addresses both the objectionable conduct and the interests of the prevailing plaintiff. The absence of a remedy that addresses the interests of the plaintiff that her judgement promptly be paid is likely to continue to frustrate her efforts to benefit from having prevailed in this Court in the first instance.

The plaintiff has been required to look to information from third parties because of the absolute refusal of the defendant judgement creditor to pay the judgement, as ordered by this Court. Nor has the defendant prosecuted a proper appeal, which he filed nor has he responded to reasonable discovery served upon him in the interest of enforcing this Court's judgement against him. As far as is known by the plaintiff, Pamela Day still has not made any *in camera* submissions to the court, as ordered months ago. This misconduct has lead to months of delay. It is to be hoped that the proposed remedy will end this delay.

The remedy proposed by the plaintiff is predicated upon the retention by this Court of supervision of the parties and their counsel via Rule 11 and Rule 37, Section 1927 restraints, the Local Rules of this Court and the Court's inherent powers and, by so doing, oversee the payment by the defendant of the Court's own judgement as well as otherwise comply with any additional sanctions the Court in its sound discretion may impose. The plaintiff respectfully suggests this remedy does not exceed the boundaries of an appropriate judicial response to the offensive conduct in question.

Respectfully submitted,

_____
Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

_____
Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

9

Licensed in Maryland
And Louisiana

Licensed in Hawaii
(Inactive)

# Richard B. Cook

**Attorney and Counselor at Law**
PO Box 411
Hunt Valley, MD 21030
410 683 9469

Mr. Charles Day, Esq.
80-100 Tryon PL.
Jamaica, NY 11432
718 968 4858

via fax to 212 274 9960

Mr. Charles Day, Esq.
30 E. Broadway
New York City, NY 10002
212 274-8408

January 17, 2003

Re: Yan Shao v. Cuccia, et al, 1:00 - CV - 1901, in the Third Circuit, 01-4327

Dear Mr. Day

I have written to you on several occasions concerning your failure to pay the assessments and judgements, which you have been ordered to pay by the United States District Court in the Middle District of Pennsylvania and also by the Third Circuit in Philadelphia. You have neither paid the judgements or responded to these communications. On January 15, 2003, I called your answering service in Manhattan (212 274 8408) and left my number with the service. I have no record that you have returned this call.

I write once again concerning the judgement issued by Judge Rambo in November 2001. The amount of the judgement is $78,015.00, excluding interest. On behalf of my client, I ask that you make full and immediate payment. On Jan 3 2003, I wrote to you asking you to pay the sanctions imposed upon you by the Third Federal Circuit. You have not responded. Please pay the assessment made against you by the Third Circuit. You may make these payments by forwarding one or more certified checks to the address above, with the check made to the order of Yan Shao and Richard B. Cook.

I have also written to you on earlier occasions asking that you forward a SIGNED AND DATED copy of your amended responses to the asset discovery interrogatories. Once again, I ask: please send me a signed and dated copy of your amended responses.

Very truly yours,

Richard B. Cook

## DECLARATION

I submit this declaration pursuant to 28 U.S.C. 1746.

1) My name is Richard B. Cook. I am an attorney licensed to practice law in Louisiana, Maryland and Hawaii (inactive).

2) I certify that the appended letter was forwarded via first class mail on January 22 2003 to M. Charles Day to the addresses specified in the letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___Janurary 22__, 2003.

Signature

2

*Licensed in Maryland*
*And Louisiana*

*Licensed in Hawaii*
*(inactive)*

# Richard B. Cook
*Attorney and Counselor at Law*
PO Box 411
Hunt Valley, MD 21030
410 683 9469

Ms Pamela Day, Esq.
80-100 Tryon PL.
Jamaica, NY 11432
718 968 4858

November 5, 2002

Re: <u>Yan Shao v. Cuccia</u>, et al, 1:00 - CV - 1901, in the Third Circuit, 01-4327

Dear Ms. Day,

I write concerning the October 9 2002 Order of the Middle District of Pennsylvania, which ordered you, by November 1, 2002, to submit answers *in camera* to the interrogatories served upon you. I ask you to let me know if you have complied.

I hope to hear from you by Tuesday November 12, 2002.

Please let me hear from you.

Very truly yours,

ORIGINAL SIGNED
Richard B. Cook



U.S. POSTAGE
PAID
COCKEYSVILLE, MD
JUL 23 '02
AMOUNT
$5.34
00056101-02

CERTIFIED MAIL

RICHARD B COOK ESQ
PO Box 411
Hunt Valley MD 21030

RETURN RECEIPT
REQUESTED

7000 0600 0027 9113 3175

UNCLAIMED

CHARLES DAY
80-10 Tryon Place
Jamaica, NY 11432

Richad B. Cook, Esq
PO Box 411
Hunt Valley, MD 21030

Columbian.™ 90 Clasp (9 x 12)
FIBER CONTENT.
MINIMUM 20% POST-CONSUMER
RECYCLED PAPER.

PLACE STICKER AT TOP OF ENVELOPE
TO THE RIGHT OF RETURN ADDRESS.
FOLD AT DOTTED LINE

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

CHARLES DAY
90-100 TEYON PL
JAMAICA, NY 11432

2. Article Number
   (Transfer from service label)      7000 0600 0027 9113 3175

PS Form 3811, August 2001      Domestic Return Receipt      102595-01-M-2509.

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____    ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

P J DAY
80-100 Tryon Pl
Jamaica, NY
11432

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7000 0600 0027 9113 3182

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509



CERTIFIED MAIL

U.S. POSTAGE
PAID
COCKEYSVILLE, MD 21030
JUL 17 '02
**AMOUNT**
**$5.11**
00019441-11

UNITED STATES
POSTAL SERVICE

0000

7000 0600 0027 9113 3142

RICHARD B. COOK ESQ
PO Box 411
Hunt Valley, MD 21030

RETURN RECEIPT
REQUESTED

Richad B. Cook, Esq
PO Box 411
Hunt Valley, MD 21030

Name 64
1st Notice
2nd Notice
Return 7/21/02

P. J. Day
80-100 Tryon Place
Jamaica, NY 11432

## LR 7.1 CERTIFICATE OF NONCONCURRENCE

Undersigned counsel for the plaintiff certifies that the preceding motions have been served upon Charles Day and upon Pamela Day but that no concurrence prior to their filing has been obtained. On January 15, 2003, the undersigned called Mr. Day at 212 274 8408 and confirmed this was his answering service. The undersigned left his number but no return call has been received. On January 23, 2003 an attorney, Harold Herman, called the undersigned and indicated that he represented Mr. Day in the interest of seeking a settlement of the plaintiff's claims, but not for purposes of representing either Charles Day or Pamela Day before this court.

Respectfully submitted,

_____
Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that on January 28, 20-02, a copy of each of the appended motions has been served upon Charles Day and upon Pamela Day:

_____ by personal delivery

_____ by First Class Mail, postage pre-paid, to the following addresses:

Charles Day, Esq.
80-100 Tryon Place
Jamaica, NY 11432

Charles Day, Esq.
30 E. Broadway
New York, NY 10002

Pamela Day, Esq.
80-100 Tryon Place
Jamaica, NY 11432

_____
Richard B. Cook