THE UNITED STATES DISTRICT COURT
Middle District of Pennsylvania
Harrisburg, PA

| | | |
|---|---|---|
| Yan SHAO<br><br>Plaintiff,<br><br>v.<br><br>Edward Cuccia<br>Charles Day<br>John / Jane Doe<br>Law Offices of Ferro & Cuccia<br><br>Defendants. | ) | No. 1:00 CV 1901<br>(JUDGE Rambo)<br><br>CIVIL ACTION - LAW |

FILED
HARRISBURG, PA
FEB 12 2003
MARY E. D'ANDREA, CLERK
Per

PLAINTIFF'S BRIEF IN RESPONSE TO ISSUES RAISED
AT JANUARY 28 2003 SHOW CAUSE HEARING

## INTRODUCTION

MAY IT PLEASE THE COURT, the plaintiff, through her counsel respectfully suggests that the January 28 2003 testimony of the parties did not exonerate these parties, who were before the court pursuant to the court's order that they show cause why they should not be held in contempt.

## PROCEDURAL HISTORY

On January 28, 2003, the court convened a hearing wherein Mr. Charles Day and Ms. Pamela Day should show cause why they should not be held in contempt.

## STATEMENT OF FACTS

At the hearing Charles Day and Pamela Day offered testimony, including documents. Some of the documents submitted were given to the court pursuant to an earlier order requiring *in camera* submissions.

STATEMENT OF QUESTIONS INVOLVED

1. whether the testimony and documents offered by Charles Day is sufficient to exonerate him from a finding of contempt
2. whether the testimony and documents offered by Pamela Day is sufficient to exonerate her from a finding of contempt

ARGUMENT Re MR. CHARLES DAY

Mr. Charles Day's testimony was evasive. The documentary evidence offered in support of his contention that he has not concealed assets is inconclusive. Because Mr. Day is not forthright and cooperative in the inquiry into assets subject to execution, an order imposing sanctions is appropriate.

Details of the real estate transaction remain obscure:

By way of explaining his participation in a real estate transaction in the state of Florida, Mr. Charles Day testified that a third party permitted him and his wife, Ms. Pamela Day be listed as debtors on a mortgage for the purpose of rehabilitating his credit and that of his wife. Mr. Day asserted that he paid none of his own money in order to be deemed a borrower nor has he made any payments toward deferring the mortgage. (Ms. Pamela Day's testimony contradicted her husband's, in that she stated her own credit did not need "very much" rehabilitation. Ms. Pamela Day also testified that she and her mother reside in the house in question in Florida and they are paying rent. It is not clear

from the testimony if the occupants of the house are paying with the expectation of eventually taking ownership of the property.)

Questions as to rights and duties related to a commercial loan would appear to be susceptible to resolution via documentary evidence. Such evidence could include a copy of the original loan application of the prospective debtors and/or a copy of the promissory note. Unfortunately, neither Mr. Charles Day nor Ms. Pamela Day offered any documentary evidence whatsoever to aid this Court or to support any of their contentions concerning this property.

The only document placed before the Court that has any bearing on the Florida real estate transaction is a Form 1088 Mortgage Interest Statement. This document could be interpreted to contradict Mr. Day's testimony, inasmuch as a Form 1088 appears to be a document created after the fact of the loan intended to be used by borrowers to reduce their taxes for having made mortgage interest payments. Both Mr. Charles Day and Mrs. Pamela Day are listed as borrowers on the 1088. Presumably, either of them or both of them may submit this form with their 2002 tax returns and thereby reduce their tax liability. This document simply does not support Mr. Day's contention that he and his wife are gratuitously listed on the loan but have paid nothing, have received nothing and are not the actual owners of the property.

Mr. Day offered Ambiguous Testimony on January 28 2003.

Mr. Day offered no practical assistance to this court in getting to the bottom of the real estate transaction in question. He simply made bald and unsupported statements. Mr. Day appears virtually to defy the court to hold him

in contempt. The plaintiff respectfully suggests this Court should not be further vexed by Mr. Day's failure to offer documentary evidence as to matters, when he is very well positioned to provide complete but missing information.

Mr. Day continues to refuse to provide good faith responses to reasonable post-judgement requests for information.

On January 28 2002 Mr. Day responded for the third time to the plaintiff's requests for information, which were first sent to him via certified mail on July 23, 2002. (Please see Exhibit 3, appended to the plaintiff's January 28, 2003 motion for sanctions.) Mr. Day's subsequent responses were triggered only after the plaintiff sought judicial supervision. Each response falls well short of reasonable cooperation. For example, Mr. Day's January 28 2003 response, his third, runs as follows:

Re. Item 7a (his weekly salary) - "Employment was dealt with in my supplemental responses."

Re Item 7b (his previous employment) - "Is not applicable."

Re Item 9 (address of banks where he does business) - "Whitestone NY" and "NY NY" and "NY NY."

Re Item 16d (his business income during the previous 12 months) - "Income has not yet been assessed."

The plaintiff has been seeking this information for more than 6 months. On Jan. 28 2003, Mr. Day overlooked this fact and began a colloquy as to which 12 month period the inquiry into his income might apply. Mr. Day's intransigence continues. Despite this Court's explicit order to Mr. Day on January 28, 2003 that

he provide the missing information, he has not, as of this date, provided anything further.

The plaintiff respectfully suggests, as specified in her proposed order for sanctions, this Court find Mr. Day in contempt. The complained of conduct, as detailed previously, includes the following, in summary form.

1. Mr. Day's refusal to sign his name to an amended discovery response
2. Mr. Day refusal to pay the judgement of this Court
3. Mr. Day's refusal to respond to reasonable communications, whether by phone, letters sent to him via first class mail or via certified mail
4. Mr. Day's multiple submissions of tardy, obscure and confused responses

To this summary now can be added Mr. Day's evasive and unhelpful presentation on January 28, 2003.

ARGUMENT Re MS. PAMELA DAY

Concerning her failure to respond to the orders of this Court, Ms. Pamela Day's testimony deflected responsibility away from herself but upon Mr. Day. Furthermore, Ms. Pamela Day was not candid as to having caused her own difficulties in receiving her mail, including orders from this Court. She concealed from the Court, the fact of her status as an attorney.

Ms. Day's Difficulties Receiving her Mail.

In candor to the court, the plaintiff wishes to withdraw, through counsel, her earlier complaint that Ms. Day did not pick up certified mail sent to her on July 17, 2002 at the Tryon Place address. The certified mail envelope in question (see the plaintiff's Exhibit 4, appended to her January 28 2003 motion for sanctions) does not contain a clear indication from the Post Office that a notice to

recover this mail was actually left for Ms. Day. Therefore, the plaintiff does not believe this envelope can be used as evidence that Ms. Day failed to pick up her mail in July 2002..

Despite the failure of the Post Office to document whether any certified mail notices were left for Ms. Day in July 2002, the question of Ms. Day's proper business address, unfortunately, is confused. On October, 2, 2002, Ms. Pamela Day used the Tryon Place address in a submission to this court. Nevertheless, her official business address as maintained by the administrator of the New York state court's system is a completely different address. Please see the plaintiff's Exhibit 1, appended below, which indicates the correct address for Ms. Pamela Day's legal business was, until at least November 15, 2002, the law offices of Justine Cuccia, 325 Broadway, New York NY 10007. Please also see the plaintiff's counsel November 2002 LR 26.3 Certification of Conference to Resolve [Discovery] Objections (also appended below as Exhibit 2), which indicates efforts made and the difficulties encountered at that time, in trying to communicate with either Pamela or Charles Day prior to bringing motions before this Court.

Even Ms. Pamela Day's official 325 Broadway address was no good during the time she had it listed with the New York State court's administrator, as the appended declaration (Exhibit 3, below) attests. This appended declaration indicates that the 325 Broadway (Lobby) address changed in August 2001 to 350 Broadway, Suite 1103. Even the zip code had changed.

On Jan 28 2003, Ms. Day stated that her currently correct address is that of her sister, Karen Simonson, 152 -16 Roosevelt Ave, Flushing, NY 11354 . To the great frustration of the plaintiff, the present state of affairs is that neither this court nor the plaintiff can have confidence that Ms. Day can be communicated with by mail.

Had Ms. Pamela Day kept current her business address, updating it within 30 days of any change, she might have received mail routinely. (Please see Rules of the Chief Administrator, Part 118.1 (f), appended as Exhibit 4, below). Unfortunately, neither Charles Day (appended Exhibit 5) nor Pamela Day (Appended Exhibit 1) have keep their business addresses current. Neither of them should now be heard to seek to excuse themselves for alleged mail difficulties, when they have failed to maintain a current mailing address.

Ms. Day has failed to identify herself to this Court as a lawyer.

As noted previously in submissions by the plaintiff, Ms. Pamela Day repeatedly has failed to identify herself to this Court as a lawyer. She did not correct this omission even in her January 27 2003 affidavit. Her status as a lawyer was acknowledged upon examination by this Court on January 28, 2003. Had the plaintiff not investigated this matter and brought forward this information, and had the Court not interrogated Ms. Pamela Day on this point under oath, there is no reason to believe Ms. Day ever would have admitted she is a lawyer.

By concealing her status as an officer of the court, Ms. Day, appearing *pro se,* possibly could have deflected complaints about her confused and uncertain addresses and the requirement that a lawyer must keep her business address

current. By concealing her membership in the bar of New York State, she could also have avoided any application of this Court's inherent powers to supervise the conduct of attorneys who appear before it and whose misconduct may predate admission to the court's jurisdiction. Please see Stratmore v State Bar of California, 14 Cal 3d 887, 538 P2d 229 [Sup Ct Cal 1975] (court has authority to discipline attorney for pre-admission misconduct). See also Norfolk and Portsmouth Bar Ass'n v Drewry, 161 Va 833, 172 SE 282[Sup Ct Va 1934] (attorneys are court officers and the court has inherent power to discipline them); Gould v State, 99 Fla 662, 127 So 309 [Sup Ct Fla, Div. A 1930] (courts have inherent power to control conduct of attorneys in order to maintain its dignity).

Each of these cases has been cited with approval by a court in New York State, the jurisdiction where both Charles Day and Pamela Day are licensed to practice law. Please see Wong v. Wong, 275 A.D.2d 1, 19, 710 N.Y.S.2d 57, N.Y.App.Div. 06/29/2000) which opines (at page 20), "[A]ttorneys are subject in the first instance to the power and control of the courts." Only with difficulty can a court exercise these plenary powers if a lawyer conceals from the court the fact that she is a lawyer.

Pamela Day's absence of candor

In her January 27 2003 affidavit in opposition to contempt does Ms. Pamela Day mentions for the first time that she may have been out of town from October 20-24, 2002, and for that reason, she states, "I did not see the [Oct 9 2002] order received by Charles Day" (the affidavit, paragraph 4). Ms. Day then goes on to affirm (paragraph 5) she "did not learn that the court had ordered that

I provide answers [. . .] until I received a copy of the Plaintiff's motion for the release of my responses."

These statements betray a lack of candor to this Court. Ms. Day acknowledged on cross examination on January 28, 2003, that she received notice of the court's October 9, 2002 order via a November 5, 2002 letter from the undersigned asking if she had complied with the order. (A copy of this letter is attached to the plaintiff's January 28 2003 brief in support of sanctions, as Exhibit 2.) Ms. Day's January 28 testimony also belies another of her affidavit statements, i.e., "I have been denied my right to timely appeal the [Oct 9 2002] order, having learned of it past the time for which an appeal can be taken" (the affidavit at paragraph 6). Having acknowledged under oath on January 28, 2003 that she received a November 5. 2002 letter from the undersigned notifying her of the court's order, Ms. Day could have filed a notice of appeal or requested a stay. She might also have sought relief from this Court pursuant to LR 4.2 (appropriate relief is available for prejudice shown by failure to receive notice).

Ms. Day took none of these actions, it is suggested, because she had not been prejudiced except by her own failure as a lawyer to maintain a reliable means of receiving first class and certified mail. At the Jan 28th hearing, Ms. Day did not pursue the issue of relief from any alleged faulty service. Instead, Ms. Day conceded on January 28th she would answer questions put to her via deposition and in lieu of interrogatories.

By finally submitting the *in camera* materials, Ms. Day belatedly has brought her conduct into conformity with the principle that a court order must be

complied with until such time as it may be vacated. Please see Maness v. Meyers, 419 U.S. 449, 42 L. Ed. 2d 574, 95 S. Ct. 584 (1975) and United States v. Mine Workers, 330 U.S. 258, 293, 91 L. Ed. 884, 67 S. Ct. 677 (1947) (a court order "'must be obeyed by the parties until it is reversed by orderly and proper proceedings").

CONCLUSION:

The Local Rules of this court require copies of submissions to be served upon each party. The plaintiff has had considerable difficulty meeting this obligation because Charles Day and Pamela Day have not seen fit to keep their business addresses current, or to arrange for the receipt of either first class or certified mail. In Mr. Charles Day's case, phone calls to him are ignored. Mr. Day's responses to reasonable discovery have been obscure, while Ms. Pamela Day has improperly concealed from this Court that she is a lawyer.

Presented with ample opportunities to do so, neither Charles Day nor Pamela Day has clarified their role in a Florida real estate transaction. Persuasive documentary evidence in support of their contentions has not been placed before this Court. All of this resistance comes after this Court ordered a money judgement against Mr. Day.

Having had an opportunity to show cause and to explain their conduct, they have not done so. Therefore, they should be found in contempt and ordered to conform their conduct to the court's instructions, as specified in the plaintiff's January 28 2003 proposed order.

Respectfully submitted,

Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469




# New York State Attorney Inquiry

| Registration Number | First Name | Middle Name | Last Name | | Firm Name | Street | Street | City | State | Zip | Phone Number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2745255 | PAMELA | J | DAY | | LAW OFFICE OF JUSTINE CUCCIA | 325 BROADWAY | LOBBY | NEW YORK | NY | 10007 | (212) 964-4666 |

Information on this site has been provided by the attorneys listed. Every effort has been made to ensure the information contained on this site is up-to-date and accurate. However, listing does not imply that the attorney is in good standing. If a name is not found, please try again with a different spelling. The user, by clicking the Find Attorney! button on the prior page acknowleges that the Unified Court has no express or implied liability from the use of such information. The fact that the attorney's name does not appear does not necessarily mean there is no such attorney in New York State. For further information contact the New York State Office of Court Administration, Attorney Registration Unit (212) 428-2800.

New York State Office of Court Administration

LR 26.3 CERTIFICATION OF CONFERENCE TO RESOLVE OBJECTIONS

On November 5, 2002, the undersigned wrote to Ms. Pamela Day asking her to confirm whether she had made the *in camera* submission to the Court, by November 1, 2002 as ordered. No response to this letter has been received.

The undersigned certifies that on November 14, 2002, he called Mr. Charles Day at approximately 8:30 AM in order to discuss and resolve the plaintiff's wish to secure a copy of Ms. Pamela Day's *in camera* responses to the interrogatories submitted to her on August 1, 2002. The number called (718 969 4858) is believed to be a residence. This number rang as a fax machine. The undersigned then composed a letter asking for a return call and indicating the nature of the requested conference. This letter was faxed to the above cited number and also mailed to Mr. Day via first class mail to: Mr. Charles Day, Esq., 80-100 Tryon Pl., Jamaica, NY 11432.

The undersigned then called a number in Manhattan (212 274 8408), which is believed to be Mr. Day's business phone or message service. The undersigned was informed that neither Pamela Day nor Charles Day were then present but that this is the law office of both of them. A return telephone number and a request to be called was left.

ORIGINAL SIGNED

______________________________

Richard B. Cook

DECLARATION

I submit this declaration pursuant to 28 U.S.C. 1746.

1. My name is Justine Cuccia. I am an attorney licensed to practice in Maryland and the District of Columbia. I have offices in New York City.

2. Prior to August 2001, my office address was 325 Broadway, Lobby, New York City NC 10007

3. In August 2001, I moved my office to its current address, which is 350 Broadway, Suite 1103, NYC [illegible] 10013.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2003.

Signature

**richardbcook**

**From:** "Sam Younger" <SYOUNGER@courts.state.ny.us>
**To:** <richardbcook@msn.com>
**Sent:** Monday, February 03, 2003 10:24 AM
**Subject:** Re: Attorney Registration Form

We are unable to provide blank forms - I however would refer you to Part 118 of the Rules of the Chief Administrator which outlines the required information - the full text is below - you may also view and print this from the attorney directory found at our web site www.courts.state.ny.us

PART 118
RULES OF THE CHIEF ADMINISTRATOR
REGISTRATION OF ATTORNEYS
Section 118.1 Filing requirement.

(a) Every attorney admitted to practice in New York State on or before January 1, 1982, whether resident or nonresident, and whether or not in good standing, shall file a registration statement with the Chief Administrator of the Courts no later than March 1, 1982, and during each alternate year thereafter, within 30 days after the attorney's birthday, for as long as the attorney remains duly admitted to the New York bar.

(b) Every attorney admitted to practice in New York State after January 1, 1982 and on or before January 1, 1986, whether resident or nonresident, and whether or not in good standing, shall file a registration statement within 60 days of the date of such admission and during each alternate year thereafter, within 30 days after the attorney's birthday, for as long as the attorney remains duly admitted to the New York bar.

(c) Every attorney admitted to practice in New York State after January 1, 1986, whether resident or nonresident, and whether or not in good standing, shall file a registration statement prior to taking the constitutional oath of office, and during each alternate year hereafter, within 30 days after the attorney's birthday, for as long as the attorney remains duly admitted to the New York bar.

(d) The registration statement shall be filed in person at the Office of Court Administration, 25 Beaver Street, 8th Floor, in the City of New York, or by ordinary mail addressed to Office of Court Administration, General Post Office, PO Box 29327, New York, N.Y. 10087-9327.

(e) The registration statement shall be on a form provided by the Chief Administrator and shall include the following information, attested to by affirmation:

(1) name of attorney; (2) date of birth; (3) name when admitted to the bar; (4) law school from which degree granted; (5) year admitted to the bar; (6) judicial department of admission to the bar; (7) office addresses (including department); (8) home address; (9) business telephone number; and (10) social security number.

(f) In the event of a change in any of the information required to be provided pursuant to subdivision (e) of this section, the attorney shall file an amended statement within 30 days of such change.



# New York State Attorney Inquiry

| Registration Number | First Name | Middle Name | Last Name | | Firm Name | Street | Street | City | State | Zip | Phone Number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2812238 | CHARLES | CHANNING | DAY | | FERRO & CUCCIA | 325 BROADWAY | | NEW YORK | NY | 10007 | (212) 964-4767 |

Information on this site has been provided by the attorneys listed. Every effort has been made to ensure the information contained on this site is up-to-date and accurate. However, listing does not imply that the attorney is in good standing. If a name is not found, please try again with a different spelling. The user, by clicking the Find Attorney! button on the prior page acknowleges that the Unified Court has no express or implied liability from the use of such information. The fact that the attorney's name does not appear does not necessarily mean there is no such attorney in New York State. For further information contact the New York State Office of Court Administration, Attorney Registration Unit (212) 428-2800.

New York State Office of Court Administration

CERTIFICATE OF SERVICE

Undersigned counsel certifies that on Feb 10, 2003 a separate copy of the appended brief has been served on the defendant, Charles Day, Esq., by First Class Mail, postage pre-paid, and on Ms. Pamela Day to the following addresses:

Charles Day, Esq.
80-100 Tryon Place
Jamaica, NY 11432

Pamela Day, Esq.
80-100 Tryon Place
Jamaica, NY 11432

Richard B. Cook