UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
------------------------------------------------------------ X
Yan SHAO                                            :

               Plaintiff,                     :     00 CIV 1901
                                                (Judge Rambo)

     -against -                                    :

Edward Cuccia,
Charles Day,
John / Jane Doe,            :
Law Offices of Ferro & Cuccia

              Defendants.                :
------------------------------------------------------------ X

FILED
HARRISBURG, PA
FEB 2 0 2003
MARY E. D'ANDREA, CLERK
Per _____

OPPOSITION TO PLAINTIFF'S MOTION THAT THIS COURT EXERCISE CONTINUING SUPERVISION OVER HER AND CROSS-MOTION FOR SANCTIONS

       Pamela J. Day, a non-party to the above captioned action, submits this memorandum in opposition to Plaintiff's Motion that this Court Exercise Jurisdiction over Her, and further moves this court to impose sanctions and costs Plaintiff and upon counsel for Plaintiff pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure and 28 U.S.C. §1927, and for such other and further relief as this court deems just and proper.

                                                     Respectfully submitted,

                                                     Pamela J. Day
                                                   80-100 Tryon Place
                                                    Jamaica, NY 11432
                                                    (718) 969-4858

                                                   3046 Dupont Street South
                                                   Gulfport, FL 33707
                                                   **(727) 344-7347**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
---------------------------------------------------------------- X
Yan SHAO                                                         :

                Plaintiff,        :        00 CIV 1901
                                                                    (Judge Rambo)

      -against -                                             :

Edward Cuccia,
Charles Day,
John / Jane Doe,        :
Law Offices of Ferro & Cuccia

                                        :
              Defendants.
---------------------------------------------------------------- X

**MEMORANDUM OF PAMELA J. DAY IN OPPOSITION TO PLAINTIFF'S MOTION THAT THIS COURT EXERCISE CONTINUING SUPERVISION OVER HER[1] AND CROSS-MOTION FOR SANCTIONS**

      MAY IT PLEASE THE COURT, Pamela J. Day, a non-party to the above captioned action, respectfully submits that in no way has her conduct towards this court been contemptuous. That as acknowledged by the court on January 28, 2003, and in accordance with Rule 33 of the Federal Rules of Civil Procedure, she was not required to answer interrogatories because she is not a party. For that reason, and for additional reasons set forth herein and as set forth in her testimony on January 28, 2003, as well as in her prior submissions to this court, Pamela J. Day was not required to comply with the October 9, 2002, order of the court.

      It is further submitted that as her conduct was in no way contemptuous, Plaintiff's motion for continued supervision of Pamela J. Day by this court must be denied.

---

[1] Once again, plaintiff's motion improperly indicates that Pamela J. Day is a "party" to this action. She is not. As discussed below, it is perhaps because the plaintiff continues to misrepresent to this court that Pamela J. Day is a party that this court on October 9, 2002, misapprehended the issue before it and rendered an Order that was clearly erroneous and without legal basis.

1

It is additionally submitted that the order of the court of October 9, 2002, is in error and completely without legal basis as to render it void and without legal force or effect. Accordingly, Pamela J. Day was not required to comply with the October 9, 2002. As non-compliance with a void order is not contemptuous, Plaintiff's motion for continued supervision of Pamela J. Day by this court must be denied.

In addition, Pamela J. Day moves this court find that Plaintiff has acted so frivolously in: demanding discovery to which she is not entitled; filing duplicative motions seeking to compel same which misstate both the facts and law applicable to this matter; unreasonably multiplying the proceedings before this court; and harassing Pamela J. Day, that sanctions and costs in accordance with Rules 11 and 37 of the Federal Rules of Civil Procedure and 28 U.S.C. §1927 be awarded in favor of Pamela J. Day and against the Plaintiff.

BACKGROUND

On August 1, 2002, Pamela J. Day was served with Plaintiff's First Set of Interrogatories in Aid of Execution. It was wholly improper for the Plaintiff to serve same upon her for the following reasons:

1. Pamela J. Day is not a party to the within matter. *Rule 33 of the Federal Rules of Civil Procedure is quite explicit that interrogatories may be had only from parties.* See F.R.C.P. Rule 33.

2. Plaintiff's First Set of Interrogatories seek discovery of information regarding the financial matters of Pamela J. Day, a non-party. Plaintiff is not entitled to this information.

2

While the court may exercise ancillary jurisdiction pursuant to Rule 69 of the Federal Rules of Civil Procedure to obtain discovery from non-parties, the scope of such discovery is limited to information concerning the assets of the judgment debtor. G-Fours, Inc. v. Miele, 496 F.2d 809 (2dCir. 1974), Caissen Corp. v. County West Bldg. Corp., 62 F.R.D. 331 (E.D. Pa. 1974).

***Discovery of the assets of non-parties is prohibited. The district court may not order discovery under Rule 69 (a) of a non-party's assets unless the district court has personal jurisdiction over the non-party.*** Rodd v. Region Constr. Co., 783 F.2d. 89 (7th Cir. 1986), see also, Hartmann v. United States, 79 F.R.D. 705 (E.D. Wis. 1978), Magnaleasing, Inc. v. Staten Island Mall, 76 F.R.D. 559 (S.D.N.Y. 1977), and Caissen, 62 F.R.D. 331 (E.D. Pa. 1974).

3. Plaintiff's demand for interrogatories was made while an appeal of this matter was pending. Pursuant to Rule 27[2] of the Federal Rules of Civil Procedure, discovery from non-parties while an appeal is pending may be had *only after* motion with notice to all interested parties showing that such discovery is necessary. ***Plaintiff did not comply with the procedural requirements of Rule 27 before demanding discovery during a pending appeal.*** See Armstrong v. Armstrong, 130 F.R.D. 449 (D.C. Colo. 1990), Caissen, 62 F.R.D. 331 (E.D. Pa. 1974).

4. Rule 69 also requires that the judgment creditor show discovery is necessary from non-parties. The judgment creditor must first attempt to obtain information regarding the assets of the judgment debtor from the judgment debtor. Plaintiff's demand for Interrogatories in aid of execution were served upon Pamela J. Day on or about the same time discovery in this matter was sought from the judgment debtor, and before his responses were due. At that time it was

3

obvious that Plaintiff could not show it was necessary to seek information about the judgment debtor's assets from third-parties.  See Blaw Knox Corp. v. AMR Industries, Inc., 130 F.R.D. 400 (E.D. Wis. 1990), Magnaleasing, Inc., 76 F.R.D. 559 (S.D.N.Y. 1977).

Pamela J. Day advised plaintiff's counsel that she was not required to answer the interrogatories served upon her and that no answer would be forthcoming.  Plaintiff moved this court to compel discovery from Pamela J. Day.  Pamela J. Day opposed the motion to compel and cross-moved for sanctions pursuant to Rule 37 (a) (4) of the Federal Rules of Civil Procedure, for making frivolous discovery demands upon a non-party (for the reasons stated above) and for filing an unjustified motion to compel interrogatories from a non-party.

On October 9, 2002, the court entered an order denying Pamela J. Day's motion for sanctions and ordering her to submit *in camera* answers to the interrogatories.  The court's order of October 9, 2002, was clearly in error and without legal basis for reasons stated above. ***Moreover, the court never served its October 9, 2002 order upon Pamela J. Day.***

On November 19, 2002, Plaintiff moved for the release of Pamela J. Day's *in camera* responses to interrogatories.  Pamela J. Day promptly notified the court that she had not complied with the October 9, 2002, order because: 1) it was never served on her; 2) that Plaintiff's demand for interrogatories were improper (for the reasons stated above, all of which were set forth in her cross-motion for sanctions).

---

[2] Due to a typographical error, prior submissions by Pamela J. Day erroneously indicate that Rule 28 set forth the

4

On December 30, 2002, the court ordered Pamela J. Day to appear, under threat of arrest, to show cause why she should not be held in contempt for not complying with the order of October 9, 2002.

Upon information and belief, in its order of December 30, 2002, the court opined: 1) that interrogatories may be had from Pamela J. Day, a non-party; 2) that the district court need not have personal jurisdiction over Pamela J. Day, a non-party, to order discovery of her assets under Rule 69 of the Federal Rules of Civil Procedure; and 3) that it was irrelevant that the court did not serve the October 9, 2002, order on Pamela J. Day.

The court's opinion of December 30, 2002, did not address whether: 1) it was appropriate for Plaintiff to demand discovery while appeal was pending without first complying with the procedural requirements set forth in Rule 27 of the Federal Rules of Civil Procedure; or 2) it was appropriate under Rule 69 for Plaintiff to demand discovery from a non-party, contemporaneous to demanding discovery from the judgment debtor.

On January 28, 2003, Pamela J. Day appeared before this court, under threat of arrest, to answer contempt charges for not complying with the order of October 9, 2002. She submitted an affidavit setting forth reasons why she should not be held in contempt, and testified as to those reasons. She also provided *in camera* responses to interrogatories with objections to all items for the reasons indicated above.

---

procedural requirements for discovery pending appeal.

5

During the hearing of January 28, 2003, the court properly held that according to Rule 33, non-parties are not required to answer interrogatories. The court did not address whether: 1) personal jurisdiction over Pamela J. Day is required before it can order discovery of her assets under Rule 69 (a); 2) whether the court was required to serve the October 9, 2002, order upon Pamela J. Day; 3) it was appropriate for Plaintiff to demand discovery while appeal was pending without first complying with the procedural requirements set forth in Rule 27 of the Federal Rules of Civil Procedure; or 4) it was appropriate under Rule 69 for Plaintiff to demand discovery from a non-party, contemporaneous to demanding discovery from the judgment debtor. The court reserved opinion on contempt charges.

It is respectfully submitted that in no way has Pamela J. Day's conduct towards this court been contemptuous. On January 28, 2003, the court properly acknowledged that in accordance with Rule 33 of the Federal Rules of Civil Procedure, she was not required to answer interrogatories because she is not a party. For that reason, and for additional reasons set forth in her testimony on January 28, 2003, and in her Affidavit and Objections to Interrogatories dated January 27, 2003, Pamela J. Day is not required to respond to Plaintiff's demand for interrogatories <u>or</u> to comply with the October 9, 2002, order of the court. As her conduct was in no way contemptuous, Plaintiff's motion for continued supervision of Pamela J. Day by this court must be denied.

Moreover, it is respectfully submitted that the order of the court of October 9, 2002, is in error and completely without legal basis as to render it void. As such, the October 9th order has

6

no legal force or effect. Non-compliance with a void order is not a basis for contempt. Thus, Plaintiff's motion for continued supervision of Pamela J. Day by this court must be denied.

It is further submitted that Plaintiff has acted so frivolously in demanding discovery from Pamela J. Day to which she is not entitled, filing duplicative motions seeking to compel same which misstate both the facts and law applicable to this matter, and unreasonably multiplying proceedings her conduct constitutes harassment. Plaintiff's improper conduct demands Pamela J. Day be awarded sanctions and costs in accordance with Rules 11 and 37 of the Federal Rules of Civil Procedure and 28 U.S.C. §1927.

ARGUMENT

It is well settled that courts are constituted by authority, and cannot go beyond that power delegated to them. Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116 (1920), see also Kalb v. Feuerstein, 308 U.S. 433 (1940). When a court acts beyond that authority, its judgments and orders are regarded as nullities. Id. Judicial review of an order is not necessary to render an order void, nor may a void order be declared valid. A void order is without legal force or effect from the time it is written. Id. It is equivalent to a blank piece of paper.

For the following reasons, the court acted without authority in issuing its order of October 9, 2002, which renders that order void.

**The District Court's Order of October 9, 2002 is Void**

1. The Federal Rules of Civil Procedure govern all proceedings before the federal district courts. The Federal District Courts are bound to uphold these rules. The court did not have authority to order Pamela J. Day to answer interrogatories because doing so is in contravention of Rule 33, that interrogatories may not be had from non-parties. F.R.C.P. Rule 33. On January 28, 2003, the court acknowledged that interrogatories may not be had from non-parties.

The court did not have authority to issue an order not in accord with Rule 33 of the Federal Rules of Civil Procedure, rendering void the order of October 9, 2002.

2. The court's ancillary jurisdiction to obtain discovery from non-parties as contemplated by Rule 69 (a), extends only to the assets of the judgment debtor. District courts may not order discovery under Rule 69 (a) of the assets of non-parties unless the district court has personal jurisdiction over the non-party. Rodd, 783 F.2d. 89 (7th Cir. 1986), Hartmann, 79 F.R.D. 705 (E.D. Wis. 1978), Magnaleasing, Inc., 76 F.R.D. 559 (S.D.N.Y. 1977), G-Fours, Inc., 496 F.2d 809 (2dCir. 1974), Caissen, 62 F.R.D. 331 (E.D. Pa. 1974), see also Cagan et al., Judgments in Federal Court 342-343 (1997).

The court does not have personal jurisdiction over Pamela J. Day and lacked authority to require disclosure of her assets. Thus, the order of October 9, 2002, is rendered void.

3. The October 9, 2002, order was made while the appeal of this matter was pending. By ordering discovery from a non-party while appeal was pending, the court ignored

the procedural requirements of Rule 27 of the Federal Rules of Civil Procedure, that Plaintiff was first required to make a motion to the court, giving notice to all persons interested, that such discovery was necessary. <u>Armstrong</u>, 130 F.R.D. 449 (D.C. Colo. 1990), <u>Caissen</u>, 62 F.R.D. 331 (E.D. Pa. 1974).

Absent such prior steps, the court lacked authority to order discovery while appeal was pending. As it is not in accord with Rule 27 of the Federal Rules of Civil Procedure, the order of October 9, 2002, is rendered void.

4.  Plaintiff's demand for interrogatories was served upon Pamela J. Day contemporaneous to serving discovery upon the judgment debtor. The court ignored the requirements of Rule 69 of the Federal Rules of Civil Procedure which only permit discovery of the assets of a judgment debtor from non-parties after first (unsuccessfully) seeking that information from the judgment debtor, and a showing of necessity that such information be obtained from a non-party. See <u>Blaw Knox Corp.</u>, 130 F.R.D. 400 (E.D. Wis. 1990), <u>Magnaleasing, Inc.</u>, 76 F.R.D. 559 (S.D.N.Y. 1977).

Absent such prior steps, it was improper for the court to order discovery from a non-party. As it is not in accord with Rule 69 of the Federal Rules of Civil Procedure, the order of October 9, 2002, is rendered void.

**Plaintiff's Actions Sanctionable**

For the reasons set forth (in the Background section) above, Plaintiff had no justification for serving interrogatories upon Pamela J. Day on August 1, 2002. In seeking to compel

9

responses to said interrogatories, in her motion for release of *in camera* submissions, and in the instant motion, Plaintiff improperly designates that Pamela J. Day is a party, and offers authority to this court regarding discovery from parties.

By continuing to do this, Plaintiff succeeds in confusing the issues before the court. It is likely that this confusion of the issues directly resulted in the court issuing a void order on October 9, 2002, as that order was not rendered by Judge Rambo, but by a judge unfamiliar with the instant matter.

Plaintiff's actions have been so frivolous as to rise to the level of harassment of Pamela J. Day, who was threatened with arrest and had to answer charges of contempt. Even though the court properly held on January 28, 2003, that Pamela J. Day was not required to provide *in camera* responses to interrogatories,[3] Plaintiff nevertheless, on February 10, 2003, moved the court to impose sanctions upon her.

In addition to wholly misstating and misrepresenting Pamela J. Day's testimony before the court on January 28, 2003; Plaintiff's motion of February 10, 2003, is incomprehensible. Said motion completely disregards the January 28th finding of this court that Plaintiff's demand for interrogatories was improper (as it violated Rule 33 of the Federal Rules of Civil Procedure) and that Pamela J. Day was not required to respond to interrogatories. Stranger still is that on January 29, 2003, Plaintiff sought leave to conduct depositions upon written questions of Pamela J. Day. That motion acknowledges that Pamela J. Day was not required to answer interrogatories.

---

[3] Which, although not required to, she provided on January 28, 2003, because she was threatened with contempt.

Although Plaintiff's January 29, 2003 motion correctly recognizes that non-parties are not required to answer interrogatories, it improperly seeks discovery of Pamela J. Day's assets. *As set forth herein*, as well as in Pamela J. Day's Opposition to Motion to Compel and Cross-Motion for Sanctions, Pamela J. Day's Opposition to Motion for Release of *In Camera* Responses, as well as her Affidavit In Opposition to Application of Sanctions, and Opposition to Interrogatories, ***this court is without authority to order disclosure pursuant to Rule 69 (a) of Pamela J. Day's assets as it does not have personal jurisdiction over her. The ancillary jurisdiction of the court pursuant to Rule 69*** of the Federal Rules of Civil Procedure to obtain discovery from non-parties ***is limited in scope to information concerning the assets of the judgment debtor, absent personal jurisdiction over the non-party.*** Rodd, 783 F.2d. 89 (7th Cir. 1986), Hartmann, 79 F.R.D. 705 (E.D. Wis. 1978), Magnaleasing, Inc., 76 F.R.D. 559 (S.D.N.Y. 1977), G-Fours, Inc., 496 F.2d 809 (2dCir. 1974), Caissen, 62 F.R.D. 331 (E.D. Pa. 1974), see also Cagan et al., Judgments in Federal Court 342-343 (1997).

Plaintiff further attempts to confuse the issue by misrepresenting Pamela J. Day's testimony of January 28, 2003, that depositions are the proper form of discovery from non-parties (as opposed to interrogatories, which may be had only from parties) to be equivalent to a concession that Plaintiff may obtain disclosure of her assets by motion to this court for depositions upon written questions.

Pamela J. Day has objected to disclosure of her personal assets in the within motion, as well as in all submissions to this court, because this court does not have personal jurisdiction over her. Disclosure of the assets of a non-party may be ordered only by a district court having personal jurisdiction over the non-party.

Plaintiff's January 29th motion and February 10th motion are entirely duplicative of the current matter before this court as to why Pamela J. Day not be held in contempt for failing to comply with the order of the court of October 9, 2002. The Plaintiff is wasting the court's time and harassing Pamela J. Day by making these duplicative motions.

Plaintiff's actions have been so frivolous as to serve only to confuse the issues before this court, unreasonably multiply the proceedings before this court, and to harass, that costs and sanctions against Plaintiff, as contemplated by Rules 11 and 37 of the Federal Rules of Civil Procedure and 28 U.S.C. §1927 are warranted.

WHEREFORE, Pamela J. Day moves for an order denying Plaintiff's Motion that this Court Exercise Continuing Supervision Over Her, Granting Sanctions against Plaintiff and her counsel and for such other and further relief as this court deems just and proper.

Respectfully submitted,

*Pamela Day*
Pamela J. Day
80-100 Tryon Place
Jamaica, NY 11432
(718) 969-4858

3046 Dupont Street South
Gulfport, FL 33707
(727) 344-7347

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    }
                     } s.s.
COUNTY OF QUEENS     }

Pamela J. Day, being duly sworn, deposes and says:

That I am over the age of eighteen years, I reside in Jamaica Estates, New York and Gulfport, Florida. I am not a party to this action.

That on the 17th Day of February, 2003, I served the foregoing Memorandum in Opposition and Cross Motion, and supporting documents upon the following, by depositing a true and accurate copy thereof, with postage pre-paid, in an official repository of the United States Postal Service:

| | |
|---|---|
| Richard B. Cook | Craig T. Trebilcock |
| Attorney for Plaintiff | Associate Counsel for Plaintiff |
| P.O. Box 411 | 100 East Market |
| Hunt Valley, MD 21030 | P.O. Box 15012 |
| | York, PA 17405-7012 |

_____
Pamela J. Day

Sworn to before me
this 17th day of February, 2003.

_____
Charles C. Day
NOTARY PUBLIC
Qualified in Queens County
No. 02DA6012379
My Commission Expires 8/31/2006