**THE UNITED STATES DISTRICT COURT**
**Middle District of Pennsylvania**
**Harrisburg, PA**

| | | |
|---|---|---|
| Yan SHAO | ) | No. 1:00 CV 1901 |
| | ) | (JUDGE Rambo) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Edward Cuccia | ) | |
| Charles Day | ) | |
| John / Jane Doe | ) | |
| Law Offices of Ferro & Cuccia | ) | CIVIL ACTION - LAW |
| | ) | |
| Defendants. | ) | |

FILED
HARRISBURG, PA

FEB 2 6 2003

MARY E. D'ANDREA, CL
Per _____

**PLAINTIFF'S BRIEF IN RESPONSE TO PAMELA J. DAY'S PLEADING STYLED "OPPOSITION TO PLAINTIFF'S MOTIONS THAT THIS COURT EXERCISE CONTINUING JURISDICTION OVER HER AND CROSS MOTION FOR COSTS AND SANCTIONS"**

MAY IT PLEASE THE COURT, the plaintiff herewith responds to the pleading filed on or about February 18, 2003, by Pamela J. Day. Through her counsel, the plaintiff objects to the motion in question and asks that the motion be denied. Owing to its untimely filing, the plaintiff also objects to that portion of the pleading styled an "Objection." The reasons the motion should be denied are both procedural and substantive.

ARGUMENT

The motion does not conform to the filing procedures of this court.

1. The motion is lacking an appended Order as required by LR 7.1.

1

Absent a proposed order seeking sanctions, the undersigned is unable to respond specifically to the wording of a sanctions order. Specificity as to the exact form of proposed sanctions seems especially to be required in the application of Rule 11. In re: Tutu Wells Contamination Litigation, 120 F.3d 368, 379 (3d Cir. 1997) (the party to be sanctioned is entitled to notice of the form of the potential sanction). The plaintiff respectfully suggests it would be unfair to sanction her or her counsel without notice of the proposed wording of an order for sanctions. The motion should be denied on these grounds alone.

2. The motion is lacking a LR 7.1 Certificate of Concurrence.

The pleading does not contain the required certification of concurrence (Local Rule 7.1) or procedural history, statements of facts or of the questions involved (each as required of the movant by LR 7.8). These omissions are burdensome and complicate the plaintiff's capacity properly to respond to the movant's pleading. These omissions, it is suggested, serve as additional grounds for dismissal.

It is particularly unfortunate that the plaintiff was not given an opportunity to discuss the issues raised in the motion prior to its filing, because several features of Ms. Day's motion appear to be susceptible to agreement or concurrence by the parties. The plaintiff suggests that the absence of an opportunity to confer prior to the filing of the motion is fatal to this motion.

Specific issues which might have found a meeting of the minds and thus might have precluded the filing of the motion in its present form, include the following:

2

A. <u>Ms. Pamela Day agreed under oath on January 28 2003 to submit herself to deposition.</u>

Pennsylvania law (which may be looked to in the execution of the judgement against Mr. Day, as argued *infra*) specifies that the parties may "by agreement [. . .] modify the procedures provided by these rules for methods of discovery." Please see Rule 4002(2), Agreement Regarding Discovery or Deposition Procedure, of the Pennsylvania Rules of Civil Procedure. Because Ms. Day agreed on January 28 2003, to provide information by way of deposition, the court's October 9, 2002 order directed to certain *in camera* submissions by Ms. Day might be subject not to voidance pursuant to Rule 60(4) of the Federal Rules of Civil Procedure bur rather to amendment or withdrawal as moot pursuant to Rule 60(6) (relief available for any other reason). Because Ms. Day did not notify the plaintiff of her intention to file the subject motion, the plaintiff had no opportunity to ask Ms. Day to consider this approach prior to filing.

B. <u>Pennsylvania law governs judgement execution procedures.</u>

Fed. R. Civ. P. Rule 69 instructs that proceedings in aid of execution of a judgement "shall be in accordance with the practice and procedure of the state in which the district court is held" unless a federal statute controls.

In her motion, Ms. Day complains (at page 3)  that she should not have been served interrogatories pending an appeal from the judgement of this court and because Mr. Day's own discovery responses had not been received. Quite apart from the fact that Mr. Day's responses have been shown to be evasive and insufficient and the additional fact that his appeal has proven to be nothing more

3

than a delaying tactic, applicable Pennsylvania statutes defeat Ms. Day's arguments.

The Pennsylvania Rules of Civil Procedure, at Rule 3117(2)(a) (Discovery in aid of execution) states, "Plaintiff **at any time after judgment**, before or after the issuance of a writ of execution, may, for the purpose of discovery of assets of the defendant, **take the testimony of any person**, including a defendant or a garnishee, upon oral examination or written interrogatories as provided by the rules relating to Depositions and Discovery." (Emphasis added.)

Pennsylvania civil procedure rules further specify, at Rule 3117(2)(b), "[a]ll reasonable expenses in connection with the discovery may be taxed against the defendant as costs if it is ascertained by the discovery proceedings that the defendant has property liable to execution." These teachings, if discussed between the movant and the undersigned, might have influenced Ms. Pamela Day either to withhold or modify her motion.

Because Ms. Day's motion has been submitted without an opportunity extended to the plaintiff to give her concurrence, the plaintiff respectfully suggests the motion should be denied.

3. <u>The pleading in question is untimely.</u>

The motion under discussion is combined with an "Opposition" to a motion by the plaintiff, which was filed and personally served upon Ms. Day on January 28, 2003. The certificate of service of Ms. Day's present submission states it was mailed on February 17, 2003. The "Opposition" is therefore untimely filed.

Local Rule 7.6 states in pertinent part that a respondent "shall" file a responsive brief within 15 days of service of a motion and that "any respondent who fails to comply shall be deemed not to oppose such motion." Ms. Day has offered no explanation why she has not complied with the local rules of this Court.

Were the movant not an attorney, were she appearing *pro se* in a straightforward manner, the untimeliness of her pleading might be overlooked. However, because the movant is a lawyer and because she has declined so to identify herself to this Court in her previous submissions, the plaintiff respectfully suggests the untimeliness of her present pleading should not be overlooked. Because her "Objection" to the plaintiff's January 28 2003 motion does not comply with LR 7.6, Ms. Pamela Day should be deemed not to oppose the January 28 2003 motions of the plaintiff.

## The legal arguments in support of the Motion are fatally defective.

Apart from the above cited serious procedural deficiencies, the motion is legally defective and should be denied on these additional grounds.

1. "Other circumstances" make an award of expenses "unjust."

In addition to seeking Rule 11 sanctions (addressed *supra*) Ms. Day argues that sanctions are applicable pursuant to Fed. R. Civ. P. Rule 37. However, Rule 37 (a)(4)(A) states that "other circumstances" can make an award of expenses "unjust." Such other circumstances abound in this instance.

The plaintiff and judgement creditor has been required to look to information from third parties because of the absolute refusal of the defendant

5

judgement debtor to pay the judgement, as ordered by this Court in November 2001. Nor has the defendant filed and prosecuted a proper appeal or responded forthrightly to reasonable discovery propounded and served upon him. Interrogatories were forwarded to Mr. Day via Certified Mail prior to the bringing of the plaintiff's motion seeking to compel information from Ms. Day. Mr. Day simply refused to accept the mail. Even at this late date and even after being personally instructed by this Court to provide missing information, Mr. Day has done nothing. It is respectfully suggested that fees or sanctions imposed upon the plaintiff in the context of Mr. Day's continuing refusal to conform his conduct to this Court's orders, would be "unjust" under Rule 37 (a)(4)(A).

2. *In camera* submissions by Ms. Day have not injured her rights.

On October 9, 2002, this Court granted the plaintiff's motion compelling Ms. Pamela Day to answer certain asset interrogatories. However, the court specified (the Order, page 2) the answers were not to be forwarded to the plaintiff but rather submitted to the court, "for *in camera* review, so that the court may determine whether the information provided in these answers is relevant to satisfying the judgement against Defendant Charles Day." This procedure completely protected Ms. Day's responses from examination by the plaintiff. This procedure, therefore being harmless to Ms. Day, has had no effect upon her substantial rights and may not therefore be the basis for any sanctions against the plaintiff. Rule 61, Fed. R. Civ. P (harmless error to be disregarded); Skevofilax v. Quigley, 810 F.2d 378 (3rd Cir. 01/22/1987) (Court will overlook procedural matters which do not effect the substantial rights of the parties.)

6

3. <u>Discovery of the assets of a non-party is not prohibited</u>.

Ms. Day argues ("Objection" at page 3) that the discovery of the assets of a non-party is prohibited. This is incorrect. Ms. Day has cited <u>Rodd v. Region Construction Co.</u>, 783 F.2d 89 (7th Cir. 02/06/1986) for this proposition. <u>Rodd</u> is an ERISA case, wherein the Seventh Circuit held that the provisions of ERISA that govern service of process and personal jurisdiction are not applicable to post judgment proceedings. A better view of the matter before this Court is the view which this Court has already adopted (in its Order of October 9, 2002 at page 2), which is, the privacy interests of third parties should be balanced by the judgement creditor's need for documents. Ms. Day's blanket assertion of a complete privilege against discovery of assets which may be held in common with the defendant and judgement debtor is meritless.

4. <u>This Court has broad discretion as to the discovery to be permitted</u>.

This court ruled, on December 30, 2002, that Ms. Day is subject to the ancillary jurisdiction of this court "to the extent necessary to enforce a federal judgement." Ms. Day has presented no argument why the court's ancillary jurisdiction should suddenly be ended. Nor did she appeal this court's assertion of jurisdiction over her.

A court has jurisdiction to determine whether it could properly exercise personal jurisdiction and can therefore compel discovery to aid in the resolution of that question. See <u>English v. 21st Phoenix Corp.</u>, 590 F.2d 723, 728 n.5 (8th Cir.), cert. denied, 444 U.S. 832, 100 S. Ct. 61, 62 L. Ed. 2d 41 (1979); <u>In Re Uranium Antitrust Litigation</u>, 480 F. Supp. 1138, 1151 (N.D.Ill.1979).

This Circuit has long ago held that sanctions lie when third parties engage in dilatory tactics when discovery responses might actually resolve questions of jurisdiction. De Guinea v. Insurance Co., 651 F.2d 877 (3rd Cir. 06/10/1981). Unlike the present case, the De Guinea holding is in a pre-judgement context but the power of a district court to determine the scope of discovery directed to third parties is applicable in the present instance. To order *in camera* responses, as was done in the present instance, is a measured, balanced and appropriate response to the contentions of the parties.

CONCLUSION

Although the movent is correct that interrogatories may not be served upon non-parties under the federal rules of discovery, this court ordered her to submit only *in camera* responses. Therefore, Ms. Day has suffered no loss of any substantial right, as the responses sought by the plaintiff have not been made available to the plaintiff. Furthermore, agreement was reached in court on January 28, 2003, which renders moot the question of the *in camera* interrogatories.

Because of procedural infirmities as well as insubstantial legal arguments, as specified *supra*, both the respondent's objections to the plaintiff's January 28 2003 motion and her motion for sanctions should be denied.

Respectfully submitted,

Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that a copy of the appended pleading has been served separately upon Charles Day and upon Pamela Day by First Class Mail, on the 24th day of February 2003, First Class postage pre-paid, to the following addresses:

Charles Day, Esq.
80-100 Tryon Place
Jamaica, NY 11432

Pamela Day, Esq.
80-100 Tryon Place
Jamaica, NY 11432

Pamela Day, Esq.
3046 Dupont Street South
Gulfport, FL 33707

Richard B. Cook