# THE UNITED STATES DISTRICT COURT
## Middle District of Pennsylvania
### Harrisburg, PA

| | | |
|---|---|---|
| Yan SHAO | ) | No.  1:00 CV 1901 |
| | ) | (JUDGE Rambo) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Edward Cuccia | ) | |
| Charles Day | ) | |
| John / Jane Doe | ) | CIVIL ACTION  - LAW |
| Law Offices of Ferro & Cuccia | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**FILED**
APR 0 3 2003
MARY E. D'ANDREA, CLERK
Per ___ HRG, PA DEPUTY CLERK

## REPORT TO MAGISTRATE JUDGE J. ANDREW SMYSER CONCERNING STATUS OF THE PLAINTIFF'S EFFORTS TO COLLECT INFORMATION AS TO THE DEFENDANT'S ASSETS THAT MAY BE SUBJECT TO LEVY

MAY IT PLEASE THE COURT, pursuant to the March 25 2003 Order of the Magistrate Judge, the plaintiff herewith submits a report of her efforts to collect information concerning the assets of the defendant and judgement debtor.

The following communications have been made to the defendant, with the following results:

DATE  / COMMUNICATION                                                RESULTS OBTAINED

July 23. 02 - Asset interrogatories served on Charles Day
                    Via certified mail

Not accepted by Mr. Day - returned to sender

July 29 02 - Interrogatories personally served on Pamela Day

Court Ordered *in camera* submissions, but then ruled the

1

information request
to Pamela Day to be
improperly served
(Court Orders of
Oct 9 02 & Mar 17
03)

Sept 12 02 - Letter requesting payment of judgement
      (appended, as item A)

No response

Sept 12 02 - Asset Interrogatories forwarded to Mr. Day
      (appended as item B, see Nov 12 02 item)

Response rcd
Nov 12 02

Nov 12 03 - Plaintiff received responses to Sept 12 02 asset
      Interrogatories (appended, B)

Court found
responses to be
tardy and evasive
(See Oct 9 02, Oct
15 02 & March 17
03 Court Orders)

Dec 4 02 - Receipt of undated "additions to my discovery" from
      Mr. Day (appended, C)

Court ruled
responses
inadequate

Jan 6 03 - Second Request for Documents (appended, D)

No response

Jan 6 03 - Request for Admissions (appended, E)

No response

Jan 17 03 - Letter requesting payment of Judgement (appended, F) No response

Jan 28 03 - Receipt of Mr. Day's  "Second Supplemental
      responses" (appended G)

Court ruled (Mar 17
03) responses
inadequate

Jan 31 03 - Letter to H Herman, Mr. Day's then lawyer (appd H)    Mr. Herman withdrew

Jan 31 03 - Letter requesting response to Jan 6 03 Discovery (appd I)  No response

      As the above information indicates, very little asset information has been
obtained from Mr. Day. I do not know what cash or other fungible assets he owns. His
ownership or part ownership in real property in Florida is uncertain. The degree his wife

contributes to his household or what property they may own jointly is unknown to me.

The plaintiff has not yet undertaken to depose either Mr. Day or Ms Day. Nor has the plaintiff sought to subpoena any records from any financial institutions, owing to the lack of specificity from Mr. Day as to the location of his accounts. Nor has the plaintiff sought judicial supervision of the Jan 06 03 requests for information from Mr. Day. The reason for these omissions is, the plaintiff has been awaiting the court's Orders concerning three motions placed before the Court on Jan 28 2003. The Court ruled on these motions on March 17 03, after which time, the plaintiff elected to await directions from the Magistrate Judge before undertaking any additional discovery. These directions, dated March 25, 2003 have now been received.

The plaintiff asks the Magistrate Judge to note the plaintiff continues to await responses to her January 6 03 requests for documents and admissions, which were directed to Mr. Day.

The plaintiff has concluded that taking Mr. Day's deposition at this time would be very costly to her, with little likelihood that the results obtained would justify these costs. If written deposition questions are submitted to Mr. Day, the plaintiff believes these likely would be ignored, as have the January 6 03 information request to Mr. Day. In any case, the plaintiff would like to have responses to the January 6 03 discovery prior to taking depositions.

In the expectation that receipt of responses to the January 6 03 discovery might facilitate asset collect information, the plaintiff has asked the Court to order Mr. Day to respond to these requests.

Date: 3/28/03

Very truly yours,

Richard B. Cook

3

A

**Licensed in Maryland
And Louisiana**

**Licensed in Hawaii
(inactive)**

# Richard B. Cook
**Attorney and Counselor at Law**
PO Box 411
Hunt Valley, MD 21030
410 683 9469

Mr. Charles Day, Esq.
80-100 Tryon PL.
Jamaica, NY 11432
718 968 4858

September 12, 2002

Re: <u>Yan Shao v. Cuccia</u>, et al, 1:00 - CV - 1901, in the Third Circuit, 01-4327

Dear Mr. Day

I write concerning the judgement against you, which has been awarded in the above captioned matter. The amount of the judgement is $78,015.00, excluding interest.

On behalf of my client, I ask that you make full and immediate payment of this award. You may make this payment by forwarding a certified check to the address above, with the check made to the order of Yan Shao and Richard B. Cook.

You will find enclosed two sets of interrogatories in aid of execution, together with a stamped, self addressed envelope. I ask that you respond immediately to each interrogatory by returning a completed set to me.

Very truly yours,
**ORIGINAL** SIGNED

Richard B. Cook

I certify on penalty of perjury that the above letter, with enclosures was sent via First Class Mail, signature confirmation requested, on Sept 12, 2002.

**ORIGINAL SIGNED**

Richard B. Cook

# THE UNITED STATES DISTRICT COURT
## Middle District of Pennsylvania
### Harrisburg, PA

*B*
*Ack*
*11/12/02*
*RBC*

| | | |
|---|---|---|
| Yan SHAO | ) | No. 1:00 CV 1901 |
| | ) | (JUDGE Rambo) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Edward Cuccia | ) | |
| Charles Day | ) | |
| John / Jane Doe | ) | CIVIL ACTION  - LAW |
| Law Offices of Ferro & Cuccia | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES IN AID OF EXECUTION OF JUDGEMENT TO THE DEFENDANT CHARLES DAY

To:

CHARLES DAY
80-100 Tryon Place
Jamaica, NY 11432
718 969 4858

Pursuant to Rule 69 and Rule 34 of the Federal Rules of Civil Procedure, the plaintiff requests the defendant answer the following interrogatories within 30 days of service of this pleading, by mailing a copy of the same to the undersigned at the address indicated below. Enclosed are two (2) copies of the Interrogatories and a stamped, self-addressed envelope for the return of responses to the Interrogatories.

If you do not answer the attached questions within the time required, the opposing party may ask the Court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear at the hearing and explain your reasons for your failure to answer.

You must answer each question giving complete answers, attaching additional pages if necessary. False or misleading answers may subject you to punishment by the

1

Court. Even if you dispute the judgment you must answer all of the attached questions.

Be sure to sign and date your answers.

Date: _9 / 12 / 02_

Respectfully ~~Submitted~~,

Richard B. Cook (LA 21248. MD )
Attorney for the Plaintiff
PO Box 411
Hunt Valley, MD 21030-0411
410/683-9469

## INTERROGATORIES IN AID OF EXECUTION OF JUDGEMENT

1. Full name: _Charles Day_

2. Address: _90-100 Tryon Pl., Jamaica NY 11432_

3. Birth Date: _____

4. Social Security Number: _____ } Objection

5. Drivers' License Number and Expiration Date: _N.Y. 786603868; 9/1/07_

6. Telephone Number: _You already have all 3._

7. Full Name and Address of Your Employer:

   _Self-employed_

   a. Your weekly salary: ~~Gross~~ _____ Net _varies $200 – $400/wk._

   b. If not presently employed, name and address of last employer

   _____

8. If there is currently a wage execution on your salary (circle one):

   Yes    (No)

9. List the names, addresses and account numbers of all bank accounts on which your name appears:

2

a. *Ridgewood Savings Bank account # currently unknown.*

b. *Citibank account 035-078414/0-65*

c. _____

10. If you receive money from any of the following sources, list the amount, how often and the name and address of the source, using additional paper, if necessary; Type

| Type | Amount & Frequency | Name & Address of Source |
|---|---|---|
| Alimony | 0 | |
| Loan Payments | 0 | |
| Rental Income | 0 | |
| Pensions | 0 | |
| Bank Accounts | 0 | |
| Stock Dividends | 0 | |

11. Do you receive social security benefits? (circle one)

Yes

~~No~~ (circled)

12. Do you own property where you reside? (circle one)

Yes

~~No~~ (circled)

If yes, state the following:

a. Name of the owner or owners: _____

b. Date property was purchased: _____

c. Purchase price: _____

d. Name and address of mortgage holder: _____

e. Balance due on mortgage: _____

3

13. Do you own any other real estate? (circle one)

Yes

(No)

If yes, state the following for each property:

    a.  Address of property: _____

       b. Date property was purchased: _____

       c. Purchase price: _____

       d. Name and address of all owners:

_____

_____

_____

e. Name and address of mortgage holder: _____

f. Balance due on. mortgage: _____

g. Name and address of all tenants and monthly rental paid by each tenant:

    1. _____

    2. _____

    3. _____

14. Does the present value of your personal property which include automobiles, furniture, appliances, stocks, bonds, and cash on hand exceed $1,000.00? (circle one)

Yes

(No)

    and itemize all personal property owned by you (use additional paper, if necessary).

    Cash on Hand: $_____

    Other Personal Property (excluding Motor vehicles)

    Set forth make _____, model _____& serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____


Set forth make _____, model _____& serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____


Set forth make _____, model _____& serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____


Set forth make _____, model _____& serial number _____.

If financing, the name and address of party to whom payments are made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____

Set forth make _____, model _____ & serial
number _____.

If financing, the name and address of party to whom payments are
made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____

15. Do you own one or more motor vehicles? (circle one)

Yes
No

If yes, state the following for each vehicle owned:

a. Make, model and year of motor vehicle: _____
b. If there is a lien on the motor vehicle, state the name and address of the
lien holder, and the amount due to the lien holder:
_____
c. State where Licensed and  License plate: _____
d. Vehicle identification number: _____

Set forth make _____, model _____ & serial
number _____.

If financing, the name and address of party to whom payments are
made).
Item: _____
Date Purchased: _____
Purchase Price: _____
Is Finance Balance Still Due? _____
Present Value: _____

Set forth make _____, model _____ & serial
number _____.

If financing, the name and address of party to whom payments are
made).
Item: _____
Date Purchased: _____

6

Purchase Price: _____

Is Finance Balance Still Due? _____

Present Value: _____

16. Do you own a business? (circle one)

Yes

No

If yes, state the following:

a. Name and address of the business:

_Solo practitioner — see #7_

b. Is the business a Corporation, sole proprietorship, or partnership? _____ _See 7_

c. The name and address of all stockholders, officers, and/or partners (use separate paper, if necessary):

_See 7_

_____

_____

_____

_____

d. The amount of income received by you from the business during the last twelve months: $_____

17. Set forth all other judgments that you are aware of that have been entered against you and include partners (use separate paper, if necessary):

| Creditor's Name | Creditor's Attorney | Amount Due | Name of Court | Docket |
|---|---|---|---|---|
| Joseph Chiaramonte | Unk. | 10,000 | unk. | unk. |
| | | | | |
| | | | | |

18. Please state the name and address of your wife.

_Object_

19. Does your wife contribute to the support and maintenance of yourself and/or of your

7

household?

_____ *No*

20. Please state the name and address of your wife's employer.

_____ *Object, not a party to the action.*

21. Please state the amount of your wife's annual income.

_____ *Object, not a party*

22. Please state whether your wife owns any real estate? (circle one)

Yes
No                    *Object, not a party to the action*

If yes, state the following for each property:

    b. Address of property: _____

      b. Date property was purchased: _____

      c. Purchase price: _____

      d. Name and address of all owners:

_____

_____

_____

e. Name and address of mortgage holder: _____

f. Balance due on mortgage: _____

g. Name and address of all tenants and monthly rental paid by each tenant:

    4. _____

    5. _____

    6. _____

8

23. Does the present value of your wife's personal property which include automobiles, furniture, appliances, stocks, bonds, and cash on hand exceed $1,000.00? (circle one)

Yes

No *Objection, not a party to the action*

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing interrogatories have been served upon the pro se defendant by first class mail this 17th day of July, 2002.

Richard B. Cook

Dear Mr. Cook:

Please find the following additions to my discovery.   I acknowledge that some answers are incomplete due to my lack of knowledge, if and when I find these items I will inform you.

Items 3 & 4:   9/1/69; 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
Item 6:        212-274-8408; 212-274-9960; 212-625-8628
Item 7:        I do not have a formal business address but for per diem matters and telephone answering service the address used in 30 E. Broadway, NY, NY 10002.
Item 7a:       See Item 7.
Item 7b:       As you well know: Ferro & Cuccia, 325 Broadway, NY, NY 10007.
Item 9:        Both accounts are dormant and copies of statements have yet to be found.
Item 16a:      See above.
Item 16d:      The amount of income earned/derived in the past 12 months is unknown.   No quarterly taxes have been filed.   No financial statement is currently available.   It doubtful whether one will even be made aside from taxes at the end of the year. Therefore the answer is 'currently unknown.'

Item 17:       The judgment was a confession of judgment which may or may not have been filed.   The judgment creditor is Joseph Chiaramonte.
Items 18, 20-23:   I continue my objections to these answers.

# THE UNITED STATES DISTRICT COURT
## Middle District of Pennsylvania
### Harrisburg, PA

| | |
|---|---|
| **Yan SHAO** ) | No.  1:00 CV 1901 |
| ) | (JUDGE Rambo) |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **Edward Cuccia** ) | |
| **Charles Day** ) | |
| **John / Jane Doe** ) | **CIVIL ACTION  - LAW** |
| **Law Offices of Ferro & Cuccia** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S SECOND REQUEST FOR DOCUMENTS FROM
## THE DEFENDANT AND JUDGEMENT DEBTOR CHARLES DAY

To:

CHARLES DAY
80-100 Tryon Place
Jamaica, NY 11432
212 274 8408

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the plaintiff requests
that the defendant and judgement debtor produce the following documents within 30
days of service of this pleading, by mailing a copy of the same to the undersigned at the
address indicated below.

Respectfully Submitted,

Richard B. Cook, LA #21248
PO Box 411
Hunt Valley, MD 21030-0411
410 683 9469

RE: LOANS SOUGHT AND OBTAINED BY MR. DAY

1. Please provide a copy of any loan application signed by you and submitted to any commercial lender in 2000, 2001, 2002, or 2003.

2. Please provide a copy of any paperwork whatsoever related to the obtaining of any loan extended to you in 2000, 2001, 2002, or 2003.

3. Please provide a copy of any paperwork whatsoever related to the obtaining of any loan extended to you in 2000, 2001, 2002, or 2003.

4. Please provide a copy of any mortgage loan application signed by you and submitted to the Bank of America in 2002.

5. Please provide a copy of any paperwork whatsoever related to the obtaining of any mortgage extended to you in 2000, 2001, 2002, or 2003.

6. Please provide a copy of any paperwork whatsoever related to the obtaining of any mortgage extended jointly to you and to any other party in 2000, 2001, 2002, or 2003.

CERTIFICATE OF SERVICE

   I certify that copies of the foregoing document request have been served upon counsel for the above referenced defendant and upon all other counsel of record by first class mail, properly addressed and postage prepaid, this  6th  of  January , 2003.

_____
                Signature

E

# THE UNITED STATES DISTRICT COURT
## Middle District of Pennsylvania
### Harrisburg, PA

Yan SHAO )    No.  1:00 CV 1901
 )    (JUDGE Rambo)
 )
Plaintiff, )
 )
 v. )
 )
Edward Cuccia )
Charles Day )
John / Jane Doe )    CIVIL ACTION  - LAW
Law Offices of Ferro & Cuccia )
 )
 )
**Defendants.** )

**PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS
BY THE DEFENDANT CHARLES DAY**

To:

CHARLES DAY
80-100 Tryon Place
Jamaica, NY 11432
212 274 8408

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the plaintiff herewith requests the above referenced defendant and judgement debtor respond to the appended requests for admission within the time specified in the appropriate Rule.

Respectfully Submitted

Richard B. Cook, LA #21248
PO Box 411
Hunt Valley, MD 21030
410/683-9469

RE: MR. DAY'S PREVIOUS RESPONSES TO ASSET DISCOVERY
INTERROGATORIES

1. In May 2002, the defendant and judgement debtor Charles C, Day, obtained a
   mortgage from the Bank of America.

2. The above referenced mortgage was on property in the State of Florida.

3. In obtaining the above referenced mortgage, the defendant and judgement debtor
   Charles C, Day, provided information to the Bank of America concerning his income
   for 2001.

4. Pamela Day, the wife of the defendant and judgement debtor Charles C, Day,
   participated in seeking and obtaining the above referenced mortgage.

5. In the course of seeking and obtaining the above referenced mortgage, information
   concerning the income of Pamela Day, the wife of the defendant and judgement
   debtor Charles C, Day, was provided to the Bank of America.

6. During all or a portion of 2002, the personal property of the defendant and judgement
   debtor Charles C, Day included an automobile registered in the name of the
   defendant and judgement debtor Charles C, Day.

7. The automobile referenced in Admission #6 was obtained on or after July 2000.

8. The automobile referenced in Admission #6 was obtained via a loan from a
   commercial lender.

9. In 2002, the value of the personal property of the defendant and judgement debtor
   Charles C, Day exceeded $1,000.

10. The present value of the personal property of the defendant and judgement debtor
    Charles C, Day exceeds $1,000.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing request for admissions has been
served upon Mr. Day, pro se counsel of record, by placing a copy of same in the U.S. Mail,
postage prepaid and properly addressed, this 6th day of January, 2003.

Richard B. Cook

1

F

Licensed in Maryland
And Louisiana

Licensed in Hawaii
(inactive)

## Richard B. Cook
**Attorney and Counselor at Law**
PO Box 411
Hunt Valley, MD 21030
410 683 9469

Mr. Charles Day, Esq.
80-100 Tryon PL.
Jamaica, NY 11432
718 968 4858

via fax to 212 274 9960

Mr. Charles Day, Esq.
30 E. Broadway
New York City, NY 10002
212 274-8408

January 17, 2003

Re: <u>Yan Shao v. Cuccia</u>, et al, 1:00 - CV - 1901, in the Third Circuit, 01-4327

Dear Mr. Day

I have written to you on several occasions concerning your failure to pay the assessments and judgements, which you have been ordered to pay by the United States District Court in the Middle District of Pennsylvania and also by the Third Circuit in Philadelphia. You have neither paid the judgements or responded to these communications. On January 15, 2003, I called your answering service in Manhattan (212 274 8408) and left my number with the service. I have no record that you have returned this call.

I write once again concerning the judgement issued by Judge Rambo in November 2001. The amount of the judgement is $78,015.00, excluding interest. On behalf of my client, I ask that you make full and immediate payment. On Jan 3 2003, I wrote to you asking you to pay the sanctions imposed upon you by the Third Federal Circuit. You have not responded. Please pay the assessment made against you by the Third Circuit. You may make these payments by forwarding one or more certified checks to the address above, with the check made to the order of Yan Shao and Richard B. Cook.

I have also written to you on earlier occasions asking that you forward a SIGNED AND DATED copy of your amended responses to the asset discovery interrogatories. Once again, I ask: please send me a signed and dated copy of your amended responses.

Very truly yours,

ORIGINAL SIGNED

Richard B. Cook

## DECLARATION

I submit this declaration pursuant to 28 U.S.C. 1746.

1)   My name is Richard B. Cook. I am an attorney licensed to practice law in Louisiana, Maryland and Hawaii (inactive).

2)   I certify that the appended letter was forwarded via first class mail on January 22 2003 to M. Charles Day to the addresses specified in the letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___Janurary 22_, 2003.

ORIGINAL SIGNED

_____
Signature

G

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

------------------------------------------------------------ X

Yan SHAO                                                    :

                    Plaintiff,                              :        00 CIV 1901
                                                                     (Judge Rambo)
              -against -                                    :

Edward Cuccia,
Charles Day,
John / Jane Doe,          :
Law Offices of Ferro & Cuccia

                                                            :

                    Defendants.
------------------------------------------------------------ X

## CHARLES C. DAY'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Item 6:       Plaintiff's attorney is already in possession of my phone number.    He has used it to his advantage in stating that he has notified me of various matters.    I do not have a home phone number in my name.   The phone numbers which I use in connection with my self employment have been listed in my supplemental responses.

Item 7a:      Employment was dealt with in my supplemental responses.

Item 7b:      Is not applicable.

Item 9:       A complete response to item 9 is:
              Ridgewood Savings:   Whitestone, NY; Acc't No.: 60000040505.
              Citibank Savings:    NY, NY 035-0784140-65
              HSBC:                NY, NY 717047598

Item 16d:     Income has not yet been assessed.    No quarterly earnings statements have been filed, nor has 2002 taxes been filed.

Items 18 & 20-23:   Objections still stand.

Dated:        January 27, 2003

                                              Charles C. Day

ncd
1/28/03 pc

H

### Richard B. Cook
**Attorney and Counselor at Law**
PO Box 411
Hunt Valley, MD 21030
410 683 9469

January 31, 2003

HAROLD S HERMAN
277 BROADWAY
NEW YORK NY 10007
(212) 233-6850

Re: <u>Yan Shao v. Cuccia</u>, et al, 1:00 - CV - 1901

Dear Mr. Herman,

Thanks for responding to my earlier letter.

Permit me to clarify one or two points having to do with the present posture of this case.

On Jan 28 2003, I personally served three motions on Charles Day and, separately, on Pamela Day. Responses (if any) are due 15 days from date of service. LR 7.5. I have not served any of this material on you. It is my understanding that both Charles Day and Pamela Day are appearing *pro se* in the above captioned matter. In other words, based on our earlier conversations, you do NOT represent either Charles Day or Pamela Day as to anything that involves litigation in the Middle District of the United States District Court in Pennsylvania. I ask you to confirm this understanding. If I am mistaken and you are their attorney, please let me know and accept my apologies for failing to serve these pleadings on yourself. Hearing from you, I will then of course, immediately serve a copy of these three pleadings on you and ask the court to extend additional time for you to make a response.

A second matter of concern to me is the role, which Roseanne M Chiaramonte has played in facilitating the purchase of property in Florida with Charles Day and Pamela Day. On January 28 2003, Mr. Day testified that Ms. Roseanne M Chiaramonte is his aunt and that she secured a mortgage with Charles and Pamela Day on property at 3046 Dupont Street, South, Gulfport, FL 33707-5705. Mr. Day further testified that in fact he did not borrow any money at all and that he is only listed as a borrower as a favor extended to him by Ms. Roseanne M Chiaramonte, his aunt, who wished to assist him to rehabilitate his credit. The idea apparently is (so Mr. Day testified) that the payment of the mortgage would appear to be coming from himself and so therefore his credit rating would improve. For her part, Ms. Pamela Day testified that she and her mother live in the house in question and are making the payments.

I have discussed the loan scenario (as described by Mr. Day in his testimony) with a real estate agent and others who have expertise in real estate transactions. Each of them is incredulous. Apparently, any one who desires to be listed formally as a debtor on a mortgage must

demonstrate the capacity to repay. Furthermore, if someone with bad credit presents himself as a borrower, an effort is made to advance the loan without this person even appearing on the paperwork - which is the opposite of Mr. Day's testimony.

On January 6 2003, I forwarded two discovery documents to Mr. Day, (1) a request for admissions, and (2) a request for documents. The thrust of these inquiries has to do with the Florida real estate transaction. Responses are due 30 days after the information requests were mailed to Mr. Day (adding three mail days), that is, by February 10, 2003 - at the latest. Permit me to suggest - in the event that you do represent Mr. Day if only to the extent of gathering paperwork in response to discovery - that I do not wish to extend the deadline by which these responses are due. Instead, if responses are not received by February 10, 2003, I intend promptly to seek judicial supervision in the form of a motion to compel responses.

With or without those responses, I must now consider seeking information from Ms. Chiaramonte.

I look forward to hearing from you.

Please feel free to communicate with me at any time.

Best wishes,


Richard B. Cook

**ORIGINAL** SIGNED

Cc: Charles Day, Esq

I

**Licensed in Maryland**
**And Louisiana**

**Licensed in Hawaii**
**(inactive)**

# Richard B. Cook
**Attorney and Counselor at Law**
PO Box 411
Hunt Valley, MD 21030
410 683 9469

Mr. Charles Day, Esq.
80-100 Tryon PL.
Jamaica, NY 11432
718 968 4858

January 31, 2003

Re: <u>Yan Shao v. Cuccia</u>, et al, 1:00 - CV - 1901, in the Third Circuit, 01-4327

Dear Mr. Day

On January 6 2003, I forwarded two discovery documents to you, (1) a request for admissions, (2) a request for documents. The thrust of these inquiries has to do with the Florida real estate transaction about which you testified on Jan 28 2003. Responses are due 30 days after the information requests were mailed (adding three mail days), that is, by February 10, 2003 - at the latest. Permit me to suggest that I do not wish to extend the deadline by which these responses are due. Instead, if responses are not received by February 10, 2003, I intend promptly to seek judicial supervision in the form of a motion to compel responses.

Very truly yours,

Richard B. Cook

Cc: Harold Herman, Esq.

## DECLARATION

I submit this declaration pursuant to 28 U.S.C. 1746.

1) My name is Richard B. Cook. I am an attorney licensed to practice law in Louisiana, Maryland and Hawaii (inactive).

2) I certify that the appended letter was forwarded via first class mail on February 1, 2003 to M. Charles Day to the address specified in the letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  February 1 ,  2003.

ORIGINAL SIGNED

_____
Signature