1:00-CV-1901

CERTIFIED MAIL

7001 1940 0001 2179 8842

FILED
HARRISBURG

APR 0 9 2003

MARY E. D'ANDREA
Per_____

UNCLAIMED

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

U. S. COURTHOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

OFFICIAL BUSINESS

Case No: 1:00-cv-01901-SHR-JAS    Document No: 113, User: jcosta, 1 Copy Printed: Mar, 17, 2003  02:17 PM

Pamela J. Day
80-100 Tryon Place
Jamaica, NY 11432

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**YAN SHAO ,**            :     **CIVIL NO.1:CV-00-1901**

       **Plaintiff**        :

       **v.**               :

**CHARLES DAY,**        :

       **Defendant**       :

## MEMORANDUM AND ORDER

Currently before the court are the following motions: (1) Plaintiff's motion that the court defer ruling on the contempt issue; (2) Plaintiff's motion for Rule 11 sanctions against Defendant and Pamela J. Day; (3) Plaintiff's motion that the court retain its jurisdiction over the matter; and (4) Pamela J. Day's cross-motion for sanctions.

**I.**        **Background**

On November 7, 2001, the court entered judgment in the amount of $78,015 against Defendant in the captioned matter. On December 5, 2001, Defendant filed a notice of appeal of the court's November 7, 2001 order. By an order dated October 11, 2002, the United States Court of Appeals for the Third Circuit dismissed the appeal for failure to prosecute.

On September 10, 2002, Plaintiff filed a motion to compel discovery in aid of judgment. Specifically, Plaintiff served interrogatories on Defendant's wife, Pamela J. Day, regarding her personal assets.[1] On September 25, 2002, Plaintiff filed

---

[1] Defendant and Ms. Day are both licensed attorneys.

a second motion to compel discovery in aid of judgment. That motion sought to have Defendant provide certain information regarding his personal assets.

By an order dated October 9, 2002, the court granted Plaintiff's second motion and required that Defendant submit responses to Plaintiff's judgment interrogatories. In that same order, the court, recognizing the sensitive nature of Ms. Day's personal financial information, ordered that Ms. Day submit her answers to the court for *in camera* review no later than November 1, 2002.

In response to the court's order of October 9, 2002, Defendant provided answers to Plaintiff's interrogatories which were completely bereft of any detail which might have aided execution of judgment. Additionally, Ms. Day never made any submission to chambers as required by the order.

On November 18, 2002, Plaintiff filed a motion to compel Defendant to provide further details regarding his personal assets and contact information. On November 19, 2002, Plaintiff filed a motion for release of Ms. Day's *in camera* submissions. In response to this motion, Ms. Day indicated that she did not submit her responses for *in camera* review because the court's order of October 9, 2002 was never served on her and that she objected to the court's jurisdiction over her, a non-party to the instant suit. Moreover, she contends that the extent of her assets is irrelevant because she has filed for a divorce from Defendant.

Because neither Defendant, nor Ms. Day submitted an appropriate response to Plaintiff's requests for discovery, the court issued a rule to show cause order on December 30, 2002. That rule required that both Defendant and Ms. Day show cause why they should not be held in contempt for their conduct. On January 28, 2003, the court held a show cause hearing. Both Defendant and Ms. Day were

2

present. Ms. Day, however, appeared under objection, contending that the court did not have personal jurisdiction over her.

Also on January 28, 2003, Plaintiff filed her three motions that are currently before the court. Defendant never filed a response to these motions. On February 20, 2003, Pamela Day filed an opposition to Plaintiff's motion and a cross motion for sanctions.

## II.      Discussion

### A.      Plaintiff's motions

#### 1.      Defendant has failed to file a response to Plaintiff's motions.

As previously stated, Plaintiff filed three motions on January 28, 2003. Plaintiff's counsel hand delivered those motions to Defendant on that same date. Defendant, however, has not filed a response to these motions.

Under Local Rule 7.6, "[a]ny party opposing any motion shall file a responsive brief . . . within fifteen (15) days after service of the movant's brief. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion." In this case, Defendant has not filed any response. Accordingly, the court will grant the motions, as to Defendant, as unopposed.

#### 2.      Pamela Day failed to file a timely response to Plaintiff's motions.

Although Pamela Day filed a brief in opposition, she did not serve that document until February 17, 2003.[2] Because Plaintiff filed her motions on January 28, 2003 and served them on Ms. Day by hand delivery, Ms. Day's opposition

---

[2]The responsive brief and cross motion were not filed with the court until February 20, 2003.

3

should have been *filed* with this court no later than February 12, 2003 – fifteen days after service. *See* M.D. Pa. Local Rule 7.6; *see also* Fed. R. Civ. P. 6(e) (stating that three additional days are added to time to respond to a motion *only if the motion is served by mail*). Accordingly, the court deems that Ms. Day does not oppose Plaintiff's motions.

### 3.    Merits of the motions

In accordance with Plaintiff's request, the court will defer ruling on the contempt issue. Additionally, the court will grant Plaintiff's request that the court issue an order retaining jurisdiction over the matter. As to Plaintiff's request for Rule 11 sanctions, the court will grant that motion in part, and deny it in part. As to Defendant, the court finds that Defendant has acted in bad faith. Defendant has refused to accept certified mail or to willingly communicate with opposing counsel. He has refused to give complete answers to Plaintiff's interrogatories, and he filed a frivolous appeal that he failed to prosecute. As a result, he has needlessly multiplied the proceedings before this court, and caused Plaintiff to go to great lengths to obtain even the most minuscule amount of cooperation. Accordingly, the court will grant Plaintiff's motion for Rule 11 sanctions as that motion applies to Defendant.

The court, however, will deny that motion as it pertains to Pamela Day. Unlike Defendant, Ms. Day had a meritorious justification for refusing to answer the interrogatories served upon her. No interrogatories lie against a non-party such as Ms. Day. *See* Fed. R. Civ. P. 69 (stating that "the judgment creditor . . . may obtain discovery from any person . . . in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held"); Fed. R. Civ. P. 33(a) (allowing interrogatories to be served only against parties); *see also* Pa. R.

4

Civ. P. 4005 (same). Accordingly, the interrogatories were not properly served upon Ms. Day.

The court, however, warns Ms. Day that she is subject to other forms of discovery, including a deposition. *See* Fed. R. Civ. P. 30 and 31. As previously stated, Rule 69 authorizes discovery "from any person" in aid of the judgement or its execution. Rule 69 is not limited to parties to a particular suit. Thus, discovery from third parties in aid of judgment is contemplated by Rule 69. This is what is sometimes referred to as ancillary jurisdiction. "Ancillary jurisdiction may be exercised over third parties only to the extent necessary to enforce a federal judgment." *SEC v. Antar*, 120 F. Supp. 2d 431, 439 (D.N.J. 2000) (citing *Peacock v. Thomas*, 516 U.S. 349, 357 (1996)).

In this case, Defendant's credit report and his testimony at the show cause hearing shed serious doubt on the veracity of Defendant's claims regarding the size of his income, the extent of his assets, and the extent to which his wife contributes to paying his expenses. Because there is reason to believe that Plaintiff may have fraudulently conveyed assets to his wife or other family members, the court finds that Ms. Day's information regarding her personal assets may be necessary to aid the court in execution of its judgment. Therefore, contrary to Ms. Day's contention, she is subject to appropriate discovery methods, including a subpoena for her deposition. If Ms. Day wishes to object to such a subpoena, she shall do so by filing a timely and appropriate motion to quash.

**B.**     **Pamela J. Day's Cross-Motion for Sanctions**

Along with her tardy opposition to Plaintiff's motions, Ms. Day included a cross motions for sanctions against Plaintiff. The court has reviewed Ms. Day's

contentions regarding Plaintiff's counsel's conduct and finds that those arguments are without merit.  At worst, Plaintiff has made an error of law.  Rules 11 sanctions, therefore, are inappropriate.

**III.**        **Order**

In accordance with the preceding discussion, **IT IS HEREBY ORDERED THAT**:

(1) Plaintiff's motion requesting that the court defer its ruling on the contempt issue is **GRANTED**;

(2) Plaintiff's motion for sanctions is **GRANTED, in part, AND DENIED, in part**, as follows:

(A) As to Defendant Charles Day, the motion is **GRANTED**. The court finds that Defendant Charles Day has violated the mandates of Rule 11 of the Federal Rules of Civil Procedure by submitting documents to this court over his signature, which have contributed to needless delay and increase in the cost to Plaintiff and harassment of the Plaintiff in her efforts to enforce and execute the Judgment of this court.  Therefore, the court orders Defendant Charles Day to pay Plaintiff's reasonable expenses in filing and prosecuting this motion and Plaintiff's counsel's fees in preparing for and attending the show cause hearing.  Plaintiff's counsel shall file a bill of costs within ten days of the date of this order;

(B) As to Pamela J. Day, the motion is **DENIED**;

6

(3) Plaintiff's motion requesting that the court retain jurisdiction is **GRANTED**;

(4) Pamela J. Day's cross motion for Rule 11 sanctions is **DENIED**.

By virtue of the court's inherent supervisory power, **IT IS FURTHER ORDERED THAT**,

(5) Magistrate Judge Andrew Smyser is appointed for the following purposes:

> (A) To oversee collection of information as to Defendant's assets which may be subject to levy;
>
> (B) To convene a settlement conference between the parties; and
>
> (C) To establish a deadline by which the judgment and all sanctions in this matter shall be fully satisfied;

(6) Within ninety days of the date of this order, the Magistrate Judge shall provide the court with a report and recommendation regarding whether there remain any outstanding issues in this case and the disposition of the matter.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  March 17, 2003.