# ORIGINAL

**THE UNITED STATES DISTRICT COURT**
**Middle District of Pennsylvania**
**Harrisburg, PA**

| | | |
|---|---|---|
| Yan SHAO | ) | No.  1:00 CV 1901 |
| | ) | (JUDGE Rambo) |
| plaintiff, | ) | |
| | ) | **FILED** |
| v. | ) | HARRISBURG, PA |
| | ) | APR 2 1 2003 |
| Edward Cuccia | ) | MARY E. D'ANDREA, CLERK |
| Charles Day | ) | Per _____ |
| John / Jane Doe | ) | Deputy Clerk |
| Law Offices of Ferro & Cuccia | ) | **CIVIL ACTION  - LAW** |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S RESPONSE TO MS PAMELA DAY'S APRIL 10 2003 MOTION FOR CLARIFICATION OF THE COURT'S MARCH 17 2003 ORDER CONCERNING THE UNTIMELINESS OF MS. DAY OBJECTIONS

INTRODUCTION

Applying LR 7.31 (governing certain post trial matters) Ms. Pamela Day argues the plaintiff supplemented her January 28 2003 motions on February 10, 2003, thus extending the time in which Ms Day could respond to the January 28 2003 motions of the plaintiff. This argument is not persuasive. The plaintiff filed briefs in support of her motions on Jan 28 03, the same day the motions were filed and personally served on Ms. Day. Because Ms. Day did not file any response until February 20, her present arguments are moot. Ms. Day missed the deadlines for objections under both LR 7.3 and 7.6.

PROCEDURAL HISTORY OF THE CASE

1

(SOME ITEMS HAVE BEEN OMITTED AS NOT DIRECTLY RELEVANT TO THE PRESENT MOTION)

1. On January 28, 2003, this Court conducted a hearing wherein Mr. Charles Day and Ms. Pamela Day should show cause why they should not be held in contempt. Both Mr. Charles Day and Ms. Pamela Day testified at this hearing.

2. On January 28 2003, the plaintiff personally served three motions and briefs in support upon both the defendant and Ms. Pamela Day.

3. On February 10 2003, the plaintiff submitted a Brief to the Court responding to testimony offered at the January 28 2003 hearing.

4. On February 20, 2003 Ms. Pamela Day filed with the court a cross motion and a brief objecting to the plaintiff's January 28 2003 motions. (Please see note 1 of the Court's March 17 2003 Order.)

5. On March 17 2003, this Court ruled (pages 3-4) that Ms. Day's February 20 response was untimely, as not in conformity with LR Rule 7.6

6. By way of her present motion for clarification, Ms. Day objects to the Court's March 17 2003 finding that her February 20 2003 response was not timely filed.

STATEMENT OF FACTS

1. The Plaintiff's February 10 2003 submission was not an "amended motion" as Ms. Day has mistakenly characterized it in her motion for clarification (unnumbered page 1)

2. Under either LR 7.6 or LR 7.31 Ms. Day missed the deadline(s) for

submitting a brief in opposition to the Plaintiff's January 28 2003

motions.

## STATEMENT OF QUESTION INVOLVED

Whether this Court has erred in finding untimely Ms. Day's February 20
2003 responsive pleading.

## ARGUMENT

The Plaintiff's February 10 2003 Submission is not an "amended motion;"
therefore, its filing did not extend a party's obligation to respond in a timely
manner to motions filed and served on January 28 2003.

With her three January 28 2003 motions, the plaintiff filed and served

briefs in support. By overlooking this fact, Ms. Pamela Day suggests the plaintiff's

February 10 2002 submission is an "amended motion" (Ms. Day's motion at

unnumbered page 1). She then argues she is somehow relieved of the obligation

under the local rules to file a timely objection to the Jan 28 motions. This is a

specious argument. Were the plaintiff to have filed an "amended motion" Feb 10

03, the plaintiff would have been required to submit with it a Proposed Order

permitting the amendment (LR 7.1). The Feb 10 03 filing does not in any way

extend the deadline by which any oppositions to the January 28 03 motions must

be filed. Ms. Day has offered no jurisprudence in support of her arguments.

LR 7.6 controls deadlines by which responses to motions must be filed. LR 7.31
only regulates the filing deadline of post-trial briefs.

Ms. Pamela Day has not offered any authority why LR 7.6 does not apply

to proceedings having to do with the enforcement of the judgements of this court.

LR 7.31 governs post-trial briefs; it makes no reference to the new proceeding

presently before this Court, that is, a proceeding to enforce the judgement of the

Court. Ms. Day missed the deadline to object (15 days under LR 7.6, 20 days under LR 7.31). Her response to the personally served January 28 2003 motions and briefs did not reach the court until February 20.

CONCLUSION

The Court did not err in finding Ms. Pamela Day's objections untimely. Her motion should be denied.

The present proceedings have to do with the failure of the defendant, Mr. Charles Day, to pay court-ordered assessments and judgements. Typically, Mr. Day has himself filed nothing but has facilitated the present motion of his wife, Ms. Pamela Day (appended exhibit 1). The plaintiff is required to answer her submissions and this Court is required to pay attention to the verbiage expended by counsel to prop up their syllogisms.

The plaintiff regrets the defendant and judgement debtor and his wife do not devote their energies to conforming Mr. Day's conduct to the Court's many pervious orders to him - rather than suggesting this Court's decisions are procedurally infirm.

Respectfully submitted,

Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Licensed in Maryland
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

# CERTIFICATE OF SERVICE

Undersigned counsel certifies that on April 10, 2003, a copy or the appended Motion for Clarification has been served on the plaintiff by First Class Mail, postage pre-paid, to the following addresses:

Richard B. Cook
P.O. Box 411
Hunt Valley, MD 21030

Craig T. Trebelcock
100 East Market
P.O. Box 15012
York, PA 17405-7012

Charles C. Day

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that on April 17, 2003, a copy of the appended response has been served  on the defendant by First Class Mail, postage pre-paid,  to the following address, and separately upon Pamela Day, postage pre-paid, to the following address:

Charles Day, Esq.
80-100 Tryon Place
Jamaica, NY 11432

Pamela Day, Esq
80-100 Tryon Place
Jamaica, NY 11432

_____
Richard B. Cook