IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**YAN SHAO ,**  : **CIVIL NO.1:CV-00-1901**
  **Plaintiff** :
  :
  **v.** :
  :
**CHARLES DAY,** :
  :
  **Defendant** :

### O R D E R

Currently before the court is Pamela J. Day's motion for clarification of the court's order of March 17, 2003.[1] The following background is relevant to this order. On January 28, 2003, Plaintiff filed *inter alia* a motion for the court to impose Rule 11 sanctions against Ms. Day. Plaintiff hand delivered that motion and supporting brief to Ms. Day during the court's hearing on January 28, 2003. Ms. Day filed a response to that motion on February 20, 2003 – twenty-three days after the motion was served on her by hand delivery.

On March 17, 2003, the court issued an order disposing of Plaintiff's motion for the court to impose Rule 11 sanctions on Ms. Day. In addressing that motion, the court, citing Local Rule 7.6, noted that Ms. Day had not filed a timely response to that motion. Thus, according to Local Rule 7.6, the court deemed Ms. Day not to oppose the motion. Nevertheless, in examining the motion against Ms. Day on its merits, however, the court denied that motion.

---

[1] In that order, the court referred the instant action to Magistrate Judge Smyser to oversee collection of the judgment which Plaintiff obtained against Defendant in November of 2001. Because the instant "motion for clarification" pertains to that order, Magistrate Judge Smyser has requested that the undersigned dispose of the matter.

On April 14, 2003 – twenty-five days after the court issued its order – Ms. Day filed a "motion for clarification" of the court's order of March 17, 2003. Ms. Day apparently objects to the court having deemed her not to oppose Plaintiff's motion for sanctions. The court will construe Ms. Day's motion as a motion for reconsideration, and the court will deny that motion.[2]

First, the motion is untimely. Under Local Rule 7.10, all motions for reconsideration "shall be filed within ten (10) days after the entry of the judgment, order, or decree concerned." M.D. Pa. Local Rule 7.10. Thus, Ms. Day should have filed the instant motion no later than April 3, 2003; ten days from the date of the order, not counting weekends and holidays, plus three days because the court mailed the order to Ms. Day. *See* Fed. R. Civ. P. 6(a) (regarding to computation of time) and 6(e) (allowing additional three days for response where the initial notice or paper is served by mail). However, Ms. Day did not file the instant motion until April 14, 2003. Thus, the motion is untimely and will be denied.

Second, the motion is moot. Although the court deemed Ms. Day not to have responded to Plaintiff's motion, the court denied Plaintiff's motion for sanctions. Thus, the court's error, if any, was harmless to Ms. Day. The matter was not material to the outcome. Accordingly, Ms. Day's motion for reconsideration of that holding is moot.

---

[2] A motion for clarification is proper where the court's order is vague and counsel needs a further order to understand exactly what the order would require her to do. A motion for reconsideration, on the other hand, lies where counsel seeks to have the court reverse an earlier ruling by highlighting an error of law or fact in the court's ruling. In this case, Ms. Day seeks to have the court reverse its ruling that Ms. Day did not oppose Plaintiff's motion by failing to file a timely brief in response. Thus, Ms. Day's motion is more properly characterized as a motion for reconsideration.

Third, Ms. Day's response to Plaintiff's motion was untimely. Ms. Day is correct that the court made an error of law by deeming her response to Plaintiff's untimely under Local Rule 7.6. As Ms. Day correctly pointed out, that rule only applies to pretrial motions. Local Rule 7.31 governs responses to post-trial motions. That rule allows a respondent twenty days for filing a response to a post-trial motion. M.D. Pa. Local Rule 7.31. However, that rule also states that "if a responsive brief is not filed within [twenty days], the respondent shall be deemed not to oppose such motion." *Id.*

In this case, Plaintiff filed her motion for sanctions on January 28, 2003. That same day, her counsel served the motion and supporting brief on Ms. Day by hand delivery. Thus, according to Local Rule 7.31, Ms. Day's responsive brief was due on February 17, 2003. Ms. Day's response, however, was not filed until February 20, 2003. Although Ms. Day, in the affidavit of service accompanying her memorandum in opposition to Plaintiff's motion for sanctions, indicates that she *served* that document by mailing it to opposing counsel on February 17, 2003, the Local Rule explicitly says that responses to post-trial motions must be "*filed* within twenty (20) days after service of the brief of the moving party." *Id.* (emphasis added). Contrary to Ms. Day's assertion, she was not eligible for the extra three day grace period for filing the response because she mailed the document. Federal Rule of Civil Procedure Rule 6(e) allows for an additional three days if service is accomplished in accordance with Rules 5(b)(2)(B), (C), or (D). In this case, however, Plaintiff served Ms. Day with the motion for sanctions and the brief in support of that motion in accordance with Rule 5(b)(2)(A). Thus, Ms. Day was not eligible for the extra three days.

Ms. Day apparently contends that "on February 10, 2003, Plaintiff supplemented the Motion for Sanctions she initially served on Pamela J. Day on January 28, 2003. Plaintiff's amended motion was served by mail. . . . Thus, Pamela J. Day timely opposed Plaintiff's motion for sanctions." (Pamela J. Day's Mot. for Clar. at ¶ 1.) However, this mischaracterizes Plaintiff's February *12*, 2003 filing.[3] That document was not, as Ms. Day contends, an amended motion for sanctions or a supplemental brief in support of that motion. Instead, that filing is entitled "Plaintiff's brief in response to issues raised at January 28, 2003 show cause hearing." The hearing was scheduled by the court, giving Ms. Day and Defendant an opportunity to show cause why they should not be held in contempt of court for failing to respond to the court's order of October 9, 2002. Thus, Plaintiff's filing on February 12, 2003 was neither a supplemental brief in support of her January 28, 2003 motion for sanctions, nor an amendment to that brief. Rather, the February 12, 2003 filing was a brief explaining legal issues regarding excuses proffered by Ms. Day and Defendant during the show cause hearing. If this filing could be characterized as an amendment or supplement to any of Plaintiff's previous motions, it could only be considered so as to Plaintiff's motion for the court to defer its ruling on the contempt issue until the court resolved the issue of sanctions.

Fourth, Ms. Day did not file a brief in support of the instant motion. Under Local Rule 7.30, Ms. Day was required to file a brief in support of her motion no later than May 14, 2003. Because she failed to do so, the court will deem her motion withdrawn. *See* M.D. Pa. Local Rule 7.30 (stating that "if a supporting brief

---

[3]Although Ms. Day, in her motion, states that Plaintiff filed this document on February 10, 2003, the docket entry for this document indicates it was filed on February 12, 2003.

is not filed within the time provided in this rule, such motion shall be deemed withdrawn.")

In summation, (1) the instant motion was not filed timely, (2) the issue raised by the instant motion is moot, (3) Ms. Day's response to Plaintiff's motion for sanctions was untimely, and (4) the instant motion is deemed withdrawn due to Ms. Day's failure to file a brief in support of this motion as required by the Local Rules. Accordingly, the court will deny the instant motion.

As indicated above, the instant motion is completely frivolous. It has no basis in law or fact. Given this situation, the court can only conclude that Ms. Day filed the motion with the intent to cause Plaintiff's counsel the extra harassment of having to respond to such a motion. Frivolous motion practice is prohibited under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(b)(1). Thus, the court will order Ms. Day to pay $1,000 to Plaintiff as a sanction for this prohibited motion practice.

In accordance with the preceding discussion, **IT IS HEREBY ORDERED THAT**:

(1) Pamela J. Day's motion for clarification is **DENIED**; and

(2) Pamela J. Day shall pay a sanction of $500 to Plaintiff for having filed a frivolous motion, with no basis in law or fact, in clear violation of Rule 11 of the Federal Rules of Civil Procedure. The sanction must be paid in full no later than thirty days from the date of this order.

s/Sylvia H. Rambo  
Sylvia H. Rambo  
United States District Judge

Dated: May 22, 2003.