# ORIGINA!

2 to w

## THE UNITED STATES DISTRICT COURT
## Middle District of Pennsylvania
## Harrisburg, PA

| | | |
|---|---|---|
| Yan SHAO | ) | No.  1:00 CV 1901 |
| | ) | (JUDGE Rambo) |
| | ) | mag J Smyser, |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| Edward Cuccia | ) | |
| Charles Day | ) | |
| John / Jane Doe | ) | **CIVIL ACTION  - LAW** |
| Law Offices of Ferro & Cuccia | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

FILED

JUN 0 9 2003

MARY E. D'ANDREA, CLERK
PER _____ HBG, PA DEPUTY CLERK

### PLAINTIFF'S RESPONSE TO THE MAGISTRATE JUDGE'S JUNE 3 2003 ORDER, WHEREIN SHE SHOWS THERE IS CAUSE FOR THIS MATTER NOT TO BE CLOSED

INTRODUCTION

On June 3, 2003 the Magistrate Judge to whom certain aspects of this post-trial matter have been assigned, ordered the parties to show cause by June 9, 2003 why this matter should not be closed. The plaintiff herein shows cause why this case should remain open.

ARGUMENT

This response of the plaintiff is timely.

This response is submitted before the response deadline established by the Magistrate Judge. The plaintiff has therefore complied with the June 3 2003 Order to show cause why this case should not be closed.

1

<u>The defendant has failed to obey the April 30 2003 Order of the Magistrate Judge</u>.

On April 30, 2003, the Magistrate Judge Ordered the defendant to respond by June 3 2003 to discovery served upon him. No response has been received by the undersigned counsel for the plaintiff. The undersigned, therefore, suggests this matter should not be closed while discovery is outstanding and while the defendant apparently is flouting the Orders of this Court.

The failure of the defendant to obey the April 30 2003 Order of the Magistrate Judge is the subject of a motion which shall be filed promptly with this Court.

<u>A sanction ordered paid to the plaintiff by Pamela J. Day remains unpaid.</u>

On May 22 (amended May 27) 2003, the Court ordered Pamela J. Day to pay a sanction of $500.00 to the plaintiff. The undersigned suggests this matter should not be closed while this sanction remains unsatisfied.

<u>The Court's Consideration of Contempt has been deferred by the Court's March 17, 2003 Order</u>

On March 17, 2003, the Court ruled (at page 4) that the Court would defer a decision on its earlier show cause order, concerning whether Mr. Day should be found in contempt. The March 17 2003 Order was made in response to a January 28, 2003 motion by the plaintiff. The plaintiff moved on January 28 that no contempt ruling be considered, until the plaintiff had presented her own arguments to the court as to the merits of finding the defendant in contempt of this Court. The Court agreed. The plaintiff shall promptly file a motion for

2

contempt, asking that it be considered together with the Court's own deferred contempt ruling

Therefore, the plaintiff respectfully suggest this matter should not be closed until the Court has renewed its own ruling as to the defendant's conduct, which has been deferred pursuant to the Court's March 17 2003 Order.

For all of the above reasons, the plaintiff respectfully suggests this matter not be closed.

Respectfully submitted,

_____
Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

_____
Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

3