# ORIGINAL

2 to Cl

## THE UNITED STATES DISTRICT COURT
### Middle District of Pennsylvania
### Harrisburg, PA



| | | |
|---|---|---|
| Yan SHAO | ) | No.  1:00 CV 1901 |
| | ) | (JUDGE Rambo) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Edward Cuccia | ) | |
| Charles Day | ) | |
| John / Jane Doe | ) | CIVIL ACTION  - LAW |
| Law Offices of Ferro & Cuccia | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
## THAT CHARLES DAY BE HELD IN CONTEMPT

MAY IT PLEASE THE COURT, in an appended motion, the plaintiff moves the Court to find Charles Day has acted contemptuously towards the Court and has injured the plaintiff by his misconduct. The plaintiff moves the court to impose sanctions pursuant to violations of (1) Rule 37 of the Federal Rules of Civil Procedure, (2) 28 U.S.C.A. § 1927, (3) Local Rule 83.23.1 and (4) the powers inherent in a district court to manage the court's business.

INTRODUCTION

On March 17 2003, this Court granted the plaintiff's motion asking the Court to retain jurisdiction of this matter. The Court also ruled that Charles Day had violated Rule 11 of the Federal Rules of Civil Procedure and had conducted

1

himself in bad faith. Accordingly, the Court ordered Mr. Day to pay the plaintiff's

reasonable expenses in preparing the motion for sanctions and for attending the

January 28 2003 show cause hearing. The plaintiff promptly filed a statement of

these expenses. Mr. Day has neither paid the expenses nor objected or

responded in any manner to the Court's March 17 2003 order.

On March 17, 2003, this Court appointed Magistrate Judge Andrew

Smyser "to oversee collection of information as to Defendant's assets" (page 7 of

the March 17 2003 Order). Judge Smyser, on April 30 2003 ordered Mr. Day to

respond by June 3 2003 to discovery requests forwarded to him on January 6

2003, which were the subject of an unopposed motion to compel discovery, filed

by the plaintiff on March 30 2003. Mr. Day has not provided anything.

The present motion for sanctions is prompted by Mr. Day's continuing

refusal to obey the orders of this Court.

PROCEDURAL HISTORY OF THE CASE (excluding certain matters unrelated to
the present motion)

1. On November 7, 2001, this Court found Mr. Day had committed legal

   malpractice and ordered him to pay $78,016.00 to the plaintiff.

2. On December 4, 2001, Mr. Day filed a timely notice of appeal. No other

   submissions were made to the Third Circuit in furtherance of the

   appeal.

3. On August 14, 2002, the Court of Appeals for the Third Circuit Ordered

   the appeal dismissed. The Court of Appeals sanctioned Mr. Day for

   having unreasonably multiplied the proceedings before the Third

   Circuit.

4. On March 17, 2003, this Court ruled that the Court shall retain jurisdiction of this matter in its post-trial phase and referred portions of the post-trial proceedings to Magistrate Judge Smyser. This Court also ruled that Mr. Day's conduct had breached Rule 11 of the Federal Rules of Civil Procedure and levied a sanction of certain fees and costs, which promptly were specified and filed by the plaintiff.

5. The Magistrate Judge convened an April 29 2003 conference of the parties and established a June 2 2003 deadline by which a negotiated reduced amount, if paid, would conclude this matter.

6. On April 30, 2003 the Magistrate Judge Ordered Mr. Day to respond by June 3 2003 to discovery forwarded to him on January 6 2003.

7. On June 3 2003, the Magistrate Judge ordered the parties to show cause by June 9 2003 why this matter should not be closed.

8. On June 6 2003, the plaintiff responded to the Magistrate Judge's June 3, 2003 show cause order; the plaintiff suggested this matter not be closed in light of the failure of the defendant Mr. Day either to provide information as to his assets or to respond to the Court's orders.

STATEMENT OF FACTS

1. Charles Day has not paid assessments levied against him in this Court.

2. Charles Day has not paid assessments levied against him in the Court of Appeals for the Third  Federal Circuit.

3. Charles Day has not responded to the plaintiff's motion to compel responses to discovery served upon him on January 6, 2003.

4. Charles Day has not complied with the Magistrate Judge's March 30 2003 Order that he respond to the January 6 2003 discovery requests. In fact, he has provided nothing.

STATEMENT OF QUESTIONS INVOLVED

Whether Charles Day may be sanctioned by this court for his on going failure to obey the Court's orders.

ARGUMENT

Charles day continues to ignore information requests and pleadings sent to him by the plaintiff

On January 06, 2003, counsel for the plaintiff submitted to the defendant and judgement debtor a Second Request for Documents as well as a Second Request for Admissions. Mr. Day simply ignored these requests.

On March 31, 2003, the plaintiff filed a motion to compel discovery as to the January 06 03 requests. Mr. Day did not respond or oppose this motion.

Charles Day continues to fail to obey this Court's Orders.

On April 30, 2003, the Magistrate Judge ordered Mr. Day to respond by June 3, 2003 to the plaintiff's January 6th discovery requests. Mr. Day has ignored this Order.

For purposes of regulating the conduct of parties and counsel this Court may impose discipline pursuant to the Court's inherent powers.

The Supreme Court has affirmed a district court's inherent powers to discipline attorneys appearing before it. Chambers v. NASCO, Inc., 501 U.S. 32,

4

50 (1991). Furthermore, in this Circuit, the Court has instructed, "the most prominent" of a district court's powers to adjudicate cases in an orderly and efficacious manner is the contempt power. Eash v. Riggins Trucking, Inc., 757 F.2d, 557, 562-63 (3d Cir. 1985).

Rule 37 sanctions are available when noncompliance with a court's discovery order is found; a finding of contempt authorizes a range of sanctions in addition to "reasonable expenses".

When paired with a finding of contempt, both monetary (for "reasonable expenses") and non-monetary sanctions are available pursuant to a Rule 37 failure to comply with discovery. Newton v. A.C.&S., Inc., 918 F.2d 1121, 1126 (3d Cir. 1990). Therefore, the plaintiff asks this court, if it finds Mr. Day in contempt, to impose sanctions pursuant to Rule 37, as proposed in the appended order.

Mr. Day is guilty of bad faith, and so has breached Section 1927.

Section 1927 requires the court to find bad faith prior to the imposition of sanctions under this rule. Gaiardo v. Ethyl Corp., 835 F.2d 479, 484 (3d Cir. 1987). The plaintiff respectfully suggests the refusal of Mr. Day to comply with or respond in any manner to the April 30 2003 order of Magistrate Judge Smyser to be impermissible conduct, which includes an element of bad faith.

Section 1927 authorizes the imposition of costs and expenses that result from the particular misconduct the court sanctions (Eash, *supra*, at 560) and limits these costs and expenses to those that could be taxed to a losing party under 28 U.S.C.A. § 1920 (West 1994). *Id*. Therefore, the plaintiff asks this

Court, should bad faith be imputed to the conduct of Charles Day to examine the appended statement of costs and to tax these costs to Mr. Day.

<u>Local Rule 83.23.1 and the Court's inherent powers authorize this Court to tailor sanctions, as appropriate.</u>

Local Rule 83.23.1 reads in pertinent part that this district court is empowered by its own rules to subject an offending attorney "to such other disciplinary action as the circumstances may warrant." Furthermore, District courts enjoy the authority under their inherent power to employ instruments and persons, even those unconnected with the court, to aid in their decision making and to taylor a disciplinary scheme to address the offensive conduct. See <u>Eash</u>, *supra* at 563. Therefore, the plaintiff asks this Court to instruct Mr. Day to present himself for professional counseling to an entity or expert of the Court's own selection, in the jurisdiction of this Court or in any other location which the Court' sound discretion may suggest.

Counsel for the undersigned is concerned, as certainly this Court must be, that prior sanctions, including a punishment under Rule 11, has had no discernable positive impact upon Mr. Day's conduct. That Mr. Day is representing himself in this matter is cause for concern that he is not receiving objective advice or assistance in this matter. Through her counsel, the plaintiff respectfully suggests that, quite beyond any liabilities created by Mr. Day which are due and owing to the plaintiff, a question as to Mr. Day's fitness and capacity to represent himself must be considered in tandem with any further sanctions or punishment.

<u>The Plaintiff asks the Court not to close this case until the defendant's conduct conforms to the Court's orders.</u>

6

In compliance with the guidance provided by Magistrate Judge Smyser in convening an April 29 2003 conference and in assisting the parties to agree to a June 2 2003 payment deadline, the plaintiff has refrained from seek additional information from third parties about any assets which may be levied upon. However, with the June 2 2003 settlement deadline having passed, the plaintiff will now promptly renew this inquiry. She prefers to do so under the ongoing supervision of this Court.  The plaintiff respectfully suggests that in this Court rather than in some other venue she is most likely to obtain the benefit of having prevailed in this Court in the first instance. Therefore, she asks this Court to keep this matter open and before the Court. The plaintiff, of course, has no objection whatsoever to the continuing supervision of this matter by Magistrate Judge Smyser.

CONCLUSION

The present motion specifies the conduct complained of and invokes the rules by which this conduct may be sanctioned. Furthermore, the appended Order specifies with particularity the sanction to be levied by the Court. Therefore, an opportunity to be heard is sufficient notice to Mr. Day. A hearing on this motion is not required.

Even after this Court found Mr. Day's prior conduct to be in bad faith and in violation of his Rule 11 obligations, he has not responded to reasonable discovery served upon him in the interest of enforcing this Court's judgement against him. It is apparent to the plaintiff that the ongoing refusal of Mr. Day to

obey the orders of this Court is intended by him to avoid ever making any payments to the plaintiff.

The absence of a remedy that addresses his continuing intransigence is likely to continue to frustrate the plaintiff's expectation that she should benefit from having prevailed in this Court in the first instance. Therefore, the remedy proposed by the plaintiff is predicated upon the retention by this Court of supervision of this matter. Finally, as to the desirability of some form of professional intervention, it is respectfully suggested that this young lawyer should not become or remain isolated as a tide of difficulties seems to be rising around him.

The plaintiff respectfully suggests the remedies proposed do not exceed the boundaries of an appropriate judicial response to the offensive conduct in question.

Respectfully submitted,

_____
Craig T. Trebilcock
Pa I.D. No. 48344
Associate Counsel for the Plaintiff
100 East Market
PO Box 15012
York, PA 17405-7012
717 846-8888

Richard B. Cook
Louisiana #21248
Counsel for the Plaintiff
17 Jonathan's Court
PO Box 411
Hunt Valley, MD
410 683 9469

Re <u>Shao v. Cuccia</u>, 1:00-CV-1901 - Plaintiff's Counsel's Post-Judgement Fees

| DATE | ACTIVITY | HOURS | X $150.00 / hr |
|------|----------|-------|----------------|
| Nov. 27 01 | Research, Create Certification Of Judgement | .5 hours | $75 |
| June 3 02 | Reseach collecting money Judgement in NY state | 1.5 | $225 |
| June 12 02 | Reseach collecting money Judgement in NY state | 1.0 | $150 |
| June 13 02 | Research, Abstract of Judgement, submission of J In another court | 1.2 hours | $180 |
| June 23 02 | Research USCA re Judgements | .5 hours | $75 |
| June 17 02 | Research CPLR on line | 1.6 | $240 |
| June 24, 02 | Research, prepare Praecipe Re. Abstract of Judgement | .5 hours | $75 |
| July 2 02 | Research USCA re judgements | 1.5 hours | $225 |
| July 2 02 | Draft Interrogatories to C Day | 1.5 | $225 |
| July 11 02 | Research steps to take re Judgement execution in NY state | 1.5 | $225 |
| July 16 02 | Research courts info, NY State | .5 | $75 |
| July 17 02 | Draft Interrogatories to P J Day | .5 | $75 |
| July 17 02 | Print, Review, Mail Interrogatories to P J Day, visa cert mail | .2 | $30 |
| July 23 02 | Print, Review, Mail Interrogatories to C Day, via cert mail | .2 | $30 |
| July 29 02 | Draft service papers for NY state Process server | .5 | $75 |
| Sept 4 02 | Research, draft mtn to compel Responses from PJ Day | 3.2 | $480 |

1

| | | | |
|---|---|---|---|
| Sept 12 02 | Draft, mail via sig confirm mail demand letter to C Day, w/interrogatories | .4 | $60 |
| Sept 18 02 | Calls to Jamaica NY PO re Failure to deliver Sept 12 sig Confirm letter to C Day | .5 | $75 |
| Sep 20 02 | Research, draft mtn to deem Respondents not in opposition to mtn to compel PJ Day responses | 1.2 | $180 |
| Sept 22 02 | Research, draft mtn to compel Responses from C Day | 1.2 | $180 |
| Sept 23 02 | Conclude research, revise Draft of mtn to compel Responses from C Day | 2.5 | $375 |
| Sept 25 02 | Draft, mail demand letter to C Day | .2 | $30 |
| Oct 1 02 | Request for Clarification of Sept 26 02 Order | .6 | $90 |
| Oct 7 02 | Answer clerk's questions re Oct 1 02 Request for Clarif | .1 | $15 |
| Nov. 12 02 | Pacer research re judgement Against C Day | .1 hours | $150 |
| Nov. 12 02 | anywho research re Person with $10K judgement Against C Day | .2 | $30 |
| Nov. 12 02 | research, Third Cir re compel responses to discovery in aid of enforcement of judgement | 2.0 | $300 |
| Nov. 13 02 | Draft motion to compel more complete responses | 3.3 | $495 |
| Nov. 14 02 | Motion to receive in camera filing from PJ Day | 2.1 | $315 |

2

| Date | Description | Hours | Amount |
|---|---|---|---|
| Nov. 14 02 | Letter to C Day re objections to responses | .5 | $75 |
| Nov 14 02 | Tel ph calls to C Day at residence and at office | .3 | $45 |
| Dec 2 02 | Draft Response to PJ Day Objections | 1.5 | $225 |
| Dec 3 02 | Complete Draft Response to PJ Day Objections, incl research (1.2) | 3.5 | $525 |
| Jan 3 03 | Prepare Req for Admission | .8 | $120 |
| Jan 3 03 | Prepare Req for Documents | .7 | $105 |
| Jan 3 03 | Letter to C Day re 3rd Cir Dec 12 02 Order | .2 | $30 |
| ~~Jan 9 03~~ | ~~Prepare cross-examination questions for Jan 21 03 contempt hearing; 1 set for P Day, I set for C day, 1 set re reliability of credit report~~ | ~~1.4~~ | |
| Jan 10 03 | Prepare additional materials Re receipt by C & P Day of Information inquiries and ct Order, prepare chronology, Exhibits | 2.2 | $330 |
| Jan 11 03 | Research for motions (2) to defer decision, and To retain supervision | 6.5 | $975 |
| Jan 12 03 | Prelim draft of motions | 2.0 | $300 |
| ~~Jan 03~~ | ~~Call to Herman, Esq~~ | ~~.1~~ | |
| ~~Jan 03~~ | ~~Letter to Herman, Esq~~ | ~~.2~~ | |
| Jan 13 03 | Final draft of motions | 1.5 | $225 |
| ~~Jan 23~~ | ~~Letter to C Day's lawyer~~ | | |

| | | | |
|---|---|---|---|
| ~~Harold Herman~~ | | ~~.2~~ | |
| ~~Jan 28~~ | ~~Travel to/from court in~~ ~~Harrisburg~~ | ~~3.0~~ | |
| ~~Jan 28~~ | ~~Attendance in court~~ ~~10 AM - 12:30 PM~~ | ~~2.5~~ | |
| Jan 28 03 | Draft Motion re Written Deposition of P Day | .7 | $105 |
| Jan 31 03 | Begin Draft response Brief (response to Jan 28 testimony) | .5 | $75 |
| Jan 31 03 | Letter to H Herman, C Day's Lawyer | .4 | $60 |
| Jan 31 03 | Letter to C Day re Discovery due Feb 10 | .2 | $30 |
| Feb 4 03 | Draft response Brief Research cases re Court powers re lawyers | 3.5 | $525 |
| Feb 5 03 | Draft response Brief Research cases re Court orders obeyed until vacated | 3.5 | $525 |
| Feb 6 03 | Rewrite response Brief Collate exhibits | 5.5 | $825 |
| Feb 10 03 | Final Draft response Brief | 2.3 | $345 |
| Feb 10 03 | Discuss BOA mortgage Filing procedures w/BOA Banker Joe Regan | .4 | $60 |
| Feb 11 03 | Draft motion to compel Discovery from C Day Research 3rd Cir case law | 2.3 | $345 |
| Feb 11 03 | two calls to C Day, one to P Day - left messages | .1 | $15 |
| Feb 12 03 | Draft motion to deem no | | |

4

| Date | Description | Hours | Amount |
|---|---|---|---|
| | Response to Jan 28 03 Motions as no objection | .6 | $90 |
| Feb 12 03 | call to Pinellas Co clerk. Appraisal office re prpty Owership, method of filing Judgement | .5 | $75 |
| Feb 12 03 | e-Research  filing foreign judgement in FL | 1.3 | $195 |
| Feb 13 03 | Call to Pinellas Co clerk  (.4) & to County Appraiser(.1), & to FL Real estate attorney (.3) re Recording judgement in FL when J C is not listed As property owner | .8 | $120 |
| Feb 13 03 | Call BOA (two calls), inquire Re filing in Pinellas Co of all Borrowers or just primary | .5 | $75 |
| Feb 22 03 | Research Pa, fed law & cases Re P J Day's motion, objection | 2.5 | $375 |
| Feb 22 03 | Write draft response to P J Day's Feb 18 Motion, objection | 4.5 | $675 |
| Feb 23 03 | Continue research re P J Day's Motion, objection | 2.0 | $300 |
| Feb 23 03 | Final Draft of response to P J Day's Motion, objection | 3.2 | $480 |
| Mar 28 03 | Motion to compel, Brief in Support, cert of non concurrence | 1.1 | $165 |
| Mar 28 03 | Report to Magistrate Judge re Status of asset collection, review File, collect exhibits | 3.4 | $510 |
| Mar 28 03 | Call to Magistrate Judge | .1 | $15 |
| ~~April 16 03~~ | ~~Draft Resp to P J Day's Mtn for Clarification~~ | ~~3.6~~ | ~~$540~~ |

| Date | Description | Hours | Amount |
|---|---|---|---|
| ~~April 17 03~~ | ~~Final Draft, Response to P J Motion for Clarification~~ | ~~2.2~~ | ~~$330~~ |
| April 17 03 | Letter to Charles Day re Deposition April 29 03 | .2 | $30 |
| April 22 03 | Call to Chas Day | 1 | $15 |
| April 24 03 | Report #2 to Magis Judge | .4 | $60 |
| June 6 03 | Response to Magistrate Judge Show cause order | .5 | $75 |
| June 7 03 | Draft of sanctions motion, brief | 1.5 | $225 |
| June 8 03 | Final draft, snctns mtn, brief | 2.5 | $375 |
| June 8 03 | Final daft of statement of fees | 1.0 | $150 |
| TOTAL | | 96.5 | $14,475 |

I declare under penalty of perjury that the hourly rate is that accepted by the District Court. I further declare that the items struck through have been submitted in previous statements and are not included herein. I further declare that all of the foregoing is true and correct.

Executed on June 8 '03

Richard B. Cook